UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60984-Rosenberg/Augustin-Birch

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC and MICHAEL
SPANOS a/k/a MIKE SPANOS,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO THE FIRST AMENDED COMPLAINT**

Defendants, SEAWATER PRO LLC and MICHAEL SPANOS a/k/a MIKE SPANOS, through counsel, file their Answer and Affirmative Defenses to the First Amended Complaint [D.E. 28], and state:

1. Defendants aver that Plaintiff brings this claim under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA") and the Florida Minimum Wage Act ("the Act"), but deny that they violated any pertinent laws or that Plaintiff is entitled to any relief as requested in the First Amended Complaint. Plaintiff's allegation that this Court has jurisdiction over this claim is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation.

2. Denied and Defendants demand strict proof thereof.

3. Admitted.

4. Admitted for purposes of this lawsuit only.

5. Denied and Defendants demand strict proof thereof.

6. Admitted for purposes of this lawsuit only.

7. Denied and Defendants demand strict proof thereof.

8. Denied and Defendants demand strict proof thereof.

9. Defendants admit that Defendant Michael Spanos ("Spanos") is a managerial employee and has an ownership interest in Defendant Seawater Pro LLC ("Seawater Pro"). All other allegations are denied and Defendants demand strict proof thereof.

10. Admitted.

11. Denied and Defendants demand strict proof thereof.

12. Denied and Defendants demand strict proof thereof.

13. Denied and Defendants demand strict proof thereof.

14. Defendants deny that Plaintiff is entitled to any pay, including but not limited to that alleged in Exhibit A attached to the First Amended Complaint.

15. Defendants are without knowledge as to the allegations of ¶15 and therefore deny same and demand strict proof thereof.

## RESPONSE TO COUNT I
## ALLEGED VIOLATION OF THE FLSA

16. Defendants reallege and incorporate by reference the allegations contained in ¶¶ 1-15 above.

17. Denied and Defendants demand strict proof thereof.

18. Denied and Defendants demand strict proof thereof.

In response to the "Wherefore" clause after ¶18, Defendants deny that they violated the FLSA and that Plaintiff is entitled to any of the relief sought.

## RESPONSE TO COUNT II
## ALLEGED VIOLATION OF THE MINIMUM WAGE ACT

19. Defendants reallege and incorporate by reference the allegations contained in ¶¶ 1-15 above.

20. Defendants admit that the Court has supplemental jurisdiction over Count II of the First Amended Complaint but deny any liability or that Plaintiff is entitled to any damages.

21. Denied and Defendants demand strict proof thereof.

In response to the "Wherefore" clause after ¶21, Defendants deny that they violated the Act and that Plaintiff is entitled to any of the relief sought.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury. However, Defendants deny the existence of any triable issues in this matter. To the extend that there are any triable issues, Defendants demand a jury trial.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate and distinct defenses to the First Amended Complaint, Defendants assert the following:

**First Affirmative Defense**: Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

**Second Affirmative Defense**:  Plaintiff is barred from recovery in this action because she was paid and/or received what she was owed under the FLSA, the Act and/or any applicable laws or agreements.

**Third Affirmative Defense**:  The alleged violations of the FLSA, if they did occur, which Defendants deny, were not willful, and therefore the two-year statute of limitations in 29 U.S.C. §255(a) applies to bar this action, either in whole or in part.

**Fourth Affirmative Defense**:  The alleged violations of the Act, if they did occur, which Defendants deny, were not willful, and therefore the four-year statute of limitations in the Act applies to bar this action, either in whole or in part.

**Fifth Affirmative Defense**:  Even if Plaintiff can prove that she was Defendants' employee, which Defendants deny, by her own admission she was a manager and therefore exempt from overtime under the FLSA and/or the Act.

**Sixth Affirmative Defense**:  Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimus non curat lex.

**Seventh Affirmative Defense**:  Plaintiff is barred from obtaining any relief because she cannot substantiate or document her alleged damages.

**Eighth Affirmative Defense**: Plaintiff, by her conduct or admissions, is estopped from asserting any cause of action against Defendants.

**Ninth Affirmative Defense**:  Plaintiff has received and accepted any and all compensation due from Defendants and Defendants are owed a set-off for all amounts of overpayment to Plaintiff.

**Tenth Affirmative Defense**: Defendants at all times acted in good faith to comply with the FLSA and/or the Act and with reasonable grounds to believe that their actions did not violate the FLSA and/or the Act, and Defendants lack the willfulness or intent to violate the FLSA and/or the Act as a defense to any claim by Plaintiff for liquidated damages.

**Eleventh Affirmative Defense**: Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages.

**Twelfth Affirmative Defense**: To the extent that Plaintiff is entitled to damages or penalties, which Defendants deny, Defendants are entitled to offset those amounts by 1) any payments and/or benefits provided to Plaintiff beyond which she was entitled; 2) any amounts Defendants paid Plaintiff and/or benefits provided to Plaintiff; 3) any overpayments made to Plaintiff; and 4) any amounts or benefits paid/provided to Plaintiff.

**Thirteenth Affirmative Defense**: Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, consent, and/or mistake.

**Fourteenth Affirmative Defense**: Plaintiff is barred, in whole or in part, from the relief Plaintiff seeks by virtue of the following:

a. the doctrine of estoppel, or

b. the improper actions of Plaintiff in failing to comply with Defendants' policies and directives.

WHEREFORE, having fully answered the First Amended Complaint and having raised defenses thereto, Defendants respectfully request that this Court: (i)

enter judgment in their favor and against Plaintiff; (ii) award Defendants the costs of suit including attorneys' fees; (iii) grant such further relief as the Court deems just and proper.

  Respectfully Submitted,

    /s/ Juliana Gonzalez
    Fla. Bar No. 54660
    MG Legal Group, P.A.
    3126 Center Street
    Coconut Grove, FL 33133
    Tel. (305) 448-9557
    Fax. (305) 448-9559
    *juliana@ljmpalaw.com*
    *office@mglegalgroup.com*

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this 10th day of December 2024, to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*juliana@ljmpalaw.com*
*office@mglegalgroup.com*

*Counsel for Defendants*

## SERVICE LIST

Elliot Kozolchyk, Esq.
Koz Law, P.A.
800 E. Cypress Creek Rd., Ste. 421,
Fort Lauderdale, FL 33334
Tel. (786) 924-9929
Fax. (786) 358-6071
ekoz@kozlawfirm.com
pk@kozlawfirm.com

*Counsel for Plaintiff*
*Service via CM/ECF*