UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH [*CONSENT CASE*]

MELINDA MICHAELS,

    Plaintiff,
v.

SEAWATER PRO LLC AND
MICHAEL SPANOS,

    Defendants.
_____/

## DEFENDANTS' AGREED MOTION FOR EXTENSION OF TIME OF JUNE 6, 2025, DEADLINE

Defendants, Seawater Pro LLC and Michael Spanos, through their undersigned counsel and pursuant to Fed. R. Civ. P. 12, Local Rule 7.1, and other applicable Rules and laws, request the Court to extend the dispositive motion deadline based upon the agreement of the parties and the following good cause:

1.    The Plaintiff in this case alleges that she was an employee of the Defendants who is owed minimum wages under the FLSA and the Florida Minimum Wage Act. [ECF No. 28.]

2.    The Defendants have denied her claims and asserted defenses. [ECF No. 29.]

3.    Following the referral of this case [ECF Nos. 41, 42], the Court entered an Order Amending Trial and Pretrial Schedule [ECF No. 47].

4.    Therein, the Court established a deadline to file motions for summary judgment and motions *in limine* of June 6, 2025. *Id.*, at 2.

5.    Due to the press of business, commitments in other matters, a pre-planned vacation (where the undersigned will be out of the jurisdiction from June 4-19, 2025), and a recent but

unexpected change in personnel at the undersigned's law firm, the Defendants conferred with the Plaintiff about extending this deadline by two weeks.

6. In response, Plaintiff's counsel proposed extending this deadline by three weeks, instead of two, due to an upcoming trial and other matters, to which Defendants agreed.

7. Defendants thus request that the Court enter an Order extending the deadline to file motions for summary judgment and motions *in limine* by three weeks, so <u>the new deadline will be June 27, 2025</u>, based on the parties' agreement.

8. The three-week extension should not impact the trial of this case, which is scheduled to commence on October 28, 2025.

9. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

10. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

11. Accordingly, Defendants respectfully request the Court grant the extension requested above.

WHEREFORE Defendants, Seawater Pro LLC and Michael Spanos, respectfully request the Court to grant the relief requested herein by extending the deadline to file motions for summary judgment and motions *in limine* from June 6, 2025, by three weeks, so the new deadline will be June 27, 2025, based on the good cause shown and the agreement of the parties.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Plaintiff agreed to the relief requested above.

> FAIRLAW FIRM
> *Defense Counsel*
>
> *s/*Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.

Respectfully submitted this 3rd day of June 2025,

> Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Defense Counsel*