UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

     Plaintiff,

v.

SEAWATER PRO LLC, AND
MICHAEL SPANOS,

     Defendants.

_____/

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCOPORATED MEMORANDUM OF LAW

Defendants, SeaWater Pro LLC ("SeaWater Pro") and Michael Spanos ("Mr. Spanos"), move for partial summary judgement against the Plaintiff, Melinda Michaels, pursuant to Fed. R. Civ. P. 56, and Local Rules 7.1 and 56.1, and as grounds state as follows:

## I.  INTRODUCTION

The Plaintiff initiated the lawsuit as a vindictive measure against Mr. Spanos after he obtained a stalking injunction against the Plaintiff on April 14, 2023, and pursued contempt proceedings against her for her nefarious online campaign to harm Mr. Spanos and his business, SeaWater Pro. The parties were in a romantic relationship with started in 2014 and ended in 2022. During this time, the Plaintiff lived with Mr. Spanos, accompanied him to and from work, doctor's appointments, meals at restaurants, personal errands, and vacations, all while Mr. Spanos paid for everything. This is not a case brought by an employee who worked 91 and then 37 hours a week without receiving at least the minimum wage required by the law, as the Plaintiff alleges. It is a campaign by a distraught ex-girlfriend to recover what she believes she is entitled to receive as a break-up payment two which she is not entitled.

1

Plaintiff, Melinda "Mindy" Michaels, maintained a romantic relationship with Mr. Spanos from 2014-2022. During this time, Mr. Spanos paid for everything for the Plaintiff, from bills and expenses she previously incurred to all living and other expenses during their relationship. He even paid her additional money after their relationship ended. Mr. Spanos began to request that the Circuit Court for Broward County protect him from domestic violence and, later, stalking by the Plaintiff. That court entered an. Based on the ongoing domestic litigation initiated by Mr. Spanos, the Plaintiff initiated this lawsuit as a vindictive measure against Mr. Spanos and his company to seek recovery of minimum wages, claiming that the time she spent with Mr. Spanos was not as his romantic partner, but as an employee.

By both the accounts of the Plaintiff and Mr. Spanos, Michaels would often accompany Spanos to the business warehouse. Around March of 2022, Michaels ceased accompanying Mr. Spanos to the warehouse. After the end of their relationship and after Mr. Spanos was granted a restraining order against Ms. Michaels for cyberstalking, Ms. Michaels filed this lawsuit under the Fair Labor Standards Act and the Florida Minimum Wage Act claiming she was not paid for work performed for Seawater Pro for the period of September 27, 2019, to June 28, 2022. Plaintiff alleges she worked as a manager for Seawater Pro, LLC. Plaintiff alleges Plaintiff alleges Plaintiff performed work on the work site, performed work on social media interacting with customers and advertisements, and performed "work" refilling Mr. Spanos' medication and accompanying him vacations to Lake Okeechobee and Kansas.

In their Answer, Defendants denied Plaintiff ever worked for the company or was ever an employee to its knowledge. Defendant maintained that Plaintiff's role was a personal role as his girlfriend and her presence at the company site was to accompany him as his girlfriend rather than the formation of an employee-employer relationship.

Nevertheless, the Defendants maintain that should Plaintiff legally have been deemed an "employee" for purposes of the FLSA, Plaintiff is barred from recovery in this action for the following reasons.

Plaintiff demands compensation for 91 hours of work weekly from September 27, 2019 to February 26, 2021 (ECF No. 18). During this time period, Plaintiff claims she worked at the company warehouse and running errands for her boyfriend/owner, Michael Spanos, including refilling Mr. Spanos' prescription and accompanying him to doctor's appointments. While

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Plaintiff may be legally entitled to compensation for some of the activities she claims she procured for the company, Plaintiff is not entitled to compensation for personal activities conducted in her personal capacity as the girlfriend of the owner such as refilling Mr. Spanos' prescription and accompanying him to doctor's appointments. Plaintiff is not entitled to the compensation for the portion of the 91 hours per week she alleges to have been working, but was in fact engaging in personal activities in her capacity as the girlfriend of the owner, rather than activities conducted in the scope of employment and compensable.   Defendants demand partial summary judgment as to the issue of whether Plaintiff is entitled to compensation the time spent refilling Mr. Spanos' prescription and accompanying him to doctor's appointments.

Defendants additionally demand summary judgment for liability the following time periods: September 27, 2019 to  March 14, 2019; January 1, 2021 to February 26, 2021, and the week spent 3 days in the hospital.  Plaintiff claims she worked 91 hours per week during these time periods. Plaintiff is unable to meet her burden of proof to establish she worked 91 hours per week during this time period.  The record will show that Plaintiff pled 91 hours of week her Statement of Claim, but at deposition Plaintiff claims she worked a schedule that at maximum would only account for 53-59 hours per week.

Third, Defendants demand summary judgment for the time period March 1, 2021 to June 2022. Plaintiff alleges during this time period she worked on social media for the company in the evenings from 8:00 p.m. to 2:00 a.m. Plaintiff also admits this activity was conducted on her personal cell phone and that she did not distinguish time spent socializing on Facebook versus time spent conducting work activity.  She also admits that there were periods in which Defendant Spanos may not have even known she was working on social media for the company. She is not entitled to compensation for personal hobbies such as socializing on social media and time Defendants had no knowledge she was performing work for the company.

Lastly, even when hours and time periods of Plaintiffs claims that remain are accounted for, Plaintiff was fully compensated via bank payments as well as food and lodging credits paid for directly by Seawater Pro, LLC.

The Court should properly grant summary judgment for the Defendants on the Plaintiff's claims for unpaid minimum wages as more fully explained below.

## II. PROCEDURAL HISTORY

3

1.      Plaintiff initiated this lawsuit by filing a one-count Complaint under the Fair Labor Standards Act ("FLSA"), seeking minimum wages from the Defendants, on June 7, 2024. [ECF No. 1.]

2.      She then sent a letter to the Defendants by FedEx on June 14, 2024, claiming she is owed $92,911.35 in minimum wages under the Florida Minimum Wage Act ("FMWA").

3.      Plaintiff filed her Statement of Claim, claiming $38,538.67 in minimum wages based on the minimum wage rates applicable to claims under the FMWA and not the FLSA. [*See* ECF No. 9.]

4.      Plaintiff then filed the operative Amended Complaint on October 2, 2024, adding a claim against the Defendants for violating the FMWA at Count II. [*See* ECF No. 28.]

5.      Therein, Plaintiff claimed $81,583.41 in minimum wages under the FMWA, allegedly working 91 hours every week from September 27, 2019, through June 26, 201, and then 37 hours a week until June 28, 2022. [See ECF No. 28-1.]

6.      Defendants responded with their Answer and Affirmative Defenses to the First Amended Complaint [ECF No. 29].

7.      This case is currently set for a jury trial commencing October 28, 2025, with a calendar call scheduled for October 14, 2025. [*See* ECF No. 47.]

## II.  THE LAW

### A.    <u>The Standards And Burdens At Summary Judgment</u>

Summary judgment is appropriate under Rule 56(c) if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law that might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646.

The Court must view all evidence and all reasonable factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646. The inferences to be drawn at summary judgment must be "reasonable" and not speculation or pure conjecture:

4

> While we draw "all reasonable inferences" in the light most favorable to Vera, as the nonmoving party, we will not "draw *unreasonable* inferences or credit bald assertions, empty conclusions, [or] rank conjecture." *Cabán Hernández v. Philip Morris USA, Inc.,* 486 F.3d 1, 8 (1st Cir.2007) (emphasis in original).

*Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment once that burden is met. *Anderson*, 477 U.S. at 252.

The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough either. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot form basis for denying summary judgment); and *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). A party cannot "create" issues of fact by attempting to contradict clear deposition testimony with a conflicting affidavit. *Van T. Junkins & Associates, Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

"The Court is not permitted to deny a summary judgment motion based on unreasonable inferences that amount to nothing but speculation or conjecture." *Concepcion v. Dowd*, 2011 WL 2560451, at *9 (M.D. Fla. June 28, 2011) (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). As Magistrate Judge Goodman recognized, again citing to *Cordoba*:

> Although the Court is required to draw all reasonable inferences in favor of the party opposing summary judgment, those inferences must be based on facts in the record. *E.g.*, *Via v. Richmond*, 543 F.Supp. 382, 385 (E.D.Va. 1982). The Court is not required, or even permitted, to deny a summary judgment motion based on unreasonable inferences that amount to nothing more than speculation or conjecture. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). Nor may the Court draw "inference upon inference" to create a jury issue for the plaintiff. *Gregg v. Ohio Dep't of Youth Servs.*, 661 F.Supp.2d 842, 859 (S.D. Ohio 2009); *Otero v. Wood*, 316 F.Supp.2d 612, 619 (S.D. Ohio 2004).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

When the entire record could not lead a rational trier of fact to find in the non-movant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B.      The Interplay Between the FLSA and the FMWA.**

The FLSA requires an employer to pay non-exempt employees at least the minimum wage required by law. 29 U.S.C. §206. The FMWA does as well. Fla. Stat. §448.110. An "employee" is an individual employed by an employer." 29 U.S.C. §201(3)(1). The FLSA provides that "'Employ' includes suffer or permit to work." *Id..*, at §201(3)(f). Although the FLSA does not define "work,"

> The Supreme Court has interpreted "work" or "employment" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005). Whether time is spent predominantly for the employer's benefit or for the employees' depends on the circumstances of the case. *See Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165, 89 L. Ed. 118 (1944).

*Edmund v. City of Ft. Myers*, 2012 U.S. Dist. LEXIS 1424, at *11 (M.D. Fla. Jan. 5, 2012).

The FMWA is interpreted consistently with and based on the FLSA. The FMWA should be interpreted in a manner consistent with the FLSA. *Llorca v. Sheriff, Collier Cty.*, 893 F.3d 1319, 1328 (11th Cir. 2018); and Fla. Stat. §448.110(3). Those who are not entitled to receive the federal minimum wage under the FLSA are not entitled to the wage required by the FMWA. *Id.* The only material differences between the FMWA and FLSA involve the pre-suit notice requirement imposed by the FMWA, the applicable minimum wage, and the limitations periods for violations and willful violations. *See* Fla. Stat. §448.110. Accordingly, the references to liability under the FLSA (or lack thereof) apply equally to the FMWA unless noted otherwise.

## IV. ARGUMENT

The Plaintiff is not entitled to recover minimum wages from the Defendants for various reasons, most of which stem from her misguided beliefs and inability to distinguish between the uncompensable she time spent with Mr. Spanos as part of their (failed) romantic relationship and her personal hobbies, and the time that FLSA and/or FMWA require be paid as time spent engaged in actual "work". The Plaintiff is not entitled to receive minimum wage for voluntarily spending time with her boyfriend dining at restaurants, accompanying him at work, on vacations,

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

as a passenger in his car, or while engaging in personal hobbies unrelated to SeaWater Pro's business. Simply put, the time the Plaintiff spent with Mr. Spanos was not "work" under the FLSA or FMWA. The Plaintiff's claim of working 91 hours and then 37 hours each week [ECF No. 28-1] is not only absurd, but also undermined by her own admissions about the clandestine nature of her work, her inability to determine what was work and what was not, and the de minimis nature of the work she claims to have performed, and the lack of any relation to the Defendants' business, making it uncompensable under the FLSA and FMWA. Even if the Court were to find that the Plaintiff was an "employee" who performed compensable work for the Defendants, it would still be required to enter summary judgment for the Defendants based on the parties' arrangement and the credits to which the Defendants would be entitled to receive for their payments to and on behalf of the Plaintiff.

A.   **The Parties' Reasonable Agreement For Defendants To Pay The Plaintiff's Living And Other Expenses Requires The Entry Of Summary Judgment For The Defendants Based On 29 C.F.R. §785.23.**

The FLSA contemplates various scenarios, one of which applies to an employee who resides on the employer's premises or while working at home. 29 C.F.R. §785.23. Section 785.23 applies to situations like those *sub judice*, where an employee claims to perform work while residing with their employer but cannot distinguish between work and leisure time. The applicable regulations, 29 C.F.R. §§785.14-23, "create a presumption that 'an employee who resides on his employer's premises on a permanent basis . . . is not considered as working all the time he is on the premises.'" *Jarrett v. ERC Props.*, 211 F.3d 1078, 1082 (8th Cir. 2000).

As long as the parties have entered into a "reasonable agreement" for compensating an employee who resides with their employer, there is no liability under the FLSA. *Barraza v. Pardo*, 2016 U.S. App. LEXIS 16232, at *5-6 (11th Cir. Mar. 10, 2016). The parties' "reasonable agreement" absolves an employer from any liability under the FLSA's minimum wage provision for work allegedly performed due to the difficulty in distinguishing between work and non-work time. *Id.*

The undisputed material facts establish that the parties had an agreement that contemplated the Plaintiff living with Mr. Spanos, and the Defendants paying for her living and other expenses, including meals, lodging, travel, Amazon purchases, car insurance, car payments, and other

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

expenses. [SMF ¶14-15]. In addition, the Plaintiff had the ability to purchase whatever she wanted to with the Defendants' money with the access she had to their bank account. [ SMF ¶ 19]. The "work" the Plaintiff claims she either performed or was asked to perform was both sporadic and difficult to distinguish as "work time," requiring the finding that the Defendants paid the Plaintiff in compliance with the parties agreement and 29 C.F.R. § 785.23. And the Plaintiff accepted the parties' agreement that Mr. Spanos would pay all living and other expenses based on their agreement because "that was a relationship." [SMF ¶ 16].

Courts routinely determine that any "reasonable agreement" between parties to address the difficulties in determining between work and personal pursuits to satisfy the requirements of the FLSA and preclude liability thereunder. *See, e.g.*, *Garofolo v. Donald B. Heslep Assocs.*, 405 F.3d 194, 201 (4th Cir. 2005) (affirming entry of summary judgment for employer under 29 C.F.R. §785.23 despite employees' claims of working more than 40 hours per week); *Brock v. City of Cincinnati*, 236 F.3d 793, 795 (6th Cir. 2001) (reversing judgment for plaintiffs due to the erroneous failure to accept the parties' agreement as reasonable). The current case fits squarely within the types of scenarios Circuit Courts have found to be "reasonable" without requiring additional wage payments under the FLSA.

All the work the Plaintiff claims to have performed while living, driving, accompanying, and traveling with Mr. Spanos was contemplated by the parties' "reasonable agreement" to have the Defendants pay all her living and other expenses. [SMF ¶ 15] Since the Plaintiff acknowledges the agreement for the Defendants to pay all of her expenses, and considering he practical difficulties of determining when she did and did not work, the Court must determine that the Plaintiff was paid in compliance with the FLSA (and the FMWA), as permitted by 29 C.F.R. §785.23, and that the Defendants are not liable to her any minimum wages owed.

**B.** **<u>The Plaintiff Agreed To Limit Her Minimum Wage Claim(s) To Not Exceed Three Years Before She Filed The Lawsuit.</u>**

The FLSA precludes employees from compromising the rights afforded by the FLSA unless approved by a Court or supervised by the Secretary of the Department of Labor. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1351 (11th Cir. 1982). The FMWA, on the other hand, does not contain any similar restriction or limitation(s) precluding an employee from waiving, compromising, or limiting any right afforded thereunder. In this regard, Florida law permits litigants to waive or limit

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

their claims, whether founded on statute, common law, or the Florida Constitution. *See, e.g.*, *Ruggio v. Vining*, 755 So. 2d 792, 795 (Fla. 2d DCA 2000) ("Parties, by their own knowledge and conduct, can waive or be estopped to raise a wide array of constitutional, statutory, and common law rights that do not contain [**9] any express waiver or estoppel clause."); and *Torres v. K-Site 500 Assocs.*, 632 So. 2d 110, 112 (Fla. 3d DCA 1994) ("A party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished.")(internal citations omitted).

During her deposition, Plaintiff that her claim should be limited to no more than three years before her lawsuit was filed. [SMF ¶ 65]. Based on her testimony, in which she agreed to limit her claims to seeking minimum wages for no more than three years before filing her lawsuit, the Court must determine that the Plaintiff cannot recover minimum wages under the FMWA for more than three years prior to filing this lawsuit.

**C.    The Plaintiff Is Not Entitled to Recover Minimum Wages Based on Rank Speculation And Her Professed Inability To Distinguish Between Work And Non-Work Personal Activities.**

Summary judgment is appropriately entered for Defendants, considering that one of the purposes of summary judgment is to pretermit claims that are too speculative to support relief:

> As the Seventh Circuit explained in this context, "unsupported speculation ... does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir.1995).

*Cordoba*, 419 F.3d at 1181. The Plaintiff cannot meet her burden to establish that she performed work and the amount and extent of the work performed as a matter of "just and reasonable inference," precluding her from recovery. The FLSA does not require employees to provide exacting details regarding the work performed or wages owed:

> [An]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946). While *Anderson* relaxed Plaintiffs' burden of proof in FLSA cases where records do not exist, Plaintiffs' burden is

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

not eliminated entirely as a result. Plaintiffs must still be able to set forth sufficient evidence supporting a just and reasonable inference, which she has not done.

The Plaintiff lack any evidence about supporting the hours she claims to have worked in any particular week, precluding the Court from allowing speculation or conjecture to establish these necessary facts:

> Even assuming Appellants triggered the FLSA's burden-shifting analysis, Appellants failed to introduce sufficient evidence supporting a "just and reasonable inference," *Allen,* 495 F.3d at 1316, that they were compensated below the minimum wage. For instance, though Appellants testified they sometimes worked through automatically deducted lunch breaks, Appellants did not estimate the number of days on which they did not take a lunch. Similarly, Hinz testified he worked 52–54 hours per week and Gilson testified he worked 50–60 hours per week, but neither could recall the hours worked in any particular week. On this record, no reasonable juror could make a just and reasonable approximation of Appellants' undercompensated work hours.

*Gilson v. Indaglo, Inc.*, 581 Fed. Appx. 832, 833–34 (11th Cir. 2014). Other courts have followed the same logic in requiring FLSA plaintiffs to proceed with more than speculation or conjecture:

> Plaintiff provided no documentation detailing her days or hours worked off-the-clock or any explanation as to how the jury should calculate this aspect of damages. As one court put it: "Throwing darts at a calendar would seemingly provide as reliable a time period for this work as would discerning these dates from Plaintiff's evidence." *Vince v. Illinois Cent. Sch. Bus, LLC,* 09 C 5360, 2011 WL 578832, *13 (N.D.Ill. Feb.9, 2011).

*Jones v. Z.O.E. Enterprises of Jax, Inc.*, 2013 WL 4080328, at *1 (M.D. Fla. Aug. 13, 2013). This Court agreed that an FLSA plaintiff could not recover alleged unpaid wages under the FLSA with the type of speculative, conclusory testimony offered by this Plaintiff:

> The Court has considered the adequacy of Mr. Santiago's uncorroborated testimony, and joins many others in holding that the plaintiff cannot create *Anderson's* reasonable inference of underpayment if he cannot recall the vaguest details of the time he worked and the hours for which he was underpaid. *See Ihegword v. Harris County Hospital District,* 555 Fed. Appx. 372, 375 (5th Cir. 2014) ("As noted by the district judge, 'an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference.' ").

*Santiago v. Saunders*, 2015 WL 4454782, at *2 (S.D. Fla. July 20, 2015).

With similar types of speculative, conclusory testimony that is neither just nor reasonable, Courts routinely determine that plaintiffs failed in their burden and enter judgment for the defendant(s) when employees cannot offer any reasonable evidence to support their claims or the

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

method of calculation of their claims. *See e.g.*, *Whittaker v. David's Beautiful People, Inc.*, 2016 WL 429963, at *11 (D. Md. Feb. 4, 2016) ("Rough estimates of hours worked in a week are not sufficient."); *Sizemore v. Affordable Battery, Inc.*, 49 F. Supp. 3d 1138, 1143 (S.D. Fla. 2014) ("Because Plaintiffs offer mere bare statements of the most general nature and no evidence of Defendants' failure to pay minimum wages and overtime compensation as required by the FLSA to either Plaintiff, the Court finds that no genuine issue of material fact remains, and Defendants are entitled to judgment as a matter of law."); *Lee v. Vance Executive Prot., Inc.*, 7 Fed. Appx. 160, 166 (4th Cir. 2001) ("Because there is insufficient evidence to estimate the amount and extent of hours worked in excess of forty per week, we affirm the grant of summary judgment as to the unrecorded hours."); *Jax Beer Co. v. Redfern*, 124 F.2d 172, 175 (5th Cir. 1941) ("To uphold the findings and judgment of the lower court we must base decision upon the guess, speculation, and averages made up from the uncertain recollections of these appellees. This we refuse to do.").

The Plaintiff claims that she "worked" from 8:00 p.m. to 2:00 a.m. every day from March 2021 to June 28, 2022, because she was at Mr. Spanos' disposal. [SMF ¶ 34]. But yet, the first time the Plaintiff claims to have asked Mr. Spanos for money was in December of 2022. [SMF ¶ 25]. The Plaintiff explained that the time for which she seeks payment was she was "available" to work while accompanying Mr. Spanos as his romantic companion but could not identify the work she claims to have performed. [SMF ¶ 63]. She confuses the time she spent as his companion with "work" time under the FLSA. [SMF ¶ 64].

The Plaintiff does not claim that she was hired to be Mr. Spanos' companion; instead, she claims to have worked as a "manager" in the Defendants' business. [ECF No. 28 at ¶11.] Thus, as an undisputed factual matter, the Court must determine that the Plaintiff's endeavors unrelated to the Defendants' business were not "work" or compensable.

The Plaintiff seeks to recover minimum wages for the time she spent with Mr. Spanos at their home and for the time she spent online on her cell phone. [SMF ¶ 35]. The Plaintiff testified that she used her cell phone to access social media and that she consumed social media that was only *potentially* relevant to the Defendants for her personal enjoyment while acknowledging the "blur" or lack of any ability to distinguish between what's personal and what's work. She testified that she could not "draw the line" between what she did online for personal consumption as opposed to work. [. [SMF ¶ 38].

11

This Court recently considered an analogous situation in *Byrne v. Goodwill S. Fla. TEP, LLC*, 2025 U.S. Dist. LEXIS 105984 (S.D. Fla. May 29, 2025) (Damian, J.), involving an employee's attempt to recover under the FLSA for uncompensated work in the absence of time records. In *Byrne*, the Court acknowledged that, "While *Mt. Clemens Pottery* and its progeny anticipate [*39] that an employee can estimate to a certain extent, it does not allow pure speculation." The Court cited as support the Fifth Circuit's decision in *Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014), which found that "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013) (citing *Harvill v. Westward Communs., L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).) The Court also relied on the Eighth Circuit's decision in *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014), as further support for the determination that the plaintiff's "vague testimony" about the time worked was too speculative to support relief under the FLSA. Ultimately, the Court in *Byrne* determined that the plaintiff's claim was too speculative, not supported by evidence or a just and reasonable inference, and would have required a jury to engage in impermissible guesswork, favoring the grant of summary judgment for the employer:

> An inference is unreasonable if a jury must engage in speculation and conjecture to such a degree as to render its finding "a guess or mere possibility." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982); *see also Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1302 (11th Cir. 2003). That is what the jury would be doing here. On this basis alone, this Court could grant Goodwill's Motion for Summary Judgment.

*Byrne*, 2025 U.S. Dist. LEXIS 105984, *39.

The Plaintiff herein, like those in *Byrne, Ihegword*, and *Holaway*, cannot recover for time that she claims to have worked but could not quantify with any reasonable particularity. If she could not distinguish or "draw the line" between her personal social media consumption and what she claims was for the Defendants, the jury will not be able to either. Consequently, the Defendants are entitled to summary judgment in their favor on the Plaintiff's claim for uncompensated work time involving her evening cell phone use.

**D.**     **The Plaintiff Is Not Entitled To Compensation For Activities Not Considered "Work" Under The FLSA Or FMWA.**

The Plaintiff, in this case, claims to be entitled to recover minimum wages under the FLSA

12

and FMWA for time that spent on activities such as surfing on social media, for "work" the Defendants did not know about or request, for sporadic tasks that taking only few minutes, for actions unrelated to the business of the Defendants, and based on her professed inability to quantify the time she claims to have spent working.

Included within the types of activities for which the Plaintiff claims she should be paid a minimum wage for working for the Defendants' business are the times the Plaintiff claims to have accompanied Mr. Spanos to his doctor's appointments and on the phone refilling his prescriptions. [SMF ¶ 21]. The only way the time the Plaintiff claims to have spent on these activities could be considered compensable work time under the FLSA or FMWA is if the time was spent in furtherance of the Defendants' business. By their nature, the time the Plaintiff claims to have spent attending to Mr. Spanos' personal needs are not compensable as unrelated to the work necessitated by the business of manufacturing and selling portable watermakers. Likewise, neither the time that the Plaintiff spent on boats through the Greek islands, through the canals of Florida, nor to and from her shared residence to swim in the ocean with Mr. Spanos is a compensable activity. Such personal activities are not compensable. See *Sylvester v. Douglas Forest Protective Ass'n*, 1995 U.S. App. LEXIS 28161, at *6 (9th Cir. Sep. 27, 1995) (considering the extent to which an employee engaged in personal activities as precluding a finding that the time was compensable as time worked under the FLSA) (*citing Berry v. Cty. of Sonoma*, 30 F.3d 1174 (9th Cir. 1994).) Herein, the time the Plaintiff spent accompanying Mr. Spanos to doctor's appointments and This time had no relation to SeaWater Pro's and did not benefit it. Therefore, even when drawing all inferences in Plaintiff's favor would require the conclusion that the time in question is not compensable, and the Defendants are entitled to summary judgment on the Plaintiff's claim for recovery of minimum wages for engaging in these activities.

### E.  Defendants Are Not Liable For Time Plaintiff Claims To Have Worked But Which They Did Not And Could Not Know About.

Plaintiff alleges that from March 2021 to June 28, 2022, she worked six (6) hours per night on social media on her personal phone for the Defendants. Since the Defendants were unaware of what the Plaintiff claims to have been doing online, they are not liable to her for any work they did not "suffer or permit".

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

The Eleventh Circuit Court of Appeals directs that to prevail on an unpaid wage claim under the FLSA, "Plaintiffs must prove that they were suffered or permitted to work without compensation." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314 (11th Cir. 2007); 29 U.S.C. § 201 *et seq.* This "suffer or permit to work" requirement is interpreted in 28 C.F.R. § 785.11 to mean that an employer violates the FLSA only when it "knows or has reason to believe that [the employee] is continuing to work and the time is working time." Therefore, Plaintiff's claims are viable only "if a reasonable jury could conclude from the evidence that [Defendants] had actual or constructive knowledge" of the work she allegedly performed. *Allen*, 495 F.3d at 1318.

In *Allen*, the Eleventh Circuit Court of Appeals granted summary judgment on the claims by several plaintiffs who admitted in deposition that they were not told to work and did not tell anyone about their work. 495 F.3d at 1323. Thus, under *Allen*, an employer is not required to compensate an employee for work it did not know about or request.

The Defendants are not liable to the Plaintiff for work they did request or know the Plaintiff to have claimed to be performing. The Plaintiff claims to have been "working" in the evenings by performing "research" on social media for the Defendants. She estimates she was "on social media" for "six hours a night" in 2022. [SMF ¶ 34]. The Plaintiff admits that the time she claims to have worked at night was "Always" on her phone and that Mr. Spanos didn't necessarily know what she was doing on her phone at night. [SMF ¶ 39]. Mr. Spanos would have "no idea" whether she was "consuming [social] media for [her]self" or "doing market research for the business…." [SMF ¶ 41]. Mr. Spanos wasn't looking over Plaintiff's shoulder to see what she was doing on her cellphone. [SMF ¶ 40]. The Plaintiff did often not tell Mr. Spanos she was researching on her phone, what she found, or that she was working at night while consuming social media on her phone. [SMF ¶ 41]. Mr. Spanos did not instruct the Plaintiff in any of her online social media activities. [SMF ¶ 42]. Likewise, the Plaintiff concedes that Mr. Spanos had no idea how much time she claims she was "working" versus consuming social media for entertainment. [SMF ¶ 43].

Plaintiff concedes that any social media-related activities were performed on her personal phone and personal Facebook account [SMF ¶ 37].  Plaintiff admits that while she performed work for the company on social media in the evening, she also used it for personal use.  [SMF ¶ 44].  When asked how Mr. Spanos would be able to distinguish evening time spent on for her personal use versus for the business, Plaintiff responded that Mr. Spanos would have knowledge of

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

her work for the business on social media when she notified him about or sent him reviews. [SMF ¶ 45]. Thus, outside of the rare occasions when the Plaintiff stumbled upon a review or other item she brought to Mr. Spanos' attention, there was no way for Mr. Spanos to have known what the Plaintiff was doing online on her phone in the evenings during the time relevant to this lawsuit.

When asked whether Mr. Spanos knew what she was doing on social media on her phone in the evenings, the Plaintiff responded, "I said it's possible." [SMF ¶ 47]. Indeed, Plaintiff concedes that "[Spanos] may not have known] how much time she spent in the evenings on social media for business vs. personal use." [SMF ¶ 46].

Although the Plaintiff herein claims that to have performed work for the Defendants, her concessions that it was merely "possible" he know what she was doing on her phone and "may not have known" what she was doing requires the Court to find that the Defendants are not liable for worked the Plaintiff allegedly performed in the evening hours from March 2021 to June 28, 2022, and grant summary judgment to the Defendants thereon.

**E.    The Portal-to-Portal Act Precludes The Plaintiff From Recovering Minimum Wages For The *De Minimis Time* She Claims To Have Spent On Minor Tasks And While Waiting To Be Engaged To Perform Them.**

Much of the time for which the Plaintiff seeks to be paid a minimum wage involves the brief, occasional tasks, and waiting to be asked to perform them. She claims to be entitled to minimum wages for the instances in which she rode as a passenger in Mr. Spanos' car to or from a non-work appointment and was asked to do brief tasks such as writing notes or look up inventory while remaining "available" to Mr. Spanos. [SMF ¶ 340].

The Portal-to-Portal Act, which amended the FLSA, identifies the employee activities that are not compensable under the FLSA. *Id.* An employer is not required to pay an employee for (1) "traveling to and from the actual place of performance of the principal activity or activities which [*717] [the] employee is employed to perform" or (2) "activities which are preliminary to or postliminary to [the employee's] principal activity or activities." *Id.*

*Meeks v. Pasco Cty.*, 688 F. App'x 714, 716-17 (11th Cir. 2017). Thus, to be considered compensable, the time for which the Plaintiff seeks minimum wages must be in an "intrinsic element" of the activities the employee was tasked with performing. *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 35, 135 S. Ct. 513, 518 (2014). Thus, the Plaintiff's performance of activities that are not integral and indispensable to her principal activities as a "manager" of the Defendants' business are not compensable. *Id.*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

     1.      <u>The *de minimis* doctrine requires the entry of summary judgment for the Defendants for any work the Plaintiff claims to have performed.</u>

The FLSA does not require an employer to pay an employee for the type of brief, episodic "work" the Plaintiff claims to have performed based on the *de minimis* doctrine. 29 C.F.R. §785.47 ("insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded.")

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

*Burton v. Hillsborough Cty.*, 181 F. App'x 829, 838 (11th Cir. 2006) (*quoting Anderson*, 328 U.S. at 692). Although the Plaintiff details Mr. Spanos performing work, the evidence is that during the three years before the filing of the lawsuit, the brief periods of time she claims to have spent working while accompanying Mr. Spanos as his companion are not compensable. *See Lindow v. U.S.*, 738 F.2d 1057, 1062 (9th Cir. 1984).

     2.      <u>The time the Plaintiff claims to have spent being "available" was not work time.</u>

The law distinguishes between compensable work time for those who are "engaged to wait" and non-compensable non-work time "waiting to be engaged." *See e.g.*, *Armour & Co. v. Wantock*, 323 U.S. 126, 134, 65 S. Ct. 165, 169 (1944). Much of the time for which the Plaintiff seeks to recover minimum wages involved her accompanying Mr. Spanos, her romantic partner, whether at meals for which he paid, as a passenger in his car, on vacations, on boat rides, at his workplace, and in their shared residence. She claims that she should be compensated because she was "available" to perform work. [SMF ¶ 63]. Despite claiming that Mr. Spanos "had control" of what she did in her free time, she could not identify any way in which he "controlled" her or restricted what she could or could not do, ultimately clarifying that she "was there for him". [[SMF ¶ 64]. Since the Plaintiff has no evidence to substantiate her claim that the Defendants restricted what she could or could not due because of her responsibilities to the Defendants' business, the time she was "available" to Mr. Spanos is not work time as a matter of law.

As a matter of law, an employee is not "working" simply because that employee must be

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

> on call if needed. *Birdwell v. City of Gadsden*, 970 F.2d 802, 808-09 (11th Cir. 1992) (holding detectives not working as a matter of law where on call with few restrictions) ; *Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994) (holding meal time was not compensable simply because officers had to leave their radios on); *Bright v. Houston Northwest Med. Ctr. Service, Inc.*, 934 F.2d 671, 674 (5th Cir. 1987) [**13]  (on-call employee not working even though no one shared his duties, he could not go on vacation and he was continually on call).

*Gaylord v. Miami-Dade Cty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999). Considering that the Defendants' business is the manufacture and sale of portable water making systems, the time for which the Plaintiff seeks to be compensated is unrelated to it and therefore not compensable work time. Consequently, the Defendants are entitled to summary judgment on Plaintiff's claim for minimum wages for the time she spent with Mr. Spanos while waiting for him to ask her to perform some periodic task.

F.   **The Defendants Are Not Liable To The Plaintiff For Any Unpaid Minimum Wages After Taking Into Account The Credits To Which They Are Entitled For Paying All Of The Plaintiff's Living Expenses.**

The Eleventh Circuit has long recognized that Section 3(m) of the Act, 29 U.S.C. § 203(m), "allows employers to include the reasonable cost of servicing meals, lodging, or other facilities in employee wages for purposes of the FLSA." *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 473 (11th Cir. 1982). This wage credit provision entitles employers to lawfully "deduct from an employee's pay the reasonable cost of the employer provided housing and meals, even if that deduction results in the employee's cash pay falling below the statutory minimum." *Ramos-Barrientos v. Bland*, 661 F.3d 587, 595 (11th Cir. 2011) (internal quotations omitted). Therefore, "[w]hen a court calculates the back wages that an employee is due under the Act, the employer 'is entitled to a credit for the reasonable cost of providing meals and lodging.'" *Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1320 (11th Cir. 2024) (quoting *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 474 (11th Cir. 1982)). The cost to the employer for providing the food and lodging is an acceptable means of establishing the wage credit to which the employer is entitled. *Washington v. Miller*, 721 F.2d 797, 803 (11th Cir. 1983). Applying these principles to the case at bar, the Defendants are entitled to a credit of $77,575.00 for the payments they made towards the Plaintiff's food, lodging, and other expenses, more than satisfying any minimum wages the Plaintiff could recover.

17

The record evidence in this case is that the Defendants paid for all of the Plaintiff's living expenses from 2019 through the time relevant to this lawsuit. Once the Plaintiff started living with Mr. Spanos here in Florida, he paid for all security deposits, rents, utilities, moving fees, storage fees, groceries, meals, travel, flights, vacations, insurances, and transportation expenses. [SMF ¶¶ 13-15). Monthly rents for their living arrangements increased from $850 to $880 per month for a boat slip to paying the condo and boat slip. [SMF ¶¶ 13-15.] When the parties then moved into a condo, Seawater paid the monthly rent including the boat slip at $2,400 without the boat slip and ($3,300.00 with the boat slips) per month, to the $4,000 per month for their rental home and boat slips, and to their oceanfront apartment at $5,000 per month. [SMF ¶¶ 13-15).

The Plaintiff testified that she and Mr. Spanos ate most of their meals at restaurants, and again, Mr. Spanos paid every time they ate at a restaurant. [SMF ¶ 61]. Plaintiff conceded that she would have had to pay for her own living expenses if Mr. Spanos had not. [SMF ¶ 17].

The Plaintiff nonetheless pursued this lawsuit against Mr. Spanos and his company without considering the amounts they paid for and to her. [SMF ¶ 63]. In sum, the Defendants paid $85,175.00, well eclipsing any reasonable amount the Plaintiff could recover as unpaid minimum wages for performing the sporadic "work" during the time relevant to this lawsuit. [SMF ¶¶ 13-15].

**G.   The Defendants Are Entitled To Credit For The Money The Defendants Paid After The Plaintiff's Relationship With Mr. Spanos Ended.**

Defendants paid Plaintiff $7,600.00 during the course of the relationship. [SMF ¶ 15-15; 49-54].  The Plaintiff does not credit the Defendants for the money they paid during their relationship. [SMF ¶ 63]. She does not dispute that Mr. Spanos paid her $3,000 via her son. [SMF ¶ 54].

**H.   The Plaintiff Is Not Entitled To Liquidated Damages Or Extended Limitations Period Under The Facts At Issue Herein.**

The FLSA utilizes a two-year limitations period that can be extended thrree years upon the finding of a "willful violation". 29 U.S.C. § 255. Likewise, in Florida, actions to enforce the minimum wage, as established in Article X, Section 24 of the Florida Constitution, are subject to

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

a four-year statute of limitations of four years, which can be extended to five years in cases of willful violations. Fla. Stat. §95.11.

Thus, the question of how far back the Plaintiff is entitled to wages owed is determined by whether the Defendants' conduct was willful. A violation of the FLSA is considered willful if the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the legality of the conduct. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 135 (1988).

Whether a given set of facts constitutes willfulness is a question of fact. *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017)(explaining that willfulness is a question of fact, but it can be decided as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party). An employee must show by a preponderance of the evidence that the employer either knew or showed reckless disregard for the fact that its conduct was prohibited under the FLSA. *See McLaughlin*, 486 U.S. at 133, *see also Reynolds*, 2009 U.S. Dist. LEXIS 117783, 2009 WL 5067799, at *7.

> To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988).

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162–63 (11th Cir. 2008). The Plaintiff's testimony that Defendants "did not know" what she was doing on her phone at night or that she was otherwise working, cannot rise to the level of reckless disregard.

Based on the same logic that supported the application of the two-year statute of limitations in *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 Fed. Appx. 831 (11th Cir. 2013), Defendants are entitled to summary judgment on the Plaintiff's claim for minimum wages purportedly owed for the extended limitations period(s).

In this case, there is evidence that if credited will demonstrate that Defendants did not willfully violate the Fair Labor Standards Act or the Florida Minimum Wage Act.  Defendants have established never hired Michaels as an employee. [SMF ¶ 5-7].  There was no verbal agreement for employment with Michaels. [SMF ¶ 5-7].   In fact, Plaintiff did not file any legal claims for unpaid work until after her and Defendant Mike Spano's break up. [SMF ¶ 25].

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendant, Mike Spano, genuinely believed Plaintiff's role was to accompany him to the works site as his girlfriend.  [SMF ¶ 20].

Plaintiff admits that there are periods where Defendants may not have even known she was working on social media for many of the evenings she seeks compensation from March 2021 to June 28, 2022.  [SMF ¶ 47]. Defendant cannot willful ignore the law if Defendant did not even know Plaintiff was working on their behalf.

In addition, any actual compensation owed for work actually performed for the company was fully paid via years of food and lodging that exceeded the amount of work for which Plaintiff seeks compensation. If Defendants provided via food and lodging all that Plaintiff claims to be owed, Defendant cannot be deemed liable for willfully violating the statute.  A trier of fact cannot find for the Plaintiff with respect to this issue. As such, Defendants are entitled to summary judgment.

## IV. CONCLUSION

Defendants are entitled to summary judgment in their favor on the issues that: (i) Plaintiff was paid in compliance with the FLSA (and the FMWA), as permitted by 29 C.F.R. §785.23; (ii) Plaintiff is not entitled to compensation for personal activities such as accompanying her ex-boyfriend to doctor's appointments and refilling his medication; (iii) Plaintiff is not entitled to combined time where she is unable to distinguish between work and personal activities; (iv) Defendant has admitted she did not work 91 hours during the time periods referenced and therefore is not entitled to compensation for those time periods;  (v) Plaintiff is precluded from recovering damages for any work performed without Defendants' knowledge; (vi) Defendants are entitled to a credit against any alleged wages claimed by Plaintiff for the reasonable costs of meals, lodging, or other facilities provided to her, and bank payments made to her; (vii) Plaintiff is not entitled to liquidated damages or extended limitations period and; (vii) Plaintiff also agreed to limit her claims to three (3) years.

Accordingly, Defendants request that the Court enter summary judgment in their favor as to the above issues.

Respectfully submitted this 27th day of June 2025,

s/ Brian H. Pollock, Esq.

20

Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Gaelle W. Colas, Esq. (1006811)
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
*www.fairlawattorney.com*