UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.
_____/

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

Plaintiff MELINDA MICHAELS ("Michaels"), through the undersigned counsel, files this Statement of Material Facts as follows:

Michaels uses the following abbreviations in support of her motion:

| DOCUMENT | CITATION | ABBREVIATION |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | ECF No. 56 | PMSJ |
| Michaels Declaration | Exhibit A | MD |
| Santhagens Declaration | Exhibit B | SD |
| Tubbert Declaration | Exhibit C | TD |
| Eisenberg Declaration | Exhibit D | ED |
| Defendants SeaWater Pro LLC's Response to Plaintiff's Requests for Admissions | Exhibit E | SWA |
| Defendant SeaWater Pro LLC's Response to Melinda Michaels' First Set of Interrogatories | Exhibit F | SWI |

| DEFINITION | ABBREVIATION |
|---|---|
| *Michaels v. Seawater Pro LLC, et al*, Case No. 24-cv-60984-Augustin-Birch Amended Complaint [ECF No. 28] | Lawsuit |
| Defendants' Answer to the Amended Complaint (ECF No. 28) [ECF No. 29] | Answer |
| Fair Labor Standards Act | FLSA |
| Melinda Michaels ("Mindy"), Plaintiff | Michaels |
| SeaWater Pro LLC, Defendant | SW |
| Michael Spanos, Defendant | Spanos |
| Approximately September 27, 2019, through June 28, 2022 | Claim Period |
| SeaWater's Office | SW's Office |

1. SeaWater operates a business engaged in sales of watermakers for boats. [Lawsuit ¶ 10; Answer ¶10]; MD ¶ ].

2. At all times material hereto, SW was a Florida Corporation that regularly transacted business in Broward County. [Lawsuit ¶ 3; Answer ¶ 3].

3. For the years 2019-2024, SW generated more than $500,000 in gross revenue. [Lawsuit ¶ 6; Answer ¶ 6; SWA ¶ 2, 4, 5, 6, 7, 14; MD ¶ 22-23].

4. Michaels was an employee of the Defendants during the Claim Period of approximately 27, 2019 through June 28, 2022. [MD ¶ 3; SD ¶ 13; TD ¶ 4; ED ¶ 10].

2

5.  At all times material hereto SW was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto. [Lawsuit ¶ 6; Answer ¶ 6].

6.  At all times material hereto, SW and Spanos engaged in interstate commerce on a daily basis, used tools and materials in their manufacturing of watermakers from outside the United States, and employed Michaels to engage in interstate commerce by manufacturing watermakers, marketing watermakers, and selling watermakers to customers all over the world. [Lawsuit ¶ 5-9, MD ¶ 5, 6, 7, 8, 9, 19].

7.  At all times material hereto, Spanos directly supervised Michaels [MD ¶ 10; SD ¶ 14, 15; TD ¶ 16].

8.  At all times material hereto, Michaels was not paid an hourly rate, any other metric or method of compensation while working for Defendants. [MD ¶33; SWI ¶ 13(b); TD ¶ 18].

9.  Defendants required Michaels to perform the following duties: fulfill all customer orders including, gathering parts, ordering, stocking, creating labels, packing boxes, and shipping units to customers, speak with and engage customers, complete customer support and service, set up and manage Defendants' social media, build watermaker units, handle Defendant Spanos' schedule, maintain each order checklist from receiving the order to the order leaving the business, fulfil dealer's orders and handle accounting with the dealers. [MD ¶ 14, 15, 16, 17, 18, 19, 20, 21; TD ¶ 9, 10; SD ¶ 17, 18].

10. Additionally, Defendants required Michaels' consulting on HR issues with Defendants and other employees, handling deals with customers, negotiating rates with UPS, maintaining the facilities, machining, cleaning the computer CNC, handling of lost shipments, confirming shipment locations, deal with customs for orders outside of the United States, attending trade

shows on behalf of Defendants, and representing the Defendants' brand in commercials and any other advertising. [MD ¶ 14, 24, 25, 26, 27, 28, 29, 30, 31, 32; TD ¶ 9, 10; SD ¶ 17, 18. SD ¶ 22].

11. Michaels worked from approximately 9:00 a.m. through 6:00 p.m. in the office seven days per week during the period of September 27, 2019 through on or about February 28, 2021. [MD ¶ 40; TD ¶ 4; SD ¶ 19, 20, 21]. And then, was required by Defendants to continue working late into the night outside of the office. [MD ¶ 45, 46, TD ¶ 13, 14; ED ¶ 6, 8, 9].

12. Michaels worked from approximately 8:00 p.m. through 2:00 a.m. seven days per week during the period of March 2, 2021, through on or about June 28, 2022. [MD ¶ 41; ED ¶ 8].

13. Michaels was only ever out from work for approximately two weeks during her claim period and is not claiming any compensation for those weeks. [MD ¶ 39].

14. Michaels was required by Defendants to facilitate partnerships with online personalities, YouTubers, Instagrammers, and social media influencers, and other cruisers (sailors), to market and brand Defendants' business. [MD ¶ 42, TD ¶ 17].

15. Michaels was required by Defendants to make, produce, market, be featured in, and promote videos on social media for the Defendants throughout her claim period. [MD ¶ 32 (1), (2), (3); SD ¶ 17; TD ¶ 9, 16, 17].

16. Spanos could not lift any objects over 20 lbs as a result of his chronic heart failure (CHF). [MD ¶ 13; ED ¶ 7].

17. Spanos directed Michaels to complete all tasks that he could not do himself as a result of his CHF. [MD ¶ 13, 14, 15, 9, 43; SD ¶ 22; ED ¶ 7].

18. Spanos required Michaels to lift all the motors for the watermakers herself to fulfill individual customer orders (for example placing the motor into a shipping box). As a result,

Spanos required Michaels to fulfill all customer orders including, gathering parts, ordering, stocking, creating labels, packing boxes, and shipping units to customers). [MD ¶ 14, 6, SD ¶ 22; TD ¶ 9].

19. Michaels was required by Defendants to purchase tools and supplies for Defendants' business. [MD ¶ 44].

20. Michaels was required by Defendants to be on their business banking accounts. She was also required by Defendants to write checks to pay vendors and suppliers and was also required to generate and pay the other employees. [MD ¶ 48, 49, 50; TD ¶ 18].

21. Michaels was given a SeaWater Pro email account by Defendants and was required by Defendants to transact business with customers, vendors and banks with that email address. [MD ¶ 50, 11, 16, 18].

22. Michaels was given by Defendants a Wells Fargo Business Banking Card in her name, to utilize for payment to vendors and suppliers when it was unnecessary to pay via check. [MD ¶ 52, 53].

23. At all times material hereto, Defendants instructed Michaels that she was not allowed to pay herself any wages. [MD ¶ 51].

24. Defendants initiated Michaels into signing up on the Quickbooks payroll platform via email, but Defendants did not follow through and never put her on payroll. [MD ¶ 35, TD ¶ 19].

25. Defendants paid Michaels two $3,000.00 cash payments after she left Defendants' business. [MD ¶ 37].

26. Defendants paid Michaels one additional $3,000.00 payment via her son, Dylan Tubbert, after the two previously made cash payments. [MD ¶ 37, 38; DT ¶ 20].

27. Defendants have made no additional payments to Michaels since [MD ¶ 37].

28. Defendants did not maintain any employment records for Michaels, did not require Michaels to clock in/out or keep track of her time, and dispute she was an employee. [SWI ¶ 17, 19].

29. Michaels was in a romantic relationship with Spanos throughout the claim period. [MD ¶ 54].

30. Michaels provided the boat that she and Spanos lived in from approximately October 2016 through on or about November 2020. [MD ¶ 55, ED ¶ 3].

31. Michaels was required to pay monthly rent for the slip for the boat where she and Spanos resided from the infancy of SW, and then intermittently throughout, from her own alimony payments and savings. [MD ¶ 55, 56, ED ¶ 3].

32. Defendants used the slip to store tools, supplies, and receive packages and orders for customers and the Defendants' business. [MD ¶ 57, ED ¶ 6].

33. Michaels was required to carry those packages, tools, supplies, and orders for customers and the business to the shop from the boat slip multiple times per week because the majority of the time they were over 20 lbs, and Spanos was not allowed to lift them. [MD ¶ 58, ED ¶ 6, 7].

34. Defendants required Michaels to leave the boat and move to three different locations including two condominiums and one house from approximately November 2020 through on or about June 2022. [MD ¶ 59, 63, 66, ED ¶ 3].

35. The first condominium was partially used to house another employee named Bailey Frederes in the master bedroom, and the dock on site was also used to allow YouTubers, boaters, customers, and influencers to come and go from the condo in furtherance of promoting the Defendants' business. [MD ¶ 61, 62].

6

36. The house was partially used to house other employees including Bailey Frederes and Dylan Tubbert. [MD ¶ 65; TD ¶ 12].

37. Michaels and Spanos had a personal joint banking account, however, all control over that account was exercised by Spanos. [MD ¶ 68].

38. Spanos required Michaels to pay the rent on the slip, condos, and house from the business account and would indicate "pay out of this account". [MD ¶ 69].

39. Whenever there wasn't enough money in the account to pay rent, Michaels was required to use her own money from her alimony payments or savings, as Spanos required. [MD ¶ 69].

40. Spanos directed Michaels to only make certain purchases out of that joint account for things related to the business, and required she pay nothing to herself. [MD ¶ 70].

41. Spanos directed Michaels to pay her personal car insurance from the joint account as her vehicle was substantially used by the Defendants' business to transport tools, materials, shipments, and be lent out to other employees, and influencers. [MD ¶ 72].

42. Spanos did not allow Michaels to take or move money from the joint personal account without Spanos' express approval. [MD ¶ 68].

43. Spanos did not allow Michaels to exercise any discretion over the funds in the joint personal account. [MD ¶ 73].

44. Michaels was never paid properly for the hours Defendants required her to work, the duties Defendants required her to perform, or the wages that she was owed by Defendants. [MD ¶ 54].

45. On June 7, 2024, Michaels filed her Lawsuit against Defendants for Violations of the FLSA. [ECF No. 1].

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:    (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382