UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-ROSENBERG/Augustin-Birch

MELINDA MICHAELS,

    Plaintiff,
v.

SEAWATER PRO LLC AND
MICHAEL SPANOS,

    Defendants.
_____/

## DEFENDANT SEAWATER PRO LLC' RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, SeaWater Pro LLC, pursuant to Fed. R. Civ. P. 36 and 34, Local Rule 26.1, and other applicable Rules and laws responds to the Requests for Admissions served by Plaintiff, Melinda Michaels, as follows:

1. Admit or deny that SeaWater Pro LLC was an employer of Melinda Michaels.

**ANSWER**: Denied.

2. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2021.

**ANSWER**: Admitted.

3. Admit that you owe Melinda Michaels at least some amount of unpaid compensation for work she performed.

**ANSWER**: Denied.

4. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2022.

**ANSWER**:  Admitted.

5. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2023.

**ANSWER**:  Admitted.

6. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2024.

**ANSWER**:  Admitted.

7. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2019,

**ANSWER**:  Admitted.

8. Admit that all remuneration and/or compensation paid to Melinda Michaels for her work for Defendants is reflected in the payroll records of SeaWater Pro LLC.

**ANSWER**:  Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. The plaintiff is not believed to have considered any of these funds as wages, for contract labor, or for any services she claims to have rendered. In light of the above, Defendant, SeaWater Pro LLC, is unable to admit or to deny the request as phrased.

9. Admit that all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was correctly and properly reflected in the W-2 form provided to Melinda Michaels.

**ANSWER**: Defendant, SeaWater Pro LLC, objects to this request as phrased, as it improperly assumes that SeaWater Pro LLC was required to issue Plaintiff a W-2. In addition, Plaintiff was not an employee of Defendants. Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. Defendant, SeaWater Pro LLC, is not required to issue a W-2 to a non-employee. All remaining allegations in Request 9 are denied.

10. Admit that all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was correctly and properly reported to the Internal Revenue Service and Social Security Administration.

**ANSWER**: Defendant, SeaWater Pro LLC, objects to this Request as improperly seeking a legal and/or accounting opinion about whether money was "correctly and properly" to a government agency and wrongfully presumes she was an employee of SeaWater Pro LLC when she was not. Without waiving the foregoing objection(s), Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. The plaintiff is not believed to have reported her receipt of the foregoing to any governmental agency. All remaining allegations in Request 10 are denied.

11. Admit that any and all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was properly reported to any and all worker's compensation insurers and/or

carriers.

**ANSWER**: Defendant, SeaWater Pro LLC, objects to this Request as improperly seeking a legal and/or accounting opinion about whether money was "properly" reported to a workers' compensation carrier. SeaWater Pro LLC is not an accountant or attorney and is not qualified to render an opinion about the classification of payments, so it objects to this Request. Without waiving the foregoing objection(s), Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. The plaintiff is not believed to have reported her receipt of the foregoing to any governmental agency. All remaining allegations in Request 11 are denied.

12. Admit that no part of Melinda Michaels's remuneration and/or compensation, other than discretionary bonuses and holiday bonuses, was paid in the form of cash.

**ANSWER**: Defendant, SeaWater Pro LLC, objects to this Request to the extent it implies or suggests that there was any obligation to pay "remuneration and/or compensation" to Plaintiff. Without waiving the foregoing objection(s), Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. Defendant, SeaWater Pro LLC, is unable to admit or to deny the remainder of the request as phrased.

13. Admit that the SeaWater Pro LLC never consulted with an attorney, prior to the commencement of the instant lawsuit, regarding whether the pay policy at issue in this case

complied with the FLSA.

**ANSWER**:  Denied.

14. Admit or deny that SeaWater Pro LLC generated more than $500,000 in gross revenue during the year 2022.

**ANSWER**: Admitted.

15. Admit that not all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was reflected in a W-2 form provided to Melinda Michaels.

**ANSWER**:  Defendant objects to this request as phrased, as it improperly assumes that SeaWater Pro LLC was required to issue Plaintiff a W-2. In addition, Plaintiff was not an employee of Defendants. Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. All remaining allegations in Request 15 are denied.

16. Admit that not all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was reflected in a 1099 form provided to Melinda Michaels.

**ANSWER**:  Defendant objects to this request as phrased, as it improperly assumes that SeaWater Pro LLC was required to issue Plaintiff a 1099. In addition, Plaintiff was not an employee of Defendants. Defendant, SeaWater Pro LLC, admits that Mr. Spanos had a personal relationship with Plaintiff and paid for her to have a place to stay, meals, living expenses, travel, and other niceties. In addition, Plaintiff was a signatory to the bank account used by SeaWater Pro LLC. All remaining allegations in Request 16 are denied.

17. Admit that all remuneration and/or compensation paid to Melinda Michaels by

SeaWater Pro LLC was reflected in a W-2 form provided to Melinda Michaels.

**ANSWER**:  Please refer to Response to Request No. 15.

18.   Admit that all remuneration and/or compensation paid to Melinda Michaels by SeaWater Pro LLC was reflected in a 1099 form provided to Melinda Michaels.

**ANSWER**:  Please refer to Response to Request No. 16.

19.   Admit that Melinda Michaels communicated with people in Georgia as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

20.   Admit that Melinda Michaels communicated with people in Pennsylvania as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

21.   Admit that Melinda Michaels communicated with people in North Carolina as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

22.   Admit that Melinda Michaels communicated with people in South Carolina as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

23.   Admit that Melinda Michaels communicated with people in California as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

24.   Admit that Melinda Michaels communicated with people in New York as part of her

work for SeaWater Pro LLC.

**ANSWER**:  Denied.

25. Admit that Melinda Michaels communicated with people in India as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

26. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC.

**ANSWER**:  Denied.

27. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC an average of one or more times per week.

**ANSWER**:  Denied.

28. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC an average of two or more times per week.

**ANSWER**:  Denied.

29. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC an average of three or more times per week.

**ANSWER**:  Denied.

30. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC an average of four or more times per week.

**ANSWER**:  Denied.

31. Admit that Melinda Michaels communicated with people located outside Florida as part of her work for SeaWater Pro LLC an average of five or more times per week.

**ANSWER**:  Denied.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 5th day of November 2024, on Elliot Kozolchyk, Esq., Koz Law, P.A., *Counsel for Plaintiff*, 800 E. Cypress Creek Rd.,  Ste. 421, Fort Lauderdale, FL 33334; email: ekoz@kozlawfirm.com, mbinder@kozlawfirm.com and pk@kozlawfirm.com.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
*Counsel for Defendants*