UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60984-Rosenberg/Augustin-Birch

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC and MICHAEL
SPANOS a/k/a MIKE SPANOS,

    Defendants.
_____/

**SEAWATER PRO LLC'S RESPONSES TO MELINDA MICHAELS'
FIRST SET OF INTERROGATORIES**

Defendant, SEAWATER PRO LLC (SeaWater), through counsel, serves its Responses to Melinda Michaels' First Set of Interrogatories, and states:

1. State if SeaWater Pro LLC (which includes any of its employees, agents or representatives) have ever been accused of violating any employment/labor laws, worker's compensation law, or committing any acts of retaliation. If so, please specify in detail the facts and circumstances behind all such incidences, names of all individuals involved, the dates of such incidences, whether a formal proceeding was instituted (whether administrative or in court, and if so, where and under what caption and case number) and its resolution/outcome.

    **ANSWER**:

    **SeaWater has never been accused of this, other than in the instant lawsuit.**

2. List all witnesses' names, addresses, and phone numbers who have any knowledge of the hours that Melinda Michaels worked for SeaWater Pro LLC and/or the compensation that Melinda Michaels received for her work for SeaWater Pro LLC.

1

**ANSWER**:

**Melinda Michaels** (**Plaintiff**)

**℅ Koz Law, P.A.**

**Address: 800 E. Cypress Creek Road, Suite 421, Fort Lauderdale, Florida 33334**

**Telephone: (786) 924-9929**

**Plaintiff is expected to have knowledge about the hours that she allegedly worked for SeaWater and the compensation she received.**

**Michael Spanos** (**Defendant**)

**℅ FairLaw Firm**

**Address: 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146**

**Telephone: (305) 928-4893**

**Mr. Spanos is expected to have knowledge about the fact that Plaintiff was never employed by SeaWater, that she occasionally assisted Spanos with some tasks, and the compensation given to Plaintiff.**

**Trevor Fletcher** (**Former Employee**)

**Address: 398 S. 12th Street, San Jose, California 95112**

**Telephone: (954) 945-4056**

**Mr. Fletcher is expected to state that Melinda Michaels was never an employee or present in any capacity.**

**Arya-Jane Mitchell** (**Former Employee**)

**Address: 3333 N. Federal Highway, Unit 906, Oakland Park, Florida 33306**

**Telephone: (413) 209-7406**

**Ms. Mitchell is expected to state that Melinda Michaels was never an employee or present in any capacity.**

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**EXHIBIT F**

**Bailey Frederes (Former Employee)**

**Address: 3333 N. Federal Highway, Unit 906, Oakland Park, Florida 33306**

**Telephone: (913) 940-9456**

**Ms. Frederes is expected to state that Melinda Michaels was never an employee or present in any capacity.**

**Natalie Michael (Former Employee)**

**Address: 3736 Jackson Boulevard, Fort Lauderdale, Florida 33312**

**Telephone: (618) 334-2120**

**Ms. Michael is expected to state that Melinda Michaels was never an employee or present in any capacity.**

**Rick Gomez (Former Employee)**

**Address: 3538 Grappler Circle S.E., Palm Bay, Florida 32909**

**Telephone: (305) 213-5718**

**Mr. Gomez is expected to state that Melinda Michaels was never an employee or present in any capacity.**

**Arthur Laschkoy (Former Employee)**

**Address: 3731 N. Country Club Drive, Apartment 2025, Aventura, Florida 33180**

**Telephone: (786) 525-2486**

**Mr. Laschkoy is expected to state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

3.      State and fully describe Melinda Michaels's job titles, duties, responsibilities, and work performed, identify all documents relied on to answer this interrogatory. If Melinda Michaels's job titles, duties, responsibilities, or work performed changed or were different during different time periods, state the start date, stop date, for each time period and fully describe

3

Melinda Michaels's job titles, duties, responsibilities, and worked performed during each time period, and for each time period. Identify all documents relied on to answer this interrogatory, identify all documents that support the answer to this interrogatory, and identify all people who have knowledge of the information requested in this interrogatory by stating their full name, all of their telephone numbers, and residential address.

**ANSWER**:

**Plaintiff was not an employee or independent contractor of the Defendants. She had no job title, duties, or responsibilities, was not expected to and did not work any regular or fixed schedule. From September 28, 2019 to June 2022, Plaintiff's sole connection to SeaWater was because of her romantic relationship with Mr. Spanos. She only filed this lawsuit *after* he sought and obtained court intervention to address her inappropriate and dangerous conduct.**

**If Plaintiff performed any "work" for the Defendants, it would have consisted of her accompanying Mr. Spanos to the office and occasionally spending a few seconds or minutes on a brief phone call or addressing an email, but the time spent was so insubstantial, insignificant, and sporadic that it did not have to be recorded.**

**The money generated by SeaWater was deposited into a bank account in which Plaintiff was an account holder with signatory authority and received funds from that account. As a joint account holder, Plaintiff owned half of the money in that account, and she used it as such to pay all of her personal expenses. Please refer to the bank statements produced in response to Plaintiff's First Requests for Production to SeaWater and Michael Spanos.**

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
**EXHIBIT F**

4. For each week from September 28, 2019 through the end of June 2022, identify all hours and minutes that SeaWater Pro LLC contends are de minimis and/or non-compensable, what activities Melinda Michaels was performing during that time, the amount of compensation not paid for this time, how the compensation was calculated including any formulas used, identify all documents relied on to answer this interrogatory, identify all documents that support the answer to this interrogatory, and identify all people who have knowledge of the information requested in this interrogatory by stating their full name, all of their telephone numbers, and residential addresses.

**ANSWER**:

**Plaintiff was not an employee of the company. She had no position and no duties to perform. During the period from September 28, 2019 to June 2022, Plaintiff's sole connection to SeaWater was because of her romantic relationship with Mr. Spanos. Any work she may have done was in the individual capacity as Mr. Spanos's fiance and to assist him as his romantic partner, not because she was employed by SeaWater or had any obligation to SeaWater.**

**The money generated by Mr. Spanos was deposited in a joint account he had with Plaintiff. As a joint account holder, Plaintiff owned half of the money in that account and she used it as such to pay all of her personal expenses. Please see the bank statements produced in response to Plaintiff's First Requests for Production to SeaWater and Michael Spanos.**

**The witnesses to this are Plaintiff and Mr. Spanos.**

5. State in detail all facts supporting SeaWater Pro LLC's contention that Melinda Michaels was not an employee of SeaWater Pro LLC, identify all documents that support those

5

facts, identify all witnesses that have knowledge regarding those facts, and provide a detailed summary of the knowledge you believe each witness has regarding those facts.

> **ANSWER**:
>
> **The facts in support of this include the complete absence of any records of Plaintiff being employed by SeaWater in any way. There is no application for employment, no resume, no W-4, no email address, no business cards, and no email address at all for Plaintiff. All other employees of Defendant have at least some of these, but there are none for Plaintiff. The only connection that Plaintiff had with SeaWater was her romantic relationship with Mr. Spanos, the owner of the company. As the romantic partner of Mr. Spanos, she occasionally accompanied him to the office, but she did so in her personal capacity, not that of an employee. SeaWater never offered a job to Plaintiff and Plaintiff never sought a position with SeaWater.**
>
> **The witnesses to this are Plaintiff and Mr. Spanos and persons identified in Interrogatory No. 2.**

6. State in detail all facts supporting SeaWater Pro LLC's contention that Melinda Michaels worked time that was de minimis, preliminary, postliminary, or otherwise non-compensable under federal and state laws, identify all documents that support those facts, identify all witnesses that have knowledge regarding those facts, and provide a detailed summary of the knowledge you believe each witness has regarding those facts.

> **ANSWER**:
>
> **Plaintiff was not an employee of the company. She had no position and no duties to perform at any point during the period alleged in her Complaint. Plaintiff's sole connection to SeaWater was because of her romantic relationship with Mr. Spanos. Any work she may have done was in the**

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

**EXHIBIT F**

**individual capacity as Mr. Spanos's fiance and to assist him as his romantic partner, not because she was employed by SeaWater or had any obligation to SeaWater.**

**The money generated by Mr. Spanos was deposited in a joint account he had with Plaintiff. As a joint account holder, Plaintiff owned half of the money in that account and she used it as such to pay all of her personal expenses. Please refer to the bank statements produced in response to Plaintiff's First Requests for Production to SeaWater and Michael Spanos.**

**The witnesses are Plaintiff, Mr. Spanos, and the persons identified in Interrogatory No. 2.**

7.      State in detail all facts supporting SeaWater Pro LLC's 8th affirmative defense, identify all documents that support those facts, identify all witnesses that have knowledge regarding those facts, and provide a detailed summary of the knowledge you believe each witness has regarding those facts.

**ANSWER**:
**The facts that support SeaWater's affirmative defense are that after Plaintiff's romantic relationship with Mr. Spanos ended, Plaintiff embarked on a frenzy to defame and harass SeaWater and Mr. Spanos, posting defamatory statements online, false and defamatory reviews, all to destroy Mr. Spanos. Yet, it was only until recently that Defendant retained counsel to assist her in her quest against Defendants by filing this action knowing full well that she never worked for Defendants. It was only after Mr. Spanos requested a restraining order against Plaintiff that she suddenly pretended to have worked for Defendants, which she never did.**

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
**EXHIBIT F**

8. State in detail all facts supporting SeaWater Pro LLC's 11th affirmative defense, identify all documents that support those facts, identify all witnesses that have knowledge regarding those facts, and provide a detailed summary of the knowledge you believe each witness has regarding those facts.

**ANSWER**:

**Witnesses:**

**1. Trevor Fletcher - Former Employee**
**a. Hire: 02/01/2019 / Terminated: 07/15/22**
**b. Testimony: Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**2. Arya-Jane "AJ" Mitchell - Former Employee**
**a. Hire:10/31/2022 / Termination: 03/29/2023**
**b. Testimony: Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**3. Bailey Frederes - Former Employee**
**a. Hire: 12/01/2019 / Termination: 04/01/2023**
**b. Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**4. Natalie Michael - Former Employee**
**a. Hire Date: 11/09/2020 / Termination: 03/3/2021**
**b. Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**5. Rick Gomez - Employee**
**a. Hire Date: 06/28/2021 - Present**
**b. Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**6. Jesse Balber - Former Employee**
**a. Hire: 02/03/2021/ Termination: 10/27/22**
**b. Will state that Melinda Michaels was never present in any capacity other**

8

**than being a girlfriend visiting Michael Spanos.**

**7. Arthur Laschkov - Former Employee**
**a. Hire: 09/14/2021 - 10/01/24**
**b. Will state that Melinda Michaels was never present in any capacity other than being a girlfriend visiting Michael Spanos.**

**The above employees and former employees can state that:**
**A. Melinda Michaels was not on schedule and had no specific duties.**
**B. The above clocked in for work.**
**C. Melinda Michaels only showed up to SeaWater Pro as Michael Spanos's visiting girlfriend.**

9. For each person who prepared, assisted in preparing, or furnished information for the response to any of these interrogatories, state their full name, address, date of birth, phone number, their relationship if any to the other parties to this litigation, any agent-principal or employer-employee relationships they may have with any Defendants in this case, the employment position with any Defendants if applicable, and indicate the questions for which each person furnished information, assisted, or answered the interrogatory specifying whether the person furnished information, assisted and to what extent (in detail), or answered the interrogatory.

**ANSWER**:
**Name: Michael Spanos**
**Address: 3233 S.W. 2nd Avenue, #200, Fort Lauderdale, FL 33315**
**Date of Birth: December 27, 1966**
**Phone Number: (954) 800-8800**
**Relationship to the Parties: Defendant**
**Position with SeaWater: Owner**
**Mr. Spanos is responding to these interrogatories with the assistance of counsel.**

9

10. Please identify all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any fact alleged in the pleadings (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the subject matter of this action. Please also specify the subject matter about which the person has knowledge; and identify any statements, whether oral or written, given by any such persons with regard to your claims in this lawsuit, including the date made, the manner recorded, persons present when statements were made, and persons in possession of such statements.

**ANSWER**:

**The witnesses are Plaintiff, Mr. Spanos, and the persons identified in Interrogatory No. 2. No written statements obtained.**

11. Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading, complaint or answer.

**ANSWER**:

**Please refer to the records from the joint account of Plaintiff and Mr. Spanos already produced.**

12. Please describe in detail the hours that Melinda Michaels worked for SeaWater Pro LLC including: (a) the date and time that each workweek began and ended (e.g. 12:00 a.m. Monday to 11:59 p.m. Sunday); (b) the work, all duties, and job title that Melinda Michaels was assigned or performed; (c) the days of the week Melinda Michaels worked; (d) the hours Melinda Michaels worked each day and week, including any breaks taken and the length of the break(s); (e) the time Melinda Michaels started and stopped working each day, (f) the actual work, duties, and job title that Melinda Michaels performed each day and week; and (g) the identity of any person that directed Melinda Michaels's work or supervised Melinda Michaels each day and week.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
**EXHIBIT F**

**ANSWER**:

**Plaintiff did not work any hours for SeaWater, had no duties with SeaWater, no job title, no scheduled days, no hours of work, no start or end time of work, no supervisor, and nobody directing her work (because she was never employed by SeaWater).**

13.     Please describe in detail the compensation SeaWater Pro LLC paid Melinda Michaels including: (a) the date that each payroll period began and ended (b) Melinda Michaels's regular rate of pay; (c) the compensation that Melinda Michaels was paid for each day and week, (d) how the compensation was calculated including any formula used, (e) the method of payment(s) including payments made by check, trade, cash, or otherwise, and specify each; (f) any payments paid to third parties intended to compensate Melinda Michaels, and (g) the amount that you claim Melinda Michaels was overpaid for each day and week, if any, what facts you rely on to support the contention that Melinda Michaels was overpaid, and how the overpayment is calculated.

**ANSWER**:

**The money generated by Mr. Spanos was deposited in a joint account he had with Plaintiff. As a joint account holder, Plaintiff owned half of the money in that account and she used it as such to pay all of her personal expenses. Please see the bank statements produced in response to Plaintiff's First Requests for Production to SeaWater and Michael Spanos.**

a. **SeaWater's payroll period is weekly.**

b. **Plaintiff did not have a regular rate of pay since she did not work with SeaWater.**

c. **Plaintiff was not paid based on each day of the week. She was paid as**

11

  **stated above.**

 d. **No formula was used since she did not work for SeaWater, but she received the same amount as Mr. Spanos.**

 e. **The payments were made via direct deposit.**

 f. **The payments to third parties are highlighted in the bank records already produced**

 g. **Since Plaintiff was not employed by SeaWater, all payments made to Plaintiff were overpayments.**

14. Please identify any statements made by Melinda Michaels or Defendants concerning any fact alleged in the pleadings (as defined by Fed. R. Civ. P. 7(a)). Please identify who made the statement, the date, time and place of any such statements, who heard the statement, and state fully the substance of the statement.

 **ANSWER**:
 **When Plantiff's relationship with Mr. Spanos ended, Plaintiff told Mr. Spanos that she would destroy him. She has made good on her threats. SeaWater does not know the date or time when this statement was made, but it was when Plaintiff's relationship with Mr. Spanos ended. The statement was made at Mr. Spanos's residence, and Mr. Spanos heard it.**

15. State in detail all facts supporting SeaWater Pro LLC's contention that Melinda Michaels received payment for all wages that are due, identify all documents that support those facts, identify all witnesses that have knowledge regarding those facts, and provide a detailed summary of the knowledge you believe each witness has regarding those facts.

12

**ANSWER**:

**The money generated by Mr. Spanos was deposited in a joint account he had with Plaintiff. As a joint account holder, Plaintiff owned half of the money in that account and she used it as such to pay all of her personal expenses. Please see the bank statements produced in response to Plaintiff's First Requests for Production to SeaWater and Michael Spanos.**

**The witnesses to this are Plaintiff and Mr. Spanos. Their contact information and expected knowledge are in SeaWater's answer to Interrogatory No. 2.**

16. Please identify any statements made by any or each of Melinda Michaels's supervisors or other management of SeaWater Pro LLC about working, tracking, and/or reporting working overtime and/or Melinda Michaels's entitlement to overtime pay. Please indicate the date, time and place of any such statements and, if applicable, the individual who related the statement (if attributed to someone else).

**ANSWER**:

**Plaintiff did not work for SeaWater so there are no supervisors to respond to this interrogatory. Further, neither Spanos nor any other member of management ever made a statement about any of these issues since Plaintiff was not an employee of SeaWater.**

17. Please describe how the days and hours Melinda Michaels worked were tracked and recorded, and identify all documents pertaining to or containing such records.

**ANSWER**:

**Since Plaintiff was not an employee of SeaWater, she did not have to track or record her hours.**

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**EXHIBIT F**

18. Please state with specificity and in detail the terms of all agreements or understandings between SeaWater Pro LLC and Melinda Michaels relating to the payment of compensation, including minimum wages, overtime compensation, commissions, and the like, including all applicable rates of pay, and describe the records and documents upon which you rely in responding to this interrogatory.

**ANSWER**:

**There are no agreements or understandings between SeaWater and Plaintiff regarding these issues as she was not an employee of SeaWater.**

19. If SeaWater Pro LLC maintains records of the number of hours worked by Melinda Michaels, describe those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records.

**ANSWER**:

**SeaWater did not maintain records for Plaintiff as she was not an employee.**

20. Separately identify every person who is known or believed by SeaWater Pro LLC to have knowledge of the amounts paid to, and/or the hours worked by Melinda Michaels from September 28, 2019 through the end of June 2022 and/or the end of the working relationship with SeaWater Pro LLC, and for each such person, state the nature and substance of their knowledge.

**ANSWER**:

**Please refer to SeaWater's answer to Interrogatory No. 2, above for potential witnesses in this matter.**

21. For each and every affirmative defense SeaWater Pro LLC asserts in this case, identify each defense, state separately for each such defense any and all legal support therefor, the

14

factual basis for each defense, and identify all documents, and witnesses who have knowledge of the facts, supporting each defense.

> **ANSWER**:
>
> **Witnesses:**
>
> **Please refer to response to Interrogatory No. 8.**

22. Identify all reasonable grounds and good-faith actions that formed the basis for SeaWater Pro LLC's belief that its actions were in compliance with the FLSA. For each and every unwritten communication, (1) state in detail the full substance of the communication, (2) state the date of the communication, (3) identify all people present during the communication, and (4) state whether the communication was in person, by telephone, or by some of other means (identify the means). For each and every written communication including documents, (1) state in detail the full substance of the communication, (2) identify the written communication or document, (3) identify the source of the written communication or document, and (4) state the date when SeaWater Pro LLC obtained the written communication or document.

> **ANSWER**:
>
> **Plaintiff was in a romantic relationship with Mr. Spanos, did not perform and was not required to work, and was a joint account holder who received money from the account maintained for SeaWater. As such, Mr. Spanos reasonably believed that Plaintiff was not an employee and was not owed any wages, given that she not only had signatory authority over the bank account used by SeaWater but also received significant money from it if she were entitled to any wages. Those with operational control are not entitled to overtime. Discovery continues.**

15

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**EXHIBIT F**

23. For each month during the years 2019, 2020, 2021, and 2022, (1) state the month, (2) state the year, (3) state SeaWater Pro LLC's monthly gross revenue, (4) explain in detail how the gross revenue was calculated including what math and formulas were used, and (5) identify all documents and witnesses relied upon to answer this interrogatory.

**ANSWER**:

**Defendant objects to this interrogatory on the grounds that it is irrelevant to any of the claims or defenses in this matter and invasive of its right to financial privacy as guaranteed by the Florida Constitution. Defendant admitted FLSA coverage for purposes of this lawsuit; therefore, this interrogatory is wholly unnecessary and not proportional to the needs of this case.**

16

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
**EXHIBIT F**

## VERIFICATION OF INTERROGATORIES

I, **Michael Spanos** (Print Name), as the authorized representative for SeaWater Pro LLC, affirm under penalty of perjury that I have read the foregoing Answers to Interrogatories and they are true, correct, and complete to the best of my knowledge.

_____
Signature of Authorized Representative
for SEWATER PRO LLC

**Michael Spanos**
_____
Printed Name

President
_____
Title

STATE OF FLORIDA   )
                   ) ss:
COUNTY OF Dade     )

The foregoing instrument was acknowledged before me by means of ____ physical presence or ✓ online notarization, this 2 day of December, 2024, by **Michael Spanos**, who is ____ personally known to me or ✓ has produced Drivers License as identification.

_____
NOTARY PUBLIC, State of Florida

Steffany Sanguino
_____
PRINTED NAME OF NOTARY PUBLIC

STEFFANY SANGUINO
Notary Public-State of Florida
Commission # HH 196413
My Commission Expires
November 08, 2025

My Commission Expires: _____

17

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

**EXHIBIT F**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by email this 3rd day of December 2024 on Elliot A. Kozolchyk, Esq. and Dillon S. Cuthbertson, Esq., ekoz@kozlawfirm.com, dc@kozlawfirm.com, KOZ LAW, P.A., 800 East Cypress Creek Road, Suite 421 Fort Lauderdale, Florida 33334, as *Counsel for Plaintiff*.

                                              s/ Patrick Brooks LaRou
                                              Brian H. Pollock, Esq. (174742)
                                              brian@fairlawattorney.com
                                              Patrick Brooks LaRou, Esq. (1039018)
                                              brooks@fairlawattorney.com
                                              FAIRLAW FIRM
                                              135 Lorenzo Avenue, Suite 770
                                              Coral Gables, Florida 33146
                                              Telephone: (305) 230-4884
                                              *Counsel for Defendants*

18

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
**EXHIBIT F**