UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

   Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

   Defendants.
_____/

**PLAINTIFF MELINDA MICHAELS' MOTION *IN LIMINE*
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MELINDA MICHAELS, through her undersigned counsel, filed this motion *in limine* to exclude, and in support Plaintiff states the following:

**I.**    **Plaintiff's Motion to Exclude Reference to attorney's fees, costs and liquidated damages at trial.**

Plaintiff respectfully requests the Court preclude both sides from reference attorney's fees, costs, and liquidated damages.

> We agree with the parties that "there is no legal basis for referring to attorneys' fees and costs at trial," because these are "post-trial issues for the Court that do not relate to any question of fact for the jury to answer." *Gordils*, 2014 U.S. Dist. LEXIS 140310, 2014 WL 4954141, at *1 (citing 29 U.S.C. § 216(b)). The Eleventh Circuit's current pattern jury instructions also removed instructions on attorneys' fees and costs which had previously been included. *See id.* Because it is well settled that "[t]here is no longer any basis, not even in closing [*8] argument to refer to attorneys' fees and costs to the jury," and Defendants do not oppose the relief sought, Plaintiff's motion in limine to exclude any references at trial to fees and costs is DENIED as moot. *Id.* (citing *Dingman v. Cart Shield USA, LLC*, 2013 U.S. Dist. LEXIS 93551, 2013 WL 3353835 (S.D.

1

> Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.*, No. 09-21569-CIV, ECF No. 126 (S.D. Fla. Mar. 27, 2013) (same). Contrary to Defendants' arguments (or lack thereof), the same reasoning on fees and costs applies to liquidated damages. Under the **FLSA**, Plaintiff may be entitled to liquidated damages if Defendants failed to act in good faith. *See* 29 U.S.C. § 260. In other words, if a jury finds that Defendants acted willfully, then the Court must award liquidated damages in an amount equal to the compensatory damages awarded, which doubles the total damages award. *See Alvarez Perez v. Sanford—Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008). "The willfulness or good faith question is answered first by the jury . . . and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) (citing *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir. 2008)).
> This means that arguments "may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may [*9] form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury." *Gordils*, 2014 U.S. Dist. LEXIS 140310, 2014 WL 4954141, at *1.

*Pineda v. Pescatlantic Grp.*, No. 16-25291-Civ-TORRES, 2018 U.S. Dist. LEXIS 244222, at *7-9 (S.D. Fla. Aug. 16, 2018).

## II. Plaintiff's Motion to exclude reference, argument, or introduction of purported evidence of her previous hospitalization, or her mental health.

In Plaintiff's deposition, Defendants referenced Plaintiff's hospitalization and mental health to illustrate that she did not work for approximately 3 days that she was hospitalized. ECF No. 59 p. 108 ¶ 21 – p. 111 ¶ 10. Plaintiff does not dispute that she did not work those 3 days. *Id.* p. 111 ¶ 7. Therefore, any need for that testimony or reference to her hospitalization or mental health is unnecessary. Additionally, such references have no probative value and are highly prejudicial to Plaintiff's claims. Plaintiff respectfully requests the Court prohibit Defendants from introducing any reference to Plaintiff's previous hospitalization or mental health, as it is violative of her fundamental right to medical privacy. The United States Supreme Court has recognized a

constitutional interest in "avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977). A right to privacy exists within the liberty component of the due process clause protected by the Fourteenth Amendment. *See Padgett v. Donald*, 401 F.3d 1273, 1280 (11th Cir. 2005) (citing *Roe v. Wade*, 410 U.S. 113, 152-53, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973); *Plante v. Gonzalez*, 575 F.2d 1119, 1127 (5th Cir. 1978) (citing *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965)). Included in the guarantee of personal privacy are only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." *Roe*, 410 U.S. at 152 (citations omitted). The **right** to privacy has also been described as the "right to confidentiality." *See James v. City of Douglas, Ga.*, 941 F.2d 1539, 1543 (11th Cir. 1991) (internal quotation marks and citation omitted). Any reference, argument, or introduction of purported evidence of Plaintiff's previous hospitalization or her mental health should be excluded under Fed. R. Evid. 403 because it is prejudicial, irrelevant, confuses the issue, and wastes time.

### III.   Plaintiff's Motion to exclude reference, argument, or introduction of her ever owning a gun, or Defendants' purported threats of Plaintiff's gun use.

In Plaintiff's deposition, Defendants asked Plaintiff whether she owned a gun, and whether she ever threated employee Bailey Frederes with a gun, after Frederes stole "all kinds of things" from Plaintiff. ECF No. 59 p. 54, ¶ 14 – p. 55 ¶ 9.  Plaintiff indicated that she did no such thing, and that she had to relinquish custody of her firearm, as a result of Defendant Spanos filing a cyber stalking charge against her. Such references to Plaintiff's gun ownership, and purported threats which were disavowed by Plaintiff, have no probative value and are irrelevant to Plaintiff's claims under the FLSA. Plaintiff has never been convicted of a felony, has never been convicted of a crime involving the use of a firearm, and the above referenced cyberstalking case is still pending in Broward County, Florida. Plaintiff respectfully requests the Court prohibit Defendants from

introducing any reference, argument, or introduction of Plaintiff ever owning a gun, or any purported threats of Plaintiff's gun use under Fed. R. Evid. 403 because it is prejudicial, irrelevant, confuses the issue, and wastes time.

### IV. Plaintiff's Motion to exclude reference, argument, or introduction of her criminal actions, including those related to Defendant Spanos, Bailey Frederes and/or Arya-Jane Mitchell, including any allegations of cyber stalking or driving Defendnats' online business to porn ads.

In Plaintiff's deposition, Defendants asked Plaintiff about the criminal misdemeanor cases (ECF No. 59 p. 55 ¶ 10 – 17, p. 138 ¶ 17 – p. 140 ¶13, p. 140 ¶ 21-24) that had been waged against her involving former employees Bailey Frederes (Plaintiff's own niece), Arya-Jane Mitchell (Bailey's Girlfriend), and Defendant Spanos. The allegations of cyberstalking brought by Ms. Frederes and Ms. Mitchell were voluntarily dismissed in Broward County in June of 2023. Additionally, the case waged by Spanos against Plaintiff is still pending, and there have been allegations that Spanos has kept the case open in order to leverage Plaintiff's position that she was not properly paid. ECF No. 59 p. 138 ¶ 13-29. Furthermore, Plaintiff testified that Spanos hired a third-party company to run the SW page, and that she had nothing to do with porn URL's being linked to the page, as it was not being run by her. ECF No. 59 p. 106 ¶7-11. Such references and purported evidence have no probative value, are highly prejudicial and irrelevant to Plaintiff's claims brought under the FLSA. Plaintiff respectfully requests the Court prohibit Defendants from introducing any reference, argument, or introduction of Plaintiff's alleged criminal actions, including those related to Defendant Spanos, Bailey Frederes and/or Arya-Jane Mitchell, including any allegations of cyber stalking or driving Defendants' online business to porn ads, under Fed. R. Evid. 403 and 609 because it is prejudicial, irrelevant, confuses the issue, and wastes time.

V. **Plaintiff's Motion to exclude reference, argument, or introduction of the Wells Fargo Credit Card civil matter .**

In Plaintiff's deposition, Defendants asked Plaintiff about the pending Wells Fargo Credit Card lawsuit against her for nonpayment, which remains pending in Broward County, Florida. ECF No. 59 p. 219 ¶ 19- p. 223 ¶ 6. In the Deposition, Plaintiff stated she did not have the money to pay her credit card bill for two months, so Wells Fargo filed the action. Defendants sought to purport that the filing of the Wells Fargo lawsuit against Plaintiff was somehow related to Plaintiff filing her lawsuit against Defendants, which Plaintiff denies. Defendants should be prohibited from referencing, arguing, or introducing evidence related to Plaintiff's purported motive or intent for pursuing her legal remedies against Defendants after she was sued by Wells Fargo. Such an argument is unfairly prejudicial and irrelevant to the question of Plaintiff's damages for Defendants' violations under the FLSA and should be prohibited under Fed. R. Evid. 403 because it is prejudicial, irrelevant, confuses the issue, and wastes time.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon Cuthbertson, Esq.
Florida Bar No. 1056382

## **CERTIFICATE OF CONFERRAL**

Counsel conferred on August 5, 2025, and August 6, 2025, and Defendants' counsel DOES NOT OPPOSE ¶ I. Defendants' counsel OPPOSES ¶ II, III, IV and V.

_____
Dillon Cuthbertson, Esq.