UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO, LLC, AND
MICHAEL SPANOS,

    Defendants.

_____/

## **DEFENDANTS' MOTION IN LIMINE AND/OR TO EXCLUDE**

Defendants, Seawater Pro, LLC and Michael Spanos, request that the Court enter an Order *in limine* and/or exclude any evidence, argument, inference, or reference at trial on the following <u>disputed issues</u>:

### **I. INTRODUCTION**

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, the Defendants are raising these pre-trial evidentiary issues to streamline the trial of this case, eliminate the potential for the Court's precious trial time to be wasted on immaterial issues unrelated to those to be decided by the jury at trial and attempt to avoid the potential for the Plaintiff to introduce or refer to matters at trial before the jury that would result in a requested mistrial and/or lead to an appeal.

## II. DISPUTED ISSUES

Plaintiff requests the Court to address the following issues before trial and preclude the Plaintiff from raising these issues—whether through the introduction of evidence, through inferences, or by argument—on several topics to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

1. For evidence to be admissible at trial, it must be relevant. Fed. R. Evid. 401, 402.

2. Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude any evidence (argument, inference, or reference) wherein the potential probative value is substantially outweighed by the danger of unfair prejudice.

**(A)** ***Inadmissible Hearsay Involving Irrelevant And Improper Matters***

3. The Plaintiff intends to introduce at trial evidence, arguments, or inferences despite their lack of relevance, lack of probative value, and the problem that they constitute inadmissible hearsay.

i. <u>Online Reviews</u>

4. In deposing Mr. Spanos, the Plaintiff questioned him about online reviews posted by non-parties. [ECF No. 60 at 75-76: 2-23].

5. Mr. Spanos testified that the Plaintiff may have been in the car with him when he delivered parts to a customer. *Id.*, at 76.

6. Thus, the Plaintiff should be required to ask questions of Mr. Spanos instead of relying on online reviews, which do not indicate the days or times that the Plaintiff claims to have worked.

ii. <u>Body Camera Footage</u>

7. The introduction of video footage that was obtained from the Fort Lauderdale Police Department and depicts an encounter involving the Plaintiff and Mr. Spanos is not relevant

to any fact at issue, has no probative value, will not aid the jury in deciding the issues in this case, is cumulative, is likely to confuse the jury, and will unfairly prejudice the Defendants.

8. While deposing Mr. Spanos, the Plaintiff played a video of "body cam footage from Fort Lauderdale Police Department" that "shows a date of January 12th, 2021 at approximately 5:13 p.m." [ECF No. 60 at 81].

9. The Plaintiff questioned Mr. Spanos in his deposition about what was depicted on the video, asking if he saw the Plaintiff sitting behind the desk, greet the police officers, open the door to SeaWater Pro's business, and talk to the police officers from behind the desk. *Id.*, at 81-52.

10. In response, Mr. Spanos not only testified that the Plaintiff was sitting behind the desk "She was there," but also that he had not disputed that she would sit at the desk at SeaWater Pro's business "I told you before." *Id.*, at 82: 20-25.

11. Mr. Spanos did not dispute that the Plaintiff sat at the desk at SeaWater Pro's business. *Id.*, at 71-72: 13-9; 80: 18-21.

12. Whether the Plaintiff sat at the desk at SeaWater Pro's business on one or more occasions is not in dispute, and playing a video recorded from a police officer's body camera would only be cumulative to the testimony that Mr. Spanos has given and could again give at trial. "Rule 403's 'major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Galati v. Royal Caribbean Cruises Ltd.*, 2024 U.S. Dist. LEXIS 119947, at *4 (S.D. Fla. July 9, 2024) (quoting *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)).

13. The Defendants are concerned that the Plaintiff will attempt to introduce that Mr. Spanos was detained by the police (and then let go shortly thereafter without any arrest or charges filed), even though this encounter has no bearing on Plaintiff's status as an employee, hours worked, liability of Defendants, or Plaintiff's ability to recover minimum wages under the FLSA or Florida Minimum Wage Act.

14. The Plaintiff is trying to backdoor into evidence at trial a video depiction of an encounter with members of the Fort Lauderdale Police on January 12, 2021, in which Mr. Spanos was not even arrested, despite the bar to introducing alleged criminal activities that did not result in the conviction of a felony or false statement, which should not be allowed. *See United States v. Kendrick*, 682 F.3d 974, 986 (11th Cir. 2012) (excluding evidence of prior charges).

      iii.  Disposition or Disposal of Property and Supposed Contents

15. Although this case deals only with Plaintiff's alleged failure to receive the minimum wages employees are entitled to receive, the Plaintiff seeks to introduce evidence at trial involving events which allegedly occurred *after* the time relevant to this lawsuit.

16. Stated another way, the Plaintiff seeks to have the Court consider evidence that Mr. Spanos threw away, discarded, or destroyed her belongings *after* June of 2022.

17. The Plaintiff claims that Mr. Spanos "had ownership of" and "disposed of" her property after June of 2022. [DE 59 at 85: 17-20].

18. However, the Plaintiff admitted in deposition that Mr. Spanos delivered her property to her and that she refused to accept it, but did not deliver "all of my property." *Id.*, at 85-86: 24-2.

19. Although the Plaintiff claims that Mr. Spanos "stated to [her] that he had disposed of a great deal of my property," she also admitted in deposition that the parties are not before this Court to address any issue with the property she claims Mr. Spanos discarded after June of 2022: "No, we're not." *Id.*, at 85: 21-23.

20. The Plaintiff acknowledged that Mr. Spanos likely was unaware of what was in any of the boxes or containers he discarded after the parties ended their relationship when she indicated in response to a question about him knowing about the contents by saying "Probably not." *Id.*, at 160: 10-14.

21. Whether Mr. Spanos threw out or disposed of items after June of 2022 (and before he received any demand letter or lawsuit from the Plaintiff) is irrelevant to the issues in this case, as he was under no obligation or duty to preserve these materials, and there is no claim by the Plaintiff that he was. (CITE – no duty to preserve if not on notice of a potential claim or a request to preserve).

22. The Defendants are concerned that the Plaintiff will seek to introduce evidence, make arguments, references, or inferences at trial regarding the materials she claims existed but no longer exist.

23. Among the materials the Plaintiff claims existed but which Mr. Spanos discarded are "leases that I had co-signed for and showing that I was the emergency contact and hours that I had some stuff scribbled down on papers of things that I had done and hours that I'd worked

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

and duties that I was forced to perform" and notes that she had made and kept in a container at SeaWater Pro. *Id.*, at 155-156: 17-2; 159-160: 21-9.

24. Writings or materials in the containers would be inadmissible hearsay, and the Plaintiff's attempt to introduce or explain these contents, which no longer exist, is an improper attempt to introduce hearsay upon hearsay and avoid the application of the best evidence rule. *Smallwood v. Davis*, No. 5:14-cv-87, 2017 U.S. Dist. LEXIS 61287, at *11 (S.D. Ga. Apr. 21, 2017) ("Plaintiff is not permitted to elicit testimony and evidence from Mrs. Smallwood relating to the contents or existence of a document.")

25. Allowing the Plaintiff to introduce, argue about, or refer to evidence that Mr. Spanos discarded boxes or containers, or of their contents, will lead to a sideshow about the propriety of Mr. Spanos' conduct and other irrelevant and unfairly prejudicial and confusing issues, inadmissible hearsay and inferential hearsay, which the Court should not permit.

### iv. Warrant for Arrest of Mr. Spanos

26. The Plaintiff intends to introduce at trial evidence, argument, or inferences at trial about a supposed warrant for the arrest of Mr. Spanos or about why he cannot use his Greek passport. [ECF No. 59 at 82; 195-196: 22-4.]

27. The Court cannot permit the Plaintiff to inject these issues into the trial of this case, as they are irrelevant and an improper attempt to inject extraneous issues into this case. *Powers v. Target Corp.*, 2020 U.S. Dist. LEXIS 73289, 2020 WL 1986968, at *6 (S.D. Fla. April 27, 2020) (excluding evidence of convictions more than 10 years old under Rule 609(b)).

28. Moreover, without a conviction for a felony or crime involving false statement or dishonesty, the character attack would be inappropriate at trial. *See United States v. Kendrick*, 682 F.3d 974, 986 (11th Cir. 2012) (excluding evidence of prior charges).

### v. Videos Before October 2, 2019

29. The Plaintiff intends to rely on evidence and arguments that she was "working" and an "employee" by referring to a video that she admits was recorded in 2018.

30. The Plaintiff testified that only one of the videos she produced in discovery was recorded in 2019 – in which they were in a boat and demonstrating the water maker. [ECF No. 59 at 198: 4-16].

31. Videos and other evidence that were created or recorded and which relate to work the Plaintiff concedes she performed for the Defendant before October 2, 2019, should be excluded as irrelevant hearsay, inadmissible pursuant to the best evidence rule, and not probative of any fact in dispute as having been recorded and made to any applicable limitations period. Fla. Stat. §448.110.

**(B)** ***Improper Opinion Testimony***

32. Although Fed. R. Evid. 701 permits nonexpert witnesses to offer opinion testimony that is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue," it cannot be "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

33. The Plaintiff does not qualify as an expert witness under Rule 702 because she does not have the "knowledge, skill, experience, training, or education" that would permit her to testify about how Mr. Spanos "treated" her, any purported psychiatric or psychological traits of Mr. Spanos, or that he "controlled" or "required" or "prevented" her in any way.

        i.      <u>How the Plaintiff Claims Mr. Spanos "Treated" Her</u>

34. The Plaintiff seeks to introduce how she claims Mr. Spanos "treated" her during their relationship, which has no probative value, has nothing to do with the issues in this case, is irrelevant, will not aide the jury in deciding the issues in this case, will confuse the jury, and the danger of unfair prejudice to the Defendants will far outweigh any probative value.

35. The Plaintiff admits to posting online "reviews" of SeaWater Pro in which she "made comments on that page" about the "the treatment that Mike was doing to me." [ECF No. 102: 3-18].

36. Not test to be used by the Court or jury to determine whether the Plaintiff was an "employee" involves a consideration of how the Plaintiff claims she was "treated" by an employer in their personal, romantic relationship.

37. Neither the test proposed by the Plaintiff used to distinguish between independent contractors and employees in *Scantland v. Jeffry Knight, Inc.*, 724 F.3d 1308 (11th Cir. 2013) nor any of the cases finding partners or romantic partners were not "employees" consider how partners or romantic partners treat one another in their personal lives as a determinative factor. *See e.g.*, *Fountain v. Metcalf, Zima & Co., P.A.*, 925 F.2d 1398 (11th Cir. 1991); *Steelman v. Hirsch*, 473 F.3d 124 (4th

Cir. 2007); *Escobar v. GCI Media, Inc.*, 2009 U.S. Dist. LEXIS 52719 (S.D. Fla. June 22, 2009); and *Hawrych v. Nutra-Luxe M.D., LLC*, 2022 U.S. Dist. LEXIS 73316 (M.D. Fla. Apr. 21, 2022).

38. Likewise, whether Plaintiff believed she was treated as an employee is also irrelevant and should not be allowed as evidence, argument, or an inference at trial. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921, at *5 (N.D. Ga. Dec. 31, 2013) ("the Plaintiffs' subjective belief is not a relevant consideration.")

> Whether the parties intended to create an employment relationship is irrelevant to whether Plaintiff was dependent on Wacko's. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982). Likewise, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

*Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524552, at *3 (M.D. Fla. Aug. 22, 2019).

39. The Plaintiff's testimony that she considered herself an "employee" is irrelevant because it does not tend to prove or disprove employment. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on Defendant's motion for partial summary judgment to determine whether Plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship).

40. Moreover, the determination of whether the Plaintiff was an "employee" or was treated "like an employee" is an ultimate issue that must be decided by the jury and should not be a subject on which the Plaintiff can testify. *Blanco v. Capform, Inc.*, 2013 U.S. Dist. LEXIS 3385, at *3-4 (S.D. Fla. Jan. 9, 2013) (Statements by lay witnesses that include legal [*4] conclusions, however, are improper and inadmissible at trial.") (citing *Ojeda v. Louisville Ladder Inc.*, 410 F. App'x 213, 215 (11th Cir. 2010)).

41. Likewise, any testimony that Mr. Spanos threatened her with a lawsuit to reverse the expungement of a misdemeanor arrest from the Plaintiff's record is irrelevant, hearsay, and more prejudicial than probative. [ECF No. 59 at 212-213: 25-7].

ii. <u>Personality or Character Traits Attributable to Mr. Spanos</u>

42. Plaintiff is concerned that Defendants will attempt to introduce evidence or that the Plaintiff will make arguments, references, or inferences at trial regarding personality or character traits she attributes to Mr. Spanos, as she has done after her relationship with Mr. Spanos ended.

43. The Plaintiff attended community college and other than a driver's license, she holds licenses or certifications related to "fitness". [ECF No. 59 at 10-14].

44. Since the Plaintiff is not qualified to render any opinions about any personality or character traits of Mr. Spanos, and cannot do so without a proper foundation, the Court must prevent her from offering any such expert opinion evidence.

45. In addition, any attempt by the Plaintiff to attribute Mr. Spanos to having any personality or character trait would be irrelevant to the issues to be decided by the jury, likely to confuse them, and any value would be substantially outweighed by the danger of unfair prejudice to the Defendants.

46. The only reason why the Plaintiff would raise the issue of any character trait she contends Mr. Spanos has would be to either improperly elicit sympathy from the jury or to prejudice the jury against him.

iii. <u>Mr. Spanos "Controlled" or "Required" or "Prevented" the Plaintiff</u>

47. In her Declaration, the Plaintiff repeated these words in hopes that the Court would accept them as true, despite her failing to support these conclusory statements with a supportive underlying factual or legal basis.

48. Although Rule 701 permits a lay witness to provide certain types of opinion testimony, it does not permit a party or lay witness to offer conclusory testimony about issues the jury is tasked with deciding.

49. The Plaintiff cannot be allowed to tesitfy that Mr. Spanos Spanos "controlled" or "required" or "prevented" her because the jury is tasked with deciding these issues. *Blanco v. Capform, Inc.*, 2013 U.S. Dist. LEXIS 3385, at *3-4 (S.D. Fla. Jan. 9, 2013) (Statements by lay witnesses that include legal conclusions, however, are improper and inadmissible at trial.") (citing *Ojeda v. Louisville Ladder Inc.*, 410 F. App'x 213, 215 (11th Cir. 2010)).

50. And as the Court held in Commodores Entm't Corp. v. McClary, 879 F.3d 1114, 1128 (11th Cir. 2018), "While it is well established that a qualified expert in a civil case may offer

his opinion on an 'ultimate issue' in a case, Fed. R. Evid. 704(a), experts 'may not testify to the legal implications of conduct' or 'tell the jury what result to reach.'" (Quoting *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990).)

51. Testifying that Mr. Spanos controlled" or "required" or "prevented" her from doing or not doing something is the type of conclusion not even an expert can testify to – and as a lay witness, the Plaintiff must be precluded from doing so as well.

**(C)** ***Undisclosed Damage Calculations and Unrecoverable Damages***

i. <u>New and Previously Undisclosed Damages and Damage Calculations</u>

52. The Defendants are concerned that the Plaintiff will ambush them at trial by relying on or offering to the jury damage calculations that they failed to timely or properly disclose.

53. The Defendants asked the Plaintiff to agree not to sandbag them with undisclosed damage calculations, but they refused to agree.

54. Rule 26 requires parties to provide to the other party, regardless of whether the information is requested in discovery, and regardless of whether it is being used for a party's case in chief or for impeachment purposes.

55. Rule 26 also requires parties to supplement their discovery responses and requires the Court to preclude the introduction of documents that were not previously and timely disclosed:

56. The Plaintiff provided Answers to Interrogatories in which she calculated her minimum wage damages in response to Interrogatory No. 4 on December 2, 2024 (Exhibit "A"), or in her Amended Answers dated January 17, 2025 (Exhibit "B"), without having since further amended or updated them.

57. The Defendants request the Court to enforce the Rules and its Order Amending Trial Schedule [ECF No. 47] by excluding any evidence, inference, or argument by the Plaintiff involving any amount or calculations other than those contained in the amended Complaint or her sworn Answers to Interrogatories.

ii. <u>Damages Beyond The Applicable Limitations Period(s)</u>

58. Plaintiff anticipates that Defendants will attempt to introduce evidence at trial relating to work she claims to have performed during the extended limitations periods provided by the FLSA and FMWA. [ECF No. 28].

59.     Any such evidence would be irrelevant, unfairly prejudicial, and not relate to any issue in dispute while also tending to confuse the jury until the Plaintiff has made a threshold evidentiary showing that any violation of the FMWA or FLSA was with the requisite level of intent.

60.     The Plaintiff has no evidence that she was an employee or that the Defendants intentionally or willfully failed to pay her the minimum wage required by law. *But see Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1242 n.33 (S.D. Ala. 2008) (discussing necessity of a "preliminary showing" before offering evidence related to damages during the extended limitations period).

61.     The Plaintiff has not and cannot meet this standard, which requires the following:

> "To show a willful violation of the FLSA Plaintiff must show 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1332 (S.D. Fla. 2008) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)).

*Lara v. G&E Fla. Contractors, Ltd. Liab. Co.*, 2015 U.S. Dist.. LEXIS 105981, at *21 (S.D. Fla. July 21, 2015).

62.     The Plaintiff's failure and/or inability to make such a showing requires the exclusion of irrelevant and immaterial evidence.

WHEREFORE Defendants, Seawater Pro, LLC and Michael Spanos, request that the Court enter an Order *in limine* in accordance with the foregoing motion.

**LOCAL RULE 7.1 CERTIFICATION**

I HEREBY CERTIFY that the undersigned has conferred with counsel for Plaintiff, who agreed to exclude evidence relating to text messages that were not disclosed in discovery and to exclude evidence relating to the gross and net revenues of the Defendants, but who opposed the relief sought in this motion.

Respectfully submitted this 6th day of August 2025.

s/ Brian H. Polloc, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Defendants*
