**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:24-cv-60984-Rosenberg/Augustin-Birch

MELINDA MICHAELS,

      Plaintiff,

v.

SEAWATER PRO LLC and MICHAEL SPANOS
a/k/a MIKE SPANOS,

      Defendants.

_____/

**PLAINTIFF MELINDA MICHAELS' RESPONSE TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES**

1.      Please state the name, title (if any), address, telephone number, and relationship to Plaintiff

of any person answering or assisting in answering these interrogatories.

**ANSWER**:

Melinda Faith Michaels

c/o Koz Law, P.A., Plaintiff's counsel
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, Florida 33334
(786) 924-9929

2.      As to your alleged employment with SeaWater, please state the following:

a)  Name and position of the person who hired you.

b)  The position you were hired for.

c)  Your duties and responsibilities.

d)  Your rate of pay.

e)  Your corporate email address.

1

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

f)   The names and titles of your coworkers.

**ANSWER**:

Plaintiff was hired by Defendant Michael Spanos as a Manager for the Defendants. Plaintiff's duties included inventory control (ordering, stocking), shipping units to customers and fulfilling orders (packing boxes, creating labels), speaking to customers, customer support, customer service, managing some of the employees (however Plaintiff did not have the ability to hire/fire), set up and managed Defendants' social media, building units, handling Defendants' schedule, including Defendant Spanos' work responsibilities and his outside appointments such as the doctor, maintaining each order checklist from receiving the order to the order leaving the business, fulfilling dealer's orders and handling accounting with the dealers, consulting on HR issues with Defendants and other employees, handling deals with customers, negotiating rates with UPS, maintaining the facilities, machining, cleaning the computer CNCs, handling of any lost shipments, confirm shipment locations, deal with customs where any shipment issues arose, attending trade shows on behalf of Defendants.

Defendants failed to compensate Plaintiff at a regular rate of pay—Plaintiff, therefore, did not have a rate of pay. Plaintiff herein incorporates her answer to interrogatory number 3 regarding coworkers who witnessed her working for the Defendants. Based upon Plaintiff's knowledge and belief, she cannot recall a corporate email address.

3.      Identify and provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in your Complaint filed in this action, or any fact underlying the subject matter of this action, and state the specific nature, substance, and source of the knowledge that you believe the person(s) may have.

**ANSWER**:

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

Melinda Michaels, Plaintiff. c/o Koz Law, P.A. Has knowledge of the facts and circumstances surrounding this lawsuit including Plaintiff's claims.

Michael Spanos a/k/a Mike Spanos, Defendant. c/o Defendants' Counsel. Has knowledge of the facts and circumstances surround this lawsuit including Plaintiff's claims and Defendants' defenses.

Ernst VonSanthaagens – 954-889-4466. 37 Hendricks Isle, Ft. Lauderdale, FL 33301. Did part time work at the Defendants. Mr. VonSanthaagens witnessed Plaintiff's day-to-day work and hours for Defendants. He has knowledge that Plaintiff was not getting paid, and that Plaintiff was owed money by Defendants.

Debbie Eisenberg – 954-253-9538. 47 Hendricks Isle, Ft. Lauderdale, FL 33301. Ms. Eisenberg was the landlord for the dock that Defendants maintained a residence. She witnessed Plaintiff working for Defendants. Ms. Eisenberg has knowledge that if and when Defendants were short on rent, Plaintiff paid the rent out of her personal account. Ms. Eisenberg has knowledge that Plaintiff did not get paid, and that Plaintiff was owed money by the Defendants.

Charles ("Chuck") Dixon – 305-972-5780. 37 Hendricks Isle, Ft. Lauderdale, FL 33301. Ms. Dixon was a neighbor and friend of Plaintiff and Defendant Spanos. Mr. Dixon attended multiple trade shows and witnessed Plaintiff working those shows as a representative of Defendants. Mr. Dixon witnessed Plaintiff working at the shop. Mr. Dixon has knowledge that Plaintiff was working and not getting paid properly, and that Plaintiff was owed money by Defendants.

Dan Kelly – 954-663-1630. Address unknown. Mr. Kelly works in the boat business, was present at the trade shows and witnessed Plaintiff working for the Defendants. Mr. Kelly has knowledge that Plaintiff was working for the Defendants and not being properly compensated for her work.

"Moji" Zahedi – 602-317-9999. Mesa, Arizona. Mr. Zahedi witnessed Plaintiff working in the shop whenever he was in town. Mr. Zahedi attended the trade shows and witnessed Plaintiff working for

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

Defendants. Mr. Zahedi also witnessed Plaintiff showing up to meetings held for potential buyers. Mr. Zahedi has knowledge that Plaintiff was not getting paid properly, and that Plaintiff was not being paid at all. Mr. Zahedi has knowledge that Plaintiff was owed money by Defendants.

Debbie Zahedi – 480-570-4444. Mesa, Arizona. Mrs. Zahedi witnessed Plaintiff going to meetings held for potential buyers. Mrs. Zahedi has knowledge that Plaintiff was not being paid properly by Defendants, and that Plaintiff was not being paid at all. Mrs. Zahedi has knowledge that Plaintiff was owed money by the Defendants.

Natalie Michael – 954-554-2736. Naples, Florida (exact address unknown). Ms. Michael worked as a bookkeeper for Defendants. Ms. Michael witnessed Plaintiff performing day-to-day tasks for the Defendants. Ms. Michael had knowledge that Plaintiff was not being paid properly because Ms. Michael did payroll. Ms. Michael has knowledge of the breadth of the Defendants' books, and has the knowledge that Plaintiff was owed money by Defendants.

Dylan Tubbert – 623-703-5259. Plaintiff's Son. Mr. Tubbert was employed by Defendants in charge of building and shipping and witnessed Plaintiff working for Defendants. Mr. Tubbert has knowledge that Plaintiff was not getting paid properly by Defendants, and that Plaintiff was owed money by the Defendants.

Nicholas Tubbert – 623-552-1850. Gilbert, Arizona. Plaintiff's Son. Mr. Tubbert witnessed Plaintiff working for the Defendants on a daily basis whenever he was in town throughout the claim period. Mr. Tubbert has knowledge that Plaintiff was not getting paid properly, and that Plaintiff was owed money by the Defendants.

Francis "Quinton" Tubbert V – 913-710-8740. 22244 W 121st Terrace, Olathe, Kansas, 66061. Plaintiff's Son. Mr. Tubbert witnessed Plaintiff working for the Defendants on a daily basis whenever he was in town throughout the claim period. Mr. Tubbert has knowledge that Plaintiff was not getting paid properly, and that Plaintiff was owed money by the Defendants.

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

Alex Loebelenz – 954-288-2828. Ft. Lauderdale (address unknown). Mr. Leobelenz performed work at Defendants' warehouse and witnessed Plaintiff working for the Defendants on a daily basis. Mr. Leobelenz has knowledge that Plaintiff was not getting paid properly, and that Plaintiff was owed money by the Defendants.

Melina Loebelenz – 954-204-8924. Ft. Lauderdale (address unknown). Mrs. Leobelenz witnessed Plaintiff coming and going on a daily basis from the Defendants. Mrs. Leobelenz has knowledge that Plaintiff was not getting paid properly, and that Plaintiff was owed money by the Defendants.

4.     State the amount of damages you are seeking in this action through the date of your response. Include your calculations and a detailed description of how you arrived at the amount, and itemize each component of damages you are seeking.

**ANSWER**:

Total Unpaid Minimum Wages = $81,580.89 = $10.00 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 38.86 Weeks + $8.65 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 29.71 Weeks + $8.65 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 8.14 Weeks + $8.56 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 52.29 Weeks + $8.46 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 13.71 Weeks

Total Liquidated Damages = Total Unpaid Minimum Wages

5.     Identify all written statements or transcriptions of oral statements relating to your claims that you, your attorneys, or anyone acting on your behalf have taken or received.

**ANSWER:**

None.

6.     Identify any other legal proceeding, litigation, arbitration, mediation and/or administrative proceeding (including criminal matters) in which you have ever participated, and for each identify

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

your role (i.e., party, witness, expert, jury member) the case name, case number, court, and briefly describe the nature of the litigation and the result.

**ANSWER**:

Broward County, Florida:

DVCE23002161; Michael Spanos v. Melinda Faith Michaels

DVCE23000795; Bailey Sierra-Michelle v. Melinda Michaels

DVCE23000794; Arya-Jane Precious-Dovey Mitchell v. Melinda Michaels

7.      Identify any and all documents you believe pertain to your claims in this action.

**ANSWER:**

PLA0001-1531

8.      Have you ever been convicted of a crime, other than any offense as a juvenile, which crime had a possible maximum sentence of imprisonment in excess of one (1) year, or that involved dishonesty or a false statement, regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

No.

9.      Please identify any payments you received from Defendants between January 1, 2019, and December 31, 2022, including the dates each payment was made, the amounts, methods of payment, and the purpose of each payment.

**ANSWER**:

Sometime in 2022, Defendants issued Plaintiff one check for $600, which Plaintiff did not deposit.

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

10.     Describe any communications you had with Defendants regarding the terms and conditions of your alleged employment, including compensation, job duties, and work hours.

**ANSWER:**

Defendants had firsthand knowledge of the terms and conditions of Plaintiff's employment, lack of compensation, duties, and hours worked. Defendant Spanos has firsthand knowledge of the hours Plaintiff was working, the day-to-day tasks that Plaintiff was performing and that he had direct supervision over, and the authority on the quality of work that Plaintiff was required to perform. Plaintiff and Defendant Spanos worked side by side daily. There were times from the birth of the company that the Defendants could not afford to pay rent, and Plaintiff was required to step in and use her own money and resources to cover Defendants' costs. Defendant Spanos regularly communicated to Plaintiff that Defendants would pay her back the money they owed her. Plaintiff was never properly paid for the hours she worked, or the wages Plaintiff was owed.

11.     Describe every instance in which you demanded payment from Defendants for work you allegedly performed, including the dates of these demands and the responses received.

**ANSWER:**

Plaintiff can recall that she demanded payment once from the Defendants in 2022, when a discussion was had between Plaintiff and Defendant Spanos regarding putting Plaintiff on payroll. Defendant had QuickBooks issue Plaintiff a payroll check for $600, Plaintiff was stunned at how little it was for the time owed, and work that Plaintiff was doing, and did not deposit it. After that, the Defendant continued to make promises that the Defendant and business would provide for Plaintiff in the future. Plaintiff was never paid properly for the hours worked, duties performed, or the money that Plaintiff was owed by Defendants.

12.     Identify all of your sources of income from January 1, 2019, through December 31, 2022.

**ANSWER:**

7

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

Plaintiff estimates that she received alimony that fluctuated from approximately $1500 / month and $1840 / month during that period.

13.     Identify all withdrawals and personal transactions you made from any joint account you had with Spanos during the period from January 1, 2019 through December 31, 2022.

**ANSWER:**

Plaintiff does not recall withdrawing money from the joint account with the Defendant Spanos during that period. However, the Defendant Spanos did have Plaintiff's car insurance on autopay through that account, as Plaintiff was using her own personal vehicle to transact business for the Defendants.

I declare under penalty of perjury pursuant to 28 U.S. Code § 1746 foregoing is true and correct to the best of my knowledge and belief.

_____
MELINDA MICHAELS

   12 / 02 / 2024
_____
Date

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2024, a true and correct copy of Plaintiff

Melinda Michaels' Response to Defendants' First Set of Interrogatories was served by email on all

counsel or parties of record on the Service List below.

/s/ Dillon S. Cuthbertson
Dillon S. Cuthbertson, Esq.
Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:      (786) 924-9929
Fax:      (786) 358-6071
Email: dc@kozlawfirm.com
Florida Bar No. 1056382
*Attorney for Plaintiff*

## SERVICE LIST

Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com
brooks@fairlawattorney.com
*Attorneys for Defendants*

9

Doc ID: c8935b50a5e99d403a20a015951a4b6f24806c2a