UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO, LLC, AND
MICHAEL SPANOS,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
THE PLAINTIFF'S MOTION IN LIMINE**

**I. INTRODUCTION**

The Plaintiff provides no legitimate reason to preclude the Defendants from introducing relevant evidence about her motivation for filing and pursuing this lawsuit.

**II. ARGUMENT**

The Plaintiff's dislike for her actions and unsupported claims of prejudice do not require the Court to exclude otherwise relevant and probative evidence. In fact, excluding evidence that is relevant and admissible, even if somewhat prejudicial, is not appropriate here, given the high hurdle that the Plaintiff fails to overcome and the legitimate use of the evidence at issue.

>Because it allows a trial court to exclude evidence that is probative, Rule 403 is "an extraordinary remedy which should be used sparingly." *United States v. King*, 713 F.2d 627. 631 (11th Cir. 1983). Accordingly, the balance should be struck in favor of admissibility. *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011). Rule 403 should be used "only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion." King, 713 F.2d at 631 (emphasis in original). In applying Rule 403, courts must "look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Because of this, a district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (quoting *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989) (quotation marks omitted)).
>
>As evidence becomes more essential, its probative value becomes greater. *King*, 713 F.2d at 631. Rule 403's major function is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)). Testimony merely intended to bolster a party's case is more easily excluded under Rule 403 than testimony that forms a critical part of that case. *See United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983) (holding that evidence necessary to the government's rebuttal of a defendant's case could not be excluded under Rule 403, but could have been if it was introduced only to "bolster the prosecution's case."). [*Emphasis in original*.]

*Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014).

**A.** **Evidence And Arguments Involving The Timing of And Backdrop Against Which The Plaintiff Filed This Lawsuit And Her Motivation In Filing And Pursuing It Is Relevant And Admissible.**

The Plaintiff seeks to exclude relevant evidence that she filed this lawsuit after Mr. Spanos obtained a temporary restraining order against her for cyberstalking and after she was sued for an unpaid credit card debt. The Plaintiff does not cite any cases to support her arguments, relying exclusively on her testimony for exclusion, contending the evidence at issue is "prejudicial, irrelevant, confuses the jury, and wastes time" and should be excluded under Fed. R. Evid. 403 and 609. [ECF No. 72 at 4]. The likely reason why she did not support her arguments for exclusion

with citations to cases construing analogous situations is that doing so would have exposed the futility of her position.

The Plaintiff asks the Court to exclude evidence of the "criminal misdemeanor cases that had been waged against her" by Bailey Frederes, Arya-Jane Mitchell, and Mr. Spanos. [ECF No. 72 at 4.] The Defendants do not intend to introduce evidence of the criminal misdemeanor case against the Plaintiff to prove or infer that she is a violent person or a criminal, but as evidence of her <u>untruthfulness</u> in official proceedings and her <u>motivation</u> behind this lawsuit.

1.  <u>Evidence of the Plaintiff's **untruthfulness** is relevant and admissible.</u>

Rule 608 entitles the Defendants to offer evidence at trial that the Plaintiff was or is untruthful:

> Rule 608 of the Federal Rules of Evidence provides that a court may permit evidence of "specific instances of a witness' conduct" on cross-examination if such instances "are probative of the character for truthfulness or untruthfulness of [ ] the witness." Fed. R. Evid. 608(b). "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994).

*Ramirez v. Rosalia's Inc.*, 2022 U.S. Dist. LEXIS 190962, at *9 (S.D. Fla. Oct. 19, 2022).

The Plaintiff's untruthfulness led to her arrest, and her failure to disclose this arrest in her Answers to Interrogatories in this case is further evidence of her untruthfulness. The Plaintiff testified in deposition about the circumstances, which involved Mr. Spanos calling the police, the Plaintiff lying to the police by telling them that Mr. Spanos "hit" her, her asking for Mr. Spanos to be arrested, and that <u>she was arrested</u> after the officers listened to the recording of the underlying incident. [ECF No. 139-140: 23-20]. The Plaintiff doubled down on her untruthfulness with regard

to this arrest by not disclosing it in response to Answer to Interrogatory No. 6 or her Amended Answer to Interrogatory No. 6. [ECF No. 73-1 at 6; 73-2]. The Plaintiff was, therefore, untruthful in her Answers to Interrogatories. As such, the Defendants can demonstrate that the Plaintiff was dishonest in these proceedings by not disclosing her arrest (or subsequent expungement of that arrest) in either of her Sworn Answers to Interrogatories. The Defendants should be permitted to cross-examine the Plaintiff at trial about her arrest to establish that her untruthfulness in official proceedings involving Mr. Spanos.

    2.    <u>Evidence of the Plaintiff's **motivation** for this lawsuit is relevant and admissible.</u>

Rule 404(b) provides that although "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," it is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

> Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice. *See, e.g., United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The evidence must also pass a 403 balancing test. *Id.* To meet the second prong of the three-part test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened. *See generally Huddleston*, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771.

*Chavez v. Arancedo*, 2018 U.S. Dist. LEXIS 163383, at *3-4 (S.D. Fla. Sep. 24, 2018). Applying these principles to the evidentiary issues under consideration makes clear that the Plaintiff's request for exclusion must be denied, as her motives behind this lawsuit are properly the subject for examination and argument at trial:

> Defendant *may* inquire about Plaintiff's motivation in filing this lawsuit, the basis of his claim and formulation of damages, the circumstances surrounding his decision to decline to accept Defendants' tender of payment, and so forth. These are proper areas of impeachment that go to the validity of Plaintiff's claim.

*Tapia v. Fla. Cleanex, Inc.*, 2013 U.S. Dist. LEXIS 188901, at *3 (S.D. Fla. Mar. 27, 2013). In ruling on this issue again, the Court also permitted inquiry into "'the circumstances surrounding [her] decision,' to file this lawsuit, how she met Plaintiff's counsel, and so forth" in *Chavez v. Arancedo*, 2018 U.S. Dist. LEXIS 165211, at *13 (S.D. Fla. Sep. 26, 2018) (quoting *Tapia*, 2013 U.S. Dist. LEXIS 188901).

During her deposition, it became clear that the Plaintiff was not financially stable and needed money because she was unable to pay her bills during the time prior to when she hired counsel, filed this lawsuit, and sent out the FMWA demand letter. In particular, the Plaintiff testified that as of May 2024, she was indebted to Wells Fargo for approximately $22,000 on the credit card it issued to her based on the statement dated April 9, 2024, a debt she amassed during the year and a half prior. [ECF No. 59: 219-223: 23-12]; and Exhibit "A". She acknowledged that she would check her credit balance online, that it was increasing, and that she had not made any payments for several months. *Id.*, at 221-222: 22-16. Two months after the issuance of the April 9, 2024 statement showing that the Plaintiff owed Wells Fargo $21,889.60, she filed this lawsuit on June 7,

2024. [ECF Nos. 1, 59 at 219-220: "yes, that's how the timeline worked."]. A week later, her attorneys sent out a letter to the Defendants demanding $92,911.35 on June 14, 2024. (Exhibit "B"). Considering the Plaintiff's admitted financial difficulties immediately preceding her initiation of legal proceedings against Mr. Spanos, the Defendants should be able to introduce evidence and arguments about the collection lawsuit by Wells Fargo and her financial debts as motivation for her filing this lawsuit. *See Hemerick v. Sec. Chance Detox, LLC*, 2023 U.S. Dist. LEXIS 164643, at *7 (S.D. Fla. July 10, 2023).

Before she filed this lawsuit, the Plaintiff not only attempted to have Mr. Spanos arrested, but she also attacked and disparaged him and his business online. She would leave one-star Google Reviews, notwithstanding the Restraining Order. [ECF No. 59 at 143-147: 22-21]. She deactivated a Facebook account because its contents constituted cyberstalking. [ECF No. 59 at 146-148: 24-13]. The Plaintiff's YouTube postings reflect this similar animus against Mr. Spanos and evidence of her retaliatory motivation for their failed relationship:



https://www.youtube.com/@MT081969/videos. These videos include "My healing journey from narcissist abuse," another video where she rants about her relationship with Mr. Spanos (and disparages him), and others showing the incident that led to her arrest on June 28, 2022. *Id*. Her TikTok posts – available at https://www.tiktok.com/@mindyfaith8 – also contain similarly disparaging comments about the Defendants. *See e.g.*, https://www.tiktok.com/@mindyfaith8/video/7283189058346536234?is_from_webapp=1&sender_device=pc&web_id=7518063380055246391;

https://www.tiktok.com/@mindyfaith8/video/7285462204994882847.

Mr. Spanos testified in response to questions posed by the Plaintiff about her posting about his personal health information online, along with other defamatory material she posted about him and his business online, which culminated with the entry of the protective order against online stalking. [ECF No. 60 at 69-70: 12-4].

The evidence is that Mr. Spanos applied for the entry of an Injunction against the Plaintiff after he had been subjected to an online barrage of defamatory information, without having received any letter or lawsuit from the Plaintiff demanding money, which was entered by the Circuit Court for Broward County, Florida, on April 14, 2023. (Exhibit "C"). The Plaintiff did not pursue any claim thereafter until June 2024, two months after she ceased paying her credit cards and shortly after Mr. Spanos sought to have the Plaintiff held in contempt for violating the Injunction entered against her in Petitioner's Verified Emergency Motion for Contempt, filed on May 20, 2024. (Exhibit "C").

The first time Mr. Spanos would have received any communication from the Plaintiff's lawyers about any wages claimed would have been upon his receipt of the demand letter to the Defendants in June 2024. [ECF No. 59: 142 at 4-20]. When considered in their totality, including the Plaintiff's online and other activities that preceded her filing of the instant lawsuit (and which are proffered to include other evidence of her ulterior motives), the Injunction entered against her, the unpaid credit card debt, and the Verified Motion for Contempt, the Defendants should not be precluded from introducing evidence or argument at trial on the issues identified by the Plaintiff due to their relevance and probative value concerning her motivation for filing and pursuing this lawsuit.

B. **The Plaintiff's Hospitalization Is Relevant To The Hours She Claims To Have Worked The Week She Was Hospitalized, The Calculations Upon Her Claims Are Calculated, And Other Reasons.**

The Plaintiff asks the Court to exclude any evidence or argument that she was hospitalized for three days in 2020, arguing that in her deposition, she admitted she was not working during

those three days. [ECF No. 72 at 2]. In her FMWA pre-suit demand letter (Exhibit "B"), the Amended Complaint [ECF No. 28], her sworn Answers to Interrogatories [ECF No. 73-1], and her Amended Answers to Interrogatories [ECF No. 73-2], the Plaintiff consistently stated that she worked 91 hours a week, including during the week she was an inpatient at Holy Cross Hospital. The Plaintiff does not indicate in her deposition or her declaration that she was unaware of her three-day hospitalization when her attorneys prepared these documents. [Compare with ECF Nos. 58-41, 59]. However, the fact that the Plaintiff knew she was hospitalized for three days and admits she was not working during that period can be used for cross-examination to challenge any claim that the Plaintiff's estimates of her hours worked were "just and reasonable" or made in good faith. *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (discussing the "just and reasonable estimate" and burden-shifting framework). Indeed, the Plaintiff admits she made an "error" in claiming to have worked 91 hours during her admission to Holy Cross Hospital. [ECF No. 59 at 130:8-13]. The Defendants should be able to demonstrate this "error" in each of the calculations she presented to this Court, including those made under oath, as relevant and probative of the baseless nature of her claims.

The Defendants do not need to specify why the Plaintiff was hospitalized for three days in 2020, but the fact that she was admitted to Holy Cross Hospital for three days in 2020 is both relevant and admissible.

C. **The Defendants Are Entitled To Offer Evidence And Arguments Regarding Good Faith And Willfulness Based On The Plaintiff's Claims.**

The Defendants responded to the Plaintiff's conferral email by agreeing that the Court

should enter an Order *in limine* to prevent the parties from introducing evidence, argument, or referring to the issues of liquidated damages or attorney's fees at trial. The Defendants agree with the quoted passage from *Pineda v. Pescatlantic Grp.*, 2018 U.S. Dist. LEXIS 244222, at *7-9 (S.D. Fla. Aug. 16, 2018), which expressly permits the employers/Defendants to introduce evidence and make arguments regarding the issue of willfulness, as it is an issue to be decided by the jury. *See e.g.*,

*Pineda v. Pescatlantic Grp.*, 2018 U.S. Dist. LEXIS 244222, at *8 (S.D. Fla. Aug. 16, 2018).

### III. CONCLUSION

For the reasons set forth above, Defendants, Seawater Pro, LLC and Michael Spanos, request that the Court enter an Order denying the Plaintiff's requests to exclude evidence regarding her criminal conduct, cyber stalking, misdirecting website traffic (to porn ads), her credit card lawsuit/debt, or her hospitalization in accordance with the foregoing.

Respectfully submitted this 15th day of August 2025.

s/ Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Defendants*
