UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.
_____/

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE</u>**

    Plaintiff Melinda Michaels, through her undersigned counsel, responds in opposition to Defendants' Motion *in Limine* (DE 73), and in support states the following:

    Defendants seek to exclude certain items of Plaintiff's evidence trial under the Federal Rules of Evidence 401 and 402 on relevancy grounds, and 403 that its probative value may be outweighed by substantial prejudice.

    **A. Online Reviews, Body Cam Footage, Disposal of Property, Warrants and Videos.**

    Defendants improperly seek to exclude certain items of Plaintiff's evidence as inadmissible hearsay.

    **i.    Online Reviews**

    Plaintiff's evidence of online reviews of the Defendants' business specifically mentions Plaintiff's name, indicating that she was part of the business. *See Plaintiff's Verified Declaration in Support of Her Motion for Summary Judgment*, DE 58-1 ¶ 47, PLA 1442, "We recently purchased and installed a new dual membrane system from Mike and Mindy and couldn't be more

1

pleased"; PLA 1443, "I can't say enough good things about Mike, Mindy and his crew at Seawater Pro Watermakers! […] Mike and Mindy are boaters and even delivered our system to us at anchor in Lake Sylvie". Declarants' statements are being offered to prove the truth of the matter asserted – that Plaintiff was in fact an employee of Defendants – and under Federal Rules of Evidence 803(7) evidence that a matter is not included in a records described in paragraph (6) may be admitted as a hearsay exception if (a) the evidence is admitted to prove that the matter did not occur or exist; (b) a record was regularly kept for a matter of that kind; and (c) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness. Here, where Defendants' dispute that Plaintiff was an employee of SeaWater Pro LLC and Michael Spanos, the online reviews mentioning her name tied to Defendants' is crucial to Plaintiff's case in establishing employment status. Furthermore, google reviews are regularly submitted by customers and patrons in order to review a business and highlight particular employees at businesses. Defendants have not shown that the customers who wrote the review were not trustworthy. In fact, under Federal Rules of Evidence 807 (1) Defendants had every opportunity to respond to the Google advertisements, and instead of questioning its substance, Defendants in fact, responded favorably to the reviews with "thank you" emoji hands on both, further validating their substance. As of today, and the filing of the response, the reviews as shown in PLA 1442 and 1443 remain the same and untouched online, and these are currently what is posted on Google:





Under 807(2), the introduction of google reviews are more probative on the point for which it is being offered, to show Plaintiff's employment connection with Defendants, and 807(b), Defendants had proper notice of the google ads in Plaintiff's production responsive to Defendants' requests. Furthermore, both reviews were made 5 years ago, during the Claim period of Plaintiff's claims. Therefore, Defendants' request to exclude should be DENIED.

    ii.    **Body Cam Footage from Fort Lauderdale Police Department**

Plaintiff's counsel conferred with Defendants' counsel on August 6, 2025, at 11:48 a.m., prior to their filing of Defendants' Motion *in Limine*, and agreed to limit introduction of the video

from the time marker 00:00 to 3:50, which only illustrates Plaintiff working behind the desk at SeaWater Pro LLC. At 3:50 is when Mr. Spanos begins to become irate and insubordinate with Police and eventually leads to his arrest on camera. Plaintiff has no need to show the jury that portion of the video, only that Plaintiff was in fact working behind the desk at SeaWater, when a Police Officer happened upon the business, opened the front door, and Plaintiff was working behind the desk to greet the officer coming in. This is *not* inadmissible hearsay, as it's video evidence of the truth of the matter asserted – that Plaintiff was in fact an employee of Defendants – and is firsthand video evidence of the Plaintiff working at SeaWater Pro. Under Rule 803(1) Present Sense, three requirements must be satisfied to be applied: (1) the statement (video) must describe or explain the event at issue; (2) the declarant must have seen the event; and (3) the statement must be substantially contemporaneous with the event. Here, the camera shows the officer coming into Defendants' business, and he is greeted by Plaintiff at the time Plaintiff is working for Defendants. Defendants have routinely asserted as their core argument that Plaintiff was not an employee. Defendants' argument that Plaintiff is trying to "backdoor into evidence of trial" (DE 73 p. 3 ¶ 14), is nonsensical where Plaintiff agreed to limit the video to the first 3 minutes and 50 seconds, prior to Defendants' filing their motion. Defendants had proper notice of the Police Video in Plaintiff's production responsive to Defendants' requests. Therefore, weighing the probative value of the video as Plaintiff's working behind the desk, and where there is no prejudice to Defendants as Plaintiff has agreed to limit the video to the first 3 minutes and 50 seconds, Defendants' request to exclude should be DENIED.

    iii.    **Disposal of Property**

In Plaintiff's deposition, Plaintiff highlighted that among the many personal belongings that were destroyed by Defendant Spanos were records and journals of hours worked, and duties

4

performed by Plaintiff that were kept at SeaWater Pro. Where Defendants intentionally destroyed items of Plaintiff's that were present at Defendants' business, Plaintiff should not be foreclosed from introducing evidence that she (1) kept materials at SeaWater Pro, (2) those materials included journals of hours worked and duties performed by Plaintiff, and (3) that they were destroyed by her employer Defendant Spanos upon her constructive termination. This evidence is *not* hearsay upon hearsay as Defendants argue – in fact, under Federal Rule of Evidence 602, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." It is Plaintiff's firsthand knowledge in her testimony that she kept items at Defendants' business while she was working, that included time records, and records of duties she performed, which are central to her lawsuit for unpaid wages under the FLSA. Additionally, where Plaintiff stated that Mr. Spanos probably did not know what was in the boxes, it does not alleviate the Defendants' liability from maintaining records under the FLSA. Defendants have previously argued that Plaintiff did not keep accurate records of the time she worked for Defendants, however these records are in fact those records. Plaintiff should not be foreclosed from introducing to a jury that she attempted to in fact keep some records of the hours she was required to work and duties she was required to perform for Defendants. Defendants have stipulated that they maintained no timekeeping or pay records whatsoever for Plaintiff for work she performed for SeaWater Pro throughout her employment with Defendants, as they paid her no wages. *See* DE 60, Spanos Deposition p. 94 ¶ 9-13. In Plaintiff's deposition, Defendants had the opportunity to ask Plaintiff how she had firsthand knowledge that Defendants threw out her belongings but did not. Instead, Defendants' now attempt to improperly exclude that testimony as hearsay, where it is directly proportional to the needs of the case for Plaintiff's testimony to be

5

introduced that she maintained items at SeaWater Pro (showing her employment relationship), including records of timekeeping and duties performed for Defendants (showing her employment relationship as well as timekeeping absent any timekeeping mechanism for Plaintiff from Defendants), and that it was discarded by Defendants. That testimony is crucial to Plaintiff's case and is not outweighed by prejudice against Defendants that they threw away her belongings. Therefore, Defendants' request to exclude should be DENIED.

    iv.    **Spanos' Warrant in Greece**

Where Defendant Spanos' purportedly evaded his two years compulsory military service in Greece and may have been issued a warrant for his arrest thereafter, Plaintiff stipulates that the introduction of this evidence is irrelevant to her action under the FLSA and does not seek its admission at trial, unless used as a method of impeachment.

    v.    **Videos before October 2, 2019**

Defendants seek to exclude videos made prior to Plaintiff's claim period, that were produced by Plaintiff as evidence that she was an employee of SeaWater Pro. Defendants Spanos' testimony in his deposition was unequivocal, while under Defendants supervision, Spanos instructed Plaintiff what to do in promotional and marketing videos for SeaWater Pro, while he held the camera. DE 60, p. 55 ¶ 22-23, 56 ¶ 4-5. Furthermore, and again at the core of Defendants' arguments, Defendants claim that Plaintiff was never an employee of SeaWater Pro. The videos made in the infancy of the company rebut their assertion and should be allowed at trial to establish a long and ongoing employment relationship, especially where Defendants will argue Plaintiff was never an employee.

Defendants argue that under the best evidence rule, the videos should also be excluded. However, Defendants argument is misplaced. The best evidence rule provides that the original

documents must be provided as evidence, unless the original is lost, destroyed, or otherwise unobtainable. *Benjamin v. Thomas*, 766 Fed. Appx. 834 (11th Cir. Mar. 13, 2019). Here Defendants make no argument that the videos produced by Plaintiff responsive to Defendants' requests are not the original videos. In fact, in Defendant Spanos' deposition he admits exactly what appears in the videos – he directed – Plaintiff performed the duties. DE 60, p. 55 ¶ 22-23, 56 ¶ 43-5. Therefore, there is no argument invoking the best evidence rule.

The videos establishing an employee relationship is crucial to Plaintiff's case and is not outweighed by prejudice against Defendants that they were made outside Plaintiff's claim period. Therefore, Defendants' request to exclude should be DENIED.

**B. Testimony**

Defendants seek the exclusion of any testimony whatsoever that Plaintiff may seek to introduce on Plaintiff's treatment by Defendants as an employee of SeaWater Pro and Spanos. Defendants attempt to guise their argument for exclusion under the fact that Defendant Spanos and Plaintiff were in a romantic relationship, however, romance does *not* negate an employer's obligations under the FLSA. *Gutierrez v. Galiano Enters. Of Miami, Corp.,* 2019 U.S. Dist. LEXIS 95654 (S.D. Fla. Jun. 7, 2019). Defendants attempt to further their Summary Judgment (DE 57) argument in their Motion *in Limine*, ¶ 37-40, that Plaintiff was not an employee, which is improper in this context. *Whidden v. Roberts*, 334 F.R.D. 321, 324-25 (N.D. Fla. Jan 28, 2010)(holding motions in limine cannot be used "as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"). Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues. *See* 75 Am.Jur.2d Trial § 99 (2004)(explaining that motions in limine are improper vehicles to raise motions for summary judgment or motions to dismiss because '[m]otions in limine are not to be used as a sweeping

7

means of testing issues of law). Additionally, where Plaintiff's first-hand knowledge of how she was treated by Defendant Spanos and SeaWater Pro as an employee, is directly relevant to a finding of willfulness and violations of the Fair Labor Standards Act, it is directly proportional to the needs of Plaintiff's case and outweighs any prejudice to Defendants that may make Defendants appear less than picture perfect employers. If an employee in a FLSA action was foreclosed from ever testifying about her treatment by her employers, it would uproot the vital foundation of the FLSA, as the FLSA was meant as a means to equalize the fundamental inequality in bargaining power between employers and employees. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1332 (11th Cir. 2014). Defendants cite *Blanco v. Capform*, where Plaintiffs were not allowed to testify as to a lay opinion of whether Defendants' actions were reckless or grossly negligent. 2013 U.S. Dist. LEXIS 3385 (S.D. Fla. Jan. 9, 2013). Defendants also cite *Ojeida v. Louisville Ladder Inc.,* where testimony regarding a lay witness's opinion of the structural deficiencies of a particular ladder, was deemed inadmissible as a non-expert. 410 F. App'x 213, 215 (11th Cir. 2010). Neither of these cases have anything to do with Plaintiff's employment status or her treatment as an employee by Defendants.

     Defendants also argue that Plaintiff will introduce arguments regarding Defendant Spanos after her employment with SeaWater Pro and Spanos ended. Plaintiff has sought in her own Motion *in Limine* (DE 72), to exclude references to any criminal actions taken against her on behalf of Defendant Spanos, and Spanos' former employees Bailey Frederes and Arya-Jane Mitchell which involve the time periods after Plaintiff's employment. Should the Court allow those references and testimony in, Plaintiff should not be foreclosed from testifying regarding the actions taken by Spanos after the end of Plaintiff's employment, as it is directly relevant to the criminal claims being asserted against Plaintiff by Spanos in order to establish his dominance, highlighting the

inequal bargaining power, and control over Plaintiff. Throughout Plaintiff's employment relationship with Defendants, Spanos' control over Plaintiff ultimately led Plaintiff to continue working without proper compensation, pay period after pay period, despite her complaints. Plaintiff establishing a pattern of behavior, as how Plaintiff was treated and controlled, by her employer throughout her employment with Defendants (using the language "controlled", "required", or "prevented") is directly relevant to the timekeeping and pay practices of Defendants, Plaintiff should not be censored from testifying of her own first-hand knowledge of the repeated pattern of behavior of her employer regarding her treatment as an employee, it is crucial to the Plaintiff's case, and certainly outweighs any prejudice to Defendants where establishing the pay practices of Defendants is a hallmark to all FLSA cases. Therefore, Defendants request to exclude should be DENIED.

### C. Damage Calculations

Defendants salaciously argue that "Defendants asked Plaintiff to agree not to sandbag them with undisclosed damage calculations, but they refused to agree." This statement is a fabrication, and material misrepresentation to the Court. Plaintiff's statement of claim has always had a "Footnote 1" which reads, "Numbers are averages, estimates, and/or approximates. Numbers may change as information is uncovered through the discovery process."(DE 28-1). *See Below:*

> Case 0:24-cv-60984-RLR   Document 28-1   Entered on FLSD Docket 10/02/2024   Page 1 of 1
>
> **Exhibit A**
> **Statement of Claim**
> **Plaintiff Melinda Michaels**
>
> **Unpaid Minimum Wages**
>
> | Period[1] | Weeks[1] | Average Weekly Hours Worked[1] | Amount Paid[1] | Minimum Wage Hourly Rate[1] | Total Unpaid Minimum Wages[1] | Total Liquidated Damages[1] |
> |---|---|---|---|---|---|---|
> | 9/30/21 - 6/28/22 | 38.86 | 37 | $ - | $ 10.00 | $ 14,377.14 | $ 14,377.14 |
> | 2/27/21 - 9/29/21 | 29.71 | 37 | $ - | $ 8.65 | $ 9,510.06 | $ 9,510.06 |
> | 1/1/21 - 2/26/21 | 8.14 | 91 | $ - | $ 8.65 | $ 6,409.65 | $ 6,409.65 |
> | 1/1/20 - 12/31/20 | 52.29 | 91 | $ - | $ 8.56 | $ 40,728.48 | $ 40,728.48 |
> | 9/27/19 - 12/31/19 | 13.71 | 91 | $ - | $ 8.46 | $ 10,558.08 | $ 10,558.08 |
> |  |  |  |  |  | $ 81,583.41 | $ 81,583.41 |
>
> Total Unpaid Minimum Wages[1] = $ 81,583.41
> Total Liquidated Damages[1] = $ 81,583.41
> Total[1] = $ 163,166.82
>
> [1] Numbers are averages, estimates, and/or approximates. Numbers may change as information is uncovered through the discovery process.

Furthermore, Plaintiff has properly and repeatedly indicated to Defendants that she was not seeking damages for time that she was not working, including deducting the three days she was out from work due to being in the hospital. DE 59, *Deposition of Melinda Michaels*, p. 114 ¶ 16-23.

Defendants reference Plaintiff's Statement of Claim as a Rule 26 violation, without citing any authority whatsoever suggesting that statements of claim are equal to stipulations of fact. "The Statement of Claim is not evidence[.]" *Grubbs v. A-1 Gutters & More, LLC*, No. 2:17-CV-14304, 2018 U.S. Dist. LEXIS 238574, at *2 (S.D. Fla. Jan. 5, 2018). Defendants declined to propound any interrogatories—the responses to which *would have been* evidence.

> The plaintiffs' failure to reiterate their unpaid-overtime-hours claim in the statement of claim document is not controlling. That document is an extra-Rules practice used by the district court for its convenience and to aid in case

management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.

*Calderon v. Baker Concrete Constr., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014).

> As Plaintiff correctly notes, the purpose of the Statement of Claim at the outset of litigation in Fair Labor Standards Act cases is "so that the parties can evaluate the value of the claims asserted early in the case to determine whether to resolve the case before protracted litigation[.]" Id. A perfectly accurate accounting is not necessary to achieve that goal. An estimate, based on the Plaintiff's best recollection as to the hours he worked and compensation he received, will suffice. As the Eleventh Circuit clarified [*2] in *Calderon v. Baker Concrete Const., Inc.*, the Statement of Claim "does not have the status of a pleading," so Plaintiff is not bound by the amount requested therein. 771 F.3d 807, 811 (11th Cir. 2014).
> For that reason, it will not be necessary for Plaintiff to file an Amended Statement in the likely event that discovery clarifies the amount of his claim.

*Collado v. 450 N. River Drive, LLC*, No. 22-cv-23074-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 185131, at *1-2 (S.D. Fla. Sep. 29, 2022).

Defendants' reliance on Plaintiff's Statement of Claim is misplaced. Plaintiff's filing was simply a filing based on the Plaintiff's best recollection as to the hours she worked and compensation she did not receive. As *Collado* correctly explained, a statement of claim is not a pleading. Additionally, in Plaintiff's interrogatory responses she was tasked with stating her calculation of minimum wage damages "through the date of your response". Plaintiff properly included the calculation through the date of her response of January 17, 2025. *See Below:*

> 4. State the amount of damages you are seeking in this action through the date of your response. Include your calculations and a detailed description of how you arrived at the amount, and itemize each component of damages you are seeking.
>
> **ANSWER**:
>
> Total Unpaid Minimum Wages = $81,580.89 = $10.00 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 38.86 Weeks + $8.65 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 29.71 Weeks + $8.65 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 8.14 Weeks + $8.56 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 52.29 Weeks + $8.46 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 13.71 Weeks
>
> Total Liquidated Damages = Total Unpaid Minimum Wages

Four days later, on January 21, 2025, Plaintiff was deposed and she indicated she would not seek damages for the three days she was in the hospital. DE 59, *Deposition of Melinda Michaels*, p. 114 ¶ 16-23.

    Defendants also seek to exclude evidence at trial relating to work Plaintiff performed during the extended limitations period of the FLSA and FMWA which is improper. This is not a bifurcated trial. Defendants cite *Longcrier v. HL-A Co., Inc.,* however, the "preliminary showing" the Court was referencing in that case was related to Plaintiff's entry into a class of Plaintiffs, not Plaintiff being required to show of willfulness of Defendant as a prerequisite for evidence to be admitted at trial for work performed for Defendants during an extended statute of limitations period. 595 F. Supp. 2d 1218 (S.D. Ala. 2008). If for example, there was evidence of a willful violation of the FLSA in the extended third year of a two-year limited statute of limitations period, the Court would not just turn a blind eye to the willful conduct of Defendants because that conduct took place in the extended statute of limitations period. It would be directly relevant to Plaintiff's

claims of violations under the FLSA. Defendants' argument is again nonsensical, and the Jury should have the ability to look at the totality of the circumstances surrounding Defendants' timekeeping and pay practices throughout Plaintiff's claim period, in making a determination of willfulness. See *Antenor v. D & S Farms*, 39 F. Supp. 2d 1372, 1379 (S.D. Fla. Feb. 7, 1999)(holding that where there was an issue of fact whether violations of the FLSA were willful, it should be tried and decided whether the two or three year FLSA statutes of limitation applied at trial). Plaintiff has properly plead in her Complaint that Defendants knowingly and willfully refused to pay Plaintiff's legally entitled wages (DE 28, p. 2 ¶ 13). Plaintiff's testimony, and interrogatory responses further show willful violations of the FLSA by Defendants. Therefore, the issue of willfulness is for the jury to decide, and evidence of Plaintiff's work performed for Defendants throughout her claim period should not be excluded at trial. Defendants' Motion to exclude should accordingly be DENIED.

## **CONCLUSION**

Plaintiff stipulates to the exclusion of testimony or evidence related to the outstanding warrant for Defendant Spanos in Greece for violations of his civil service obligations.

WHEREFORE, other than the Grecian warrant, Plaintiff respectfully requests the Court DENY Defendants' Motion *in Limine*.

Respectfully Submitted,     Koz Law, P.A.
800 East Cypress Creek Road, Suite 432
Fort Lauderdale, Florida 33334
Phone: (786) 924-9929
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No.: 1056382