**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

     Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

     Defendants.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE***

     Plaintiff Melinda Michaels, through her undersigned counsel, replies in support of her Motion *in limine* (DE 72), to Defendants' Response in Opposition (DE 74), and states the following:

1.  EVIDENCE OF PRIOR ARRESTS NOT ADMISSIBLE

     Defendants' masque their argument Plaintiff did not properly disclose her arrest in interrogatory responses, to have the arrest of Plaintiff publicized in the Courtroom in a mere attempt to smear and prejudice Plaintiff's credibility. The Eleventh Circuit's longstanding position under Rule 403 balancing analysis is to exclude evidence of arrests as improper for impeachment purposes to be used against a witness. *Gov't Emp. Ins. Co. v. Seco*, 2022 U.S. Dist LEXIS 223576 (S.D. Fla. Dec. 12, 2022)(holding it is improper for impeachment purposes to show "the accusation, arrest, or indictment for a crime to use against a witness). Here, Plaintiff properly responded to Defendants' interrogatory as requested to identify legal proceedings, not if she had ever been arrested. Interrogatory 6 requested Plaintiff to "Identify any other legal proceeding,

1

litigation, arbitration, mediation and/or administrative proceeding (including criminal matters) in which you have ever participated, and for each identify your role, the case name, case number, court, and briefly describe the nature of the litigation and result." DE 73-1, p. 6. Plaintiff properly listed each of the three cases led by Defendant Spanos, Bailey Sierra-Michelle (Frederes) and Arya-Jane Precious-Dovey Mitchell. Additionally, on January 17, 2025, when Plaintiff remembered the Wells Fargo Credit Card suit against her, she properly amended her response to include that claim, four days prior to her deposition. DE 73-2, p. 2.

---

1. Identify any other legal proceeding, litigation, arbitration, mediation and/or administrative proceeding (including criminal matters) in which you have ever participated, and for each identify your role (i.e., party, witness, expert, jury member) the case name, case number, court, and briefly describe the nature of the litigation and the result.

**ANSWER:**

Broward County, Florida:

DVCE23002161; Michael Spanos v. Melinda Faith Michaels

DVCE23000795; Bailey Sierra-Michelle v. Melinda Michaels

DVCE23000794; Arya-Jane Precious-Dovey Mitchell v. Melinda Michaels

**AMENDED ANSWER:**

Broward County, Florida:

DVCE23002161; Michael Spanos v. Melinda Faith Michaels; Family court – Filed March 24, 2023; Allegations of Cyberstalking; case is still open; Michael's was ordered to have no contact with

1

Doc ID: b5606aea9cd96e1402a1100d6564f3

---

Defendant on April 14, 2023. Defendant Spanos prosecuted a Motion for contempt of no contact, but however, withdrew his Motion on October 7, 2024.

DVCE23000795; Bailey Sierra-Michelle v. Melinda Michaels; Allegations of Cyberstalking; Case was voluntarily dismissed by Sierra-Michelle (Michaels' niece) in June of 2023.

DVCE23000794; Arya-Jane Precious-Dovey Mitchell v. Melinda Michaels; Allegations of Cyberstalking; Case was voluntarily dismissed by Precious-Dovey Mitchell (At the time, the Girlfriend of Michael's Niece Sierra-Michelle) in June of 2023.

CONO24064195; Wells Fargo v. Melinda Michaels – *Pending Status* - Filed in October, 2024; Credit Card Debt.

During the deposition, Michaels was more than forthcoming about the abuse she had sustained as a result of Defendant Spanos, including the arrest Defendants now seek to introduce at trial. Domestic violence is not relevant to the Plaintiff's case under the FLSA, and should the jury be allowed to hear it, it would truly be more prejudicial than probative to both she **AND** Defendant Spanos. As to whether or not Mr. Spanos placed his hands on Michaels, introduction of the facts and arrest surrounding the altercation have no relevance to Plaintiff's claims under the FLSA, nor the Defendants' defenses. Similarly, the introduction of claims of cyber-stalking between Bailey Frederes and Arya-Jane Mitchell (where those claims were also voluntarily dismissed) ultimately also share no relevance whatsoever to Plaintiff's claims under the FLSA, and under Rule 403 would be unduly prejudicial to Plaintiff. The Eleventh Circuit has held that "the force of any conclusion to be drawn from the filing of other lawsuits would depend on whether the other suits were meritlessly or fraudulently filed and therefore would require an inquiry into the details of these other suits and their merit or lack of merit, presenting a clear danger of undue delay, waste of time, and confusion of the issues. *Crystal Lagoons U.S. Corp. v. Oasis Amenities, LLC,* 2025 U.S. Dist. LEXIS 151636 at * 6 (M.D. Fla. Aug. 7, 2025). Accordingly, should the court allow the ongoing claims of Defendant Spanos against Plaintiff in outside proceedings to be heard, they would more than confuse the jury as that outside litigation is ongoing, would waste trial time, and have no relevance to Plaintiff's claims under the FLSA and therefore  under 403 should be excluded.

2. DEFENDANTS' IMPROPER NON-PAYMENT OF WAGES IS MOTIVE

The Eleventh Circuit has consistently held that it is "whether Plaintiff[s] can establish their claims under the applicable law, not why they seek to do so. Courts have held in numerous contexts that a party's motivation for bringing a lawsuit is irrelevant". *Id.* at *5. Nonetheless, Defendants

seek to introduce Plaintiff's lawsuit with Wells Fargo for an outstanding credit card balance, as well as her video journals online highlighting her emotional battle enduring living with a 'narcissist' (Defendant Spanos), in an effort to show motive (and call into question her mental health) behind the FLSA lawsuit. However, Defendants' timeline (DE 74 ¶ 1-2) is completely misleading. Throughout Plaintiff's employment with Defendants, she continuously complained to Defendants about their improper pay practices, that she was receiving no compensation for the hours she was required to work and duties that she was required to perform, and that she deserved to be paid along with all of the other employees. (DE 58-1 ¶ 33-34). In fact, her complaints all the way back in 2021 led Defendant Spanos to initiating QuickBooks payroll for Plaintiff, which he never followed through with actually paying her. *Id* ¶ 35. Defendants were on notice for YEARS prior to the filing of her FLSA lawsuit that Plaintiff had complaints about the improper pay practices of Defendants yet did nothing about it. Instead, Defendants now come, seeking to include an extraneous and irrelevant Wells Fargo Lawsuit, attempting to show a jury that Plaintiff suffered financial hardship as her motivator to file suit, which is baseless, where Defendants had been on notice for YEARS. It should have come as no shock to Defendants, where they had been on notice for years that Plaintiff would pursue her wage claim after leaving Defendant's employ. Introduction of the Wells Fargo lawsuit would be tremendously prejudicial to plaintiff under Rule 404, for her claims brought under the FLSA, and should therefore be excluded.

Additionally, Defendants seek to include at trial accusations of cyber-stalking (as mentioned in 1 above), Defendants injunction (also mentioned in 1 above) relating to Defendants' allegations that Plaintiff posted negative reviews of Defendants' business online (which Plaintiff said she posted the truth about the way Spanos was treating her on a personal, non-business page, *Michaels Deposition*, DE 65, p. 102 ¶ 12-18), and/or that Plaintiff had anything to do with traffic

to a website being driven to a porn site (which Plaintiff testified Spanos had someone else running that page, and Plaintiff denied having any involvement, *Id.*, p. 109 ¶ 10-11), and Plaintiff's online video journaling about her life living with a 'narcissist'. While Plaintiff's videos are gut wrenching as she highlights the trauma she endured living with a 'narcissist' (Defendant Spanos), using those videos for Defendants to further smear Plaintiff in bringing doubt to her motives to file the FLSA suit are improper, prejudicial, irrelevant, misleading and confusing to a jury as they illustrate her working through her trauma. Furthermore, the videos would also be prejudicial to Spanos, as they would further highlight the degree of abuse and control he had over Plaintiff. The outside litigation of Defendant Spanos against Plaintiff, and its extraneous forms of evidence, would require additional inquiry at trial into the details of these other suits and their merit or lack of merit, presenting a clear danger of undue delay, waste of time, and confusion of the issues, and therefore under *Crystal Lagoons* should be excluded. 2025 U.S. Dist. LEXIS 151636 at * 6.

   3.   DAYS NOT CLAIMED IN THE LAWSUIT ARE IRRELEVANT

        Defendants again improperly seek to masque their argument Plaintiff is seeking to be compensated for dates that she was hospitalized after having been baker acted, in an effort to further smear and prejudice Plaintiff by diverting the attention of the jury into calling into question Plaintiff's mental health - the same goes for Defendants' seeking to introduce the video journals of Plaintiff's mental health journey away from 'narcissist' Defendant Spanos. Plaintiff has consistently stated throughout the course of this litigation that she is not seeking compensation for the three days that she was hospitalized. Nonetheless, Defendants are pursuing its admissibility in order to corner Plaintiff into stating that her claim was erroneous. This is improper. From the beginning of Plaintiff's lawsuit, with the very first filing, DE 1-3 footnote 1 indicated "numbers are averages, estimates, and/or approximates. Numbers may change as information is uncovered

through the discovery process". Each subsequent calculation in amended statements of claim have shared the same footnote. Throughout the discovery process, when numbers changed due to information being uncovered, adjustments were made, including when in Deposition Plaintiff was reminded by Defense counsel that she was hospitalized for three days at Holy Cross, and Plaintiff immediately indicated that she was not seeking compensation for those dates. DE 59, *Deposition of Melinda Michaels*, p. 114 ¶ 16-23. As discussed in Plaintiff's Response in Opposition to Defendants' Motion *in limine* (DE 73),  the Statement of Claim is not evidence[.]" *Grubbs v. A-1 Gutters & More, LLC*, No. 2:17-CV-14304, 2018 U.S. Dist. LEXIS 238574, at *2 (S.D. Fla. Jan. 5, 2018). Defendants declined to propound any interrogatories—the responses to which *would have been* evidence.

> The plaintiffs' failure to reiterate their unpaid-overtime-hours claim in the statement of claim document is not controlling. That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.

*Calderon v. Baker Concrete Constr., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014).

> As Plaintiff correctly notes, the purpose of the Statement of Claim at the outset of litigation in Fair Labor Standards Act cases is "so that the parties can evaluate the value of the claims asserted early in the case to determine whether to resolve the case before protracted litigation[.]" Id. A perfectly accurate accounting is not necessary to achieve that goal. An estimate, based on the Plaintiff's best recollection as to the hours he worked and compensation he received, will suffice. As the Eleventh Circuit clarified [*2] in *Calderon v. Baker Concrete Const., Inc.*, the Statement of Claim "does not have the status of a pleading," so Plaintiff is not bound by the amount requested therein. 771 F.3d 807, 811 (11th Cir. 2014).
> For that reason, it will not be necessary for Plaintiff to file an Amended Statement in the likely event that discovery clarifies the amount of his claim.

*Collado v. 450 N. River Drive, LLC*, No. 22-cv-23074-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 185131, at *1-2 (S.D. Fla. Sep. 29, 2022).

Defendants' reliance on Plaintiff's Statement of Claim is misplaced. Plaintiff's filing was simply a filing based on the Plaintiff's best recollection as to the hours she worked and compensation she did not receive. As *Collado* correctly explained, a statement of claim is not a pleading. Additionally, in Plaintiff's interrogatory responses she was tasked with stating her calculation of minimum wage damages "through the date of your response". Plaintiff properly included the calculation through the date of her response of January 17, 2025. *See Below:*

> 4.    State the amount of damages you are seeking in this action through the date of your response.  Include your calculations and a detailed description of how you arrived at the amount, and itemize each component of damages you are seeking.
>
> **ANSWER**:
>
> Total Unpaid Minimum Wages = $81,580.89 = $10.00 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 38.86 Weeks + $8.65 Minimum Wage Hourly Rate × 37 Average Weekly Hours Worked × 29.71 Weeks + $8.65 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 8.14 Weeks + $8.56 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 52.29 Weeks + $8.46 Minimum Wage Hourly Rate × 91 Average Weekly Hours Worked × 13.71 Weeks
>
> Total Liquidated Damages = Total Unpaid Minimum Wages

Four days later, on January 21, 2025, Plaintiff was deposed, and she indicated she would not seek damages for the three days she was in the hospital. DE 59, *Deposition of Melinda Michaels*, p. 114 ¶ 16-23.

Defendants should be foreclosed from introducing Plaintiff's hospitalization, and her good faith approximate calculations of damage throughout the Discovery period, where Plaintiff has made it clear she is not claiming damages for the three days she was hospitalized, would only serve

to confuse and mislead the jury, and its probative value is greatly outweighed by prejudice to Plaintiff.

4. CONCLUSION

Defendants are attempting to improperly introduce evidence at trial that is extremely prejudicial to plaintiff, including her arrest, hospitalization, mental health, and extraneous other legal entanglements with Defendant Spanos outside of the FLSA litigation, in order to distract a jury from the merits of Plaintiff's FLSA claims. Evidence relating to Plaintiff's arrest after a domestic episode, is completely irrelevant to Plaintiff's claims under the FLSA. Evidence relating to Plaintiff's credit card lawsuit with Wells Fargo is also irrelevant, where motive to sue Defendants for their improper pay practices and for wages she is owed has been obvious and apparent throughout her employment with Defendants. Extraneous legal matters including allegations still ongoing involving Spanos related to cyberstalking, Plaintiff's internet postings, video journals illustrating Plaintiff's mental recovery journey away from Defendant Spanos' 'narcissism', or any inference or reference to a hospitalization would do nothing more than cause confusion, waste time, and create additional unnecessary inquiries, which do not relate to Plaintiff's non-payment of wages under the FLSA, would be unfairly prejudicial to Plaintiff, and should therefore be excluded.

WHEREFORE, Plaintiff respectfully requests the Court GRANT her Motion *in limine*, and grant any other relief deemed just and proper.

Respectfully Submitted,               Koz Law, P.A.
                                           800 East Cypress Creek Road, Suite 432
                                           Fort Lauderdale, Florida 33334
                                           Phone: (786) 924-9929
                                           Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No.: 1056382