UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO, LLC, AND
MICHAEL SPANOS,

    Defendants.

_____/

## REPLY SUPPORTING THE DEFENDANTS' MOTION IN LIMINE

### I. INTRODUCTION

The Plaintiff argues that the Court should not exclude the evidence or argument on the issues identified by the Defendants by relying on bluster instead of legal authority. The Plaintiff does not provide the Court with any binding or persuasive cases that support her arguments against exclusion. She apparently hopes that the Court will disregard the authorities cited by the Defendants and allow her to transform the trial of this case from one that addresses the facts tending to prove or disprove her minimum wage claims to a myriad of sideshows designed to distract and prejudice the jury. As more fully explained below, the Court should not be distracted by the Plaintiff's unsupported arguments or allow her to needlessly extend the trial by creating a circus of irrelevant sideshows.

### II. ARGUMENT

**A.  The Court Properly Excludes Online Reviews, Police Body Camera Footage, and Disposal of Property, Warrants, and Videos.**

    1.  Online reviews

The Plaintiff proffers that she intends to introduce evidence of online reviews submitted by customers because they indicate "that she was part of the business" and "to show Plaintiff's employment connection with Defendants". [ECF No. 75 at 1-2]. The Plaintiff contends that these

online reviews are "crucial to Plaintiff's case in establishing employment status" and so should be admitted. *Id.*, at 2. Her half-hearted effort to avoid the exclusion of irrelevant, cumulative, unreliable, and unduly prejudicial evidence falls short of establishing why the Court should find it relevant and admissible.

First of all, the Plaintiff does not need to introduce evidence that she was at the Defendants' warehouse or occasionally interacted with customers because the Defendants do not dispute these facts. The Plaintiff testified that she would use the computer at the reception area until March 2021. [ECF No. 59 at 29: 2-10]. At summary judgment, the Defendants did not contest that the Plaintiff would accompany Mr. Spanos to work (through March 2021), that she would perform occasional tasks, or that she would interact with customers. [*See* ECF Nos. 58, 60 at p. 11: 9-25; 65]. Consequently, the online reviews would not tend to prove or disprove any fact in dispute. Although the Court has "broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue," Rule 401 does not permit the introduction of evidence that does not do so. *Fid. Interior Constr., Inc. v. Se. Carpenters Reg'l Counsel*, 675 F.3d 1250, 1259 (11th Cir. 2012).

The online reviews do not tend to prove or disprove *when* the Plaintiff worked (or did not work), *whether and to what extent* she was paid, or whether she was a romantic partner who contributed to and lived off the business. Thus, the Plaintiff seeks to introduce the online reviews to address issues not in dispute, making the online reviews irrelevant. *But see* Fed. R. Evid. 401. Allowing the Plaintiff to improperly bolster her evidence that she performed work for the Defendants by relying on online reviews would be unnecessarily cumulative. *Gutierres v. Vargas*, 239 So. 3d 615, (explaining the analysis for cumulative evidence and addressing improper bolstering). The reviews are not necessarily reliable, as there is no indication that they are genuine or authentic. *But see* Fed. R. Evid. 901. To the extent the Plaintiff contends that the Defendants accepted the reviews by "liking" them, she proffers no evidence to establish *who* or *when* the reviews were "liked" – including by someone other than her. The reviews are, after all, part of an irrelevant sideshow and should be excluded as irrelevant, inadmissible, and unauthentic hearsay that will not prove or disprove any fact in dispute.

    2.    Fort Lauderdale Police Department body camera footage.

Once again, the Plaintiff seeks to introduce evidence with an ulterior motive to address an

issue that is not in dispute. The Plaintiff contends that the body camera footage "illustrates Plaintiff working behind the desk at SeaWater Pro LLC" and intends to use it to prove "video evidence of the Plaintiff working at SeaWater Pro." [ECF No. 75 at 3-4].

As pointed out above, the Defendants did not contest that the Plaintiff would accompany Mr. Spanos to work (through March 2021), that she would perform occasional tasks, and that she would interact with customers. [*See* ECF Nos. 58, 65]. Mr. Spanos testified in deposition that the Plaintiff might have worked from the desk (which is depicted in the body camera footage) shortly after moving into his company's 7,000 square foot warehouse space, but that "she was quickly banned from the place." [ECF No. 60 at 11: 9-25; 80: 4-21.] When the Plaintiff confronted Mr. Spanos in deposition with the portion of the video she now urges be admitted at trial, he responded that "She was there. I told you before." *Id.*, at 82-83: 7-7.

Clearly, there is no dispute that the Plaintiff sat at the desk at the 7,000 square foot warehouse, making the proffered evidence irrelevant to the issues in dispute. *But see* Fed. R. Evid. 401. The body camera footage will not tend to prove or disprove a disputed fact.

Allowing the Plaintiff to introduce an excerpt from police body camera video footage would result in her improperly bolstering her testimony and the introduction of cumulative evidence on an issue that is not in dispute. *Gutierres v. Vargas*, 239 So. 3d 615, (explaining the analysis for cumulative evidence and addressing improper bolstering). Worse yet, the introduction of police body camera footage is more prejudicial than any probative value it could have. The jurors are likely to be led astray into thinking that Mr. Spanos engaged in an unlawful activity, thereby unfairly prejudicing him, and requiring him to testify about the circumstances that ensued – including the Plaintiff's arrest. *Anderson v. Mascara*, 347 F. Supp. 3d 1163 (the court excluded evidence of Plaintiff's prior criminal background due to probative value being minimal and substantially outweighed by the danger of unfair prejudice).

3. <u>Disposition or disposal of property.</u>

The Plaintiff argues that the Court should permit her to use precious trial time to testify about the circumstances under which she claims the Defendants destroyed (threw out) various items (boxes) and about the contents of those boxes. Courts that confronted the issue of whether to allow a witness to testify about the contents of documents – existing or non-existent – determined

that "If we allowed this testimony, we would, in effect, be allowing an end run around the rule against hearsay and the requirements of the business records exception. This we are unwilling to do." *United States v. Wells*, 262 F.3d 455, 462 (5th Cir. 2001).

> [A]s other courts have held, allowing a witness to testify as to statements in documents poses the same hearsay problems as allowing a witness to recount an out of court declarant's oral statements. *See United States v. Salinas-Garza*, 20 F.3d 1171 (5th Cir. 1994) (overturning defendant's conviction where district court permitted agent to testify to contents of [*6] report, including fingerprint information); *United States v. Marshall*, 762 F.2d 419, 423 (5th Cir. 1985) (trial court committed reversible error by permitting witness to give prejudicial hearsay testimony summarizing the contents of store records in prosecution for missing merchandise). Moreover, the fact that the document that Mrs. Smallwood would summarize is missing does not somehow transform the document's statements to non-hearsay.

*Smallwood v. Davis*, 2017 U.S. Dist. LEXIS 61287, at *5-6 (S.D. Ga. Apr. 21, 2017). The Plaintiff seeks to testify about the contents of non-existent documents, as "double hearsay," to bolster her testimony about the hours she contends to have worked. *Cf. Gilyard v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 170609, at *2 (M.D. Fla. Feb. 25, 2011) (permitting introduction of double hearsay to establish state of mind but not truth of contents). The Court properly excludes any testimony or reference to the materials the Plaintiff contends were destroyed as inadmissible.

    4.    <u>Videos pre-dating October 2, 2019</u>.

Videos taken before October 2, 2019 (for Plaintiff's FMWA claim and before June 10, 2021 for her FLSA claim), are irrelevant, have no probative value, and would not tend to prove or disprove when the Plaintiff worked, what work she claims to have performed, or whether she was an "employee" of the Defendants during the time relevant to this lawsuit. Consequently, videos (and any online reviews) pre-dating the applicable limitations period are properly excluded. *See Caiazza v. Marceno*, 2020 U.S. Dist. LEXIS 232214, at *4 (M.D. Fla. Dec. 10, 2020) ("Any evidence of unpaid overtime outside the limitations period is irrelevant to whether Caiazza was owed overtime during that time."); *Chavez v. Arancedo*, No. 17-20003-Civ, 2018 U.S. Dist. LEXIS 163383, at *8 (S.D. Fla. Sep. 24, 2018) (excluding evidence pre-dating the statutoes of limitations for the

FLSA and FMWA claims, because "we are unpersuaded that evidence outside of the applicable statute of limitations is relevant to the facts of this case at trial.")

### B.  Improper Opinion Testimony Is Properly Excluded

The Plaintiff recasts the Defendants' argument as seeking exclusion of "Plaintiff's treatment by Defendants as an employee of SeaWater Pro and Spanos" before arguing against the argument they supplied. [ECF No. 75 at 8]. In fact, the Defendants seek to preclude the Plaintiff from offering evidence or argument involving improper her opinions or conclusions. By not addressing the type of testimony the Defendants seek to exclude, and instead arguing that she should be able to testify that she was treated as an employee, the Plaintiff tacitly concedes that the Court must preclude her from offering the type of testimony the Defendants seek to exclude.

Initially, the Defendants seek to exclude evidence or argument regarding how the Plaintiff claims Mr. Spanos treated her during their relationship, the online reviews she posted, or that Mr. Spanos threatened to reverse an expungement. [ECF No. 73 at ¶¶34-35]. The Plaintiff does not address these issues in her Response and, therefore, concedes them.

> However, per Local Rule 7.1(c)(1), "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law" and "failure to do so may be deemed sufficient cause for granting the motion by default." *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); *Diaz v. Gov. Employees Ins. Co.*, No. 17-23673-CIV, 2017 U.S. Dist. LEXIS 197030, 2017 WL 11128354, at *2 (S.D. Fla. Nov. 29, 2017) (finding a party's failure to address an argument in a response as a concession and a basis to grant a motion by default).

*Hendershott v. Ostuw*, 2020 U.S. Dist. LEXIS 201967, at *13 (S.D. Fla. Oct. 13, 2020).

The Plaintiff argues that she should be allowed to testify that the Defendants treated her as an employee. [ECF No. 75 at 7-8]. The Court should prevent the Plaintiff from testifying that the Defendants "controlled," "required," or "prevented" her or that they "considered" or "treated" her as an employee because "A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). Additionally, she cannot testify that the Defendants treated her as an

employee or that she believed she was an employee, as this is the key issue the jury must decide. *Id.* ("Witnesses are not permitted to provide legal conclusions.") Stated another way, "No witness may offer legal conclusions or testify to the legal implications of conduct." *Brinkman v. ARS Account Resolution Servs.*, 2021 U.S. Dist. LEXIS 181923, at *11 (M.D. Fla. Sep. 23, 2021) (*citing Dudash v. S.-Owners Ins. Co.*, 2017 U.S. Dist. LEXIS 73002, 2017 WL 1969671, at *2 (M.D. Fla. May 12, 2017).) Likewise, she cannot testify about Mr. Spanos' state of mind, as doing so would be speculative. *See* Fed. R. Evid. 701(a).

### C. The Court Must Prevent Plaintiff From Sandbagging Defendants At Trial.

The Rules of Civil Procedure are designed to prevent an adversary from being sandbagged or surprised at trial with information that should have been, but was not, disclosed in discovery. *Cinclips, LLC v. Z Keepers, LLC*, 2017 U.S. Dist. LEXIS 103167, at *3 (M.D. Fla. July 5, 2017) (*quoting Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978); see also *Bespoke Studio, Inc. v. Gabbe Priv. Ltd.*, 348 F.R.D. 262, 265 (N.D. Fla. 2024). The Rules also entitle the Court and all parties to rely on documents signed by counsel and submitted in a case. *See* Fed. R. Civ. P. 11(b). The failure to supplement disclosures and discovery responses has consequences, in particular, "Federal Rule of Civil Procedure 37(c)(1) provides that a party is not allowed to use new witnesses and evidence not timely disclosed in discovery 'unless the failure was substantially justified or is harmless.'" *Grigorian v. FCA US, LLC*, 2019 U.S. Dist. LEXIS 110040, at *15 (S.D. Fla. July 2, 2019) (quoting Fed. R. Civ. P. 37(c)(1)). Nowhere in her Response does the Plaintiff offer any justification for her failure to provide a new damages calculation (or amount) or contend that her failure to provide this information was harmless. [ECF No. 9].

Rule 26 requires parties to supplement their disclosures and discovery responses for this specific reason. *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 159 (11th Cir. 2005) ("Parties also must supplement their Rule 26 disclosures at appropriate intervals.") The Plaintiff never supplemented any of the materials on which she identified the damages she seeks or the calculations she used to arrive at the damages she seeks herein (other than as between the initial

TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Complaint and Amended Complaint to reflect the additional FMWA claim and damages). [ECF Nos. 1, 28].

Section 448.110(6), Florida Statutes, required the Plaintiff to provide the Defendants with pre-suit notice of her FMWA claim in which she was required to quantify her FMWA damages:

> The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

The Plaintiff testified that the damage calculations and damages she sought were correct. [ECF No. 59 at 153-4: 4-2].

The Plaintiff also quantified her claims in the Amended Complaint. [ECF No. 28] and again in her sworn Answers to Interrogatories [ECF No. 73-1, 73-2].

Despite the Plaintiff being caught ham-fisted in deposition when she admitted that her estimate of hours worked included the times she was hospitalized for a Baker Act [ECF No. 59 at 13], the Plaintiff did not thereafter comply with her "continuing obligation to supplement either the disclosures she provided under Rule 26(a)(1) or her Answers to Interrogatories, despite the requirement imposed by Rule 26(e)(1) requiring that she "[must] supplement or correct" her disclosure and discovery responses.

A disclosure under Rule 26 is binding and meant to ensure transparency and fairness in the discovery process by mandating timely and complete disclosures. Courts have consistently emphasized the importance of adhering to these rules to prevent surprise and ensure adequate preparation for trial. In *Neeper v. Carnival Corp.*, 754 F. Supp. 3d 1252, 1259 (S.D. Fla. 2024), the Court explained that Rule 26(a) mandates initial disclosures to accelerate the exchange of basic case information. Parties are required to amend prior discovery responses upon learning the responses are incorrect or incomplete under Rule 26, and the failure to do must have consequences because "Discovery is not a game of 'blind man's bluff,' *Dollar v. Long Mfg. N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (citation omitted), or 'hide the ball,'" *Hosea v. Langley*, 2006 U.S. Dist. LEXIS 5935, 2006 WL 314454, *5 (S.D. Ala.) (unpublished). *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1270 (M.D. Fla. 2006).

Here, the Plaintiff would have the parties appear for a trial at which she could pursue damages not previously quantified, based on calculations not previously disclosed. The appropriate remedy for the Plaintiff's failure to comply with Rule 26(e)(1)'s requirement to "supplement or

correct" her disclosures and interrogatory responses is to preclude her from offering any testimony or evidence regarding a different amount of damages or different calculations than what she submitted in this case pursuant to the exclusionary remedy provided by Rule 37(c)(1). *Neeper,* 754 F. Supp. 3d at 1259.

### III. CONCLUSION

For the reasons set forth above, Defendants, Seawater Pro, LLC and Michael Spanos, request that the Court exclude any evidence or arguments involving the matters raised by Defendants.

Respectfully submitted this 26th day of August 2025.

        s/ Brian H. Pollock, Esq.
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, Florida 33146
        Telephone: (305) 230-4884
        *Counsel for Defendants*