UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This cause comes before the Court on the parties' Motions for Partial Summary Judgment. Plaintiff Melinda Michaels' Motion is briefed at docket entries 56, 64, and 66. Defendants SeaWater Pro LLC and Michael Spanos' Motion is briefed at docket entries 57, 63, and 70. The Court has carefully reviewed the record and the briefing and is otherwise fully advised in the premises. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [DE 56] and **DENIES** Defendants' Motion [DE 57].

### I. Background

Plaintiff brings this action against Defendants under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"), claiming that Defendants failed to pay her a full and proper minimum wage. DE 28. In support of her FLSA and FMWA counts, Plaintiff alleges that Defendant Spanos is the owner and/or operator of Defendant SeaWater Pro, which is a business "engaged in sales of watermakers for boats." *Id.* ¶¶ 9–10. Plaintiff further avers that she worked for Defendants as a manager from September 27, 2019, to June 28, 2022. *Id.* ¶ 11; *see* DE 28-1.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). "A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (quotation marks omitted). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quotation marks omitted). When ruling on motions for summary judgment, courts must draw all reasonable inferences when reviewing the record in a light most favorable to the nonmoving party. *Damon*, 196 F.3d at 1358. Courts also cannot weigh the evidence or resolve credibility issues when ruling on motions for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) ("We may not weigh conflicting evidence or make credibility determinations of our own. If the record presents disputed issues of fact, the court may not decide them; rather we must deny the motion and proceed to trial." (quotation marks and alterations omitted)).

## III. Plaintiff's Motion for Summary Judgment

To establish a claim for unpaid minimum wages under the FLSA and FMWA, a plaintiff must demonstrate that: (1) she was employed during the time period at issue, (2) she was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce, and (3) her employer failed to pay her the minimum wage required by law. *Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-22032, 2013 WL 5446466, at *2 (S.D. Fla. Sept. 30, 2013) (listing these elements); *see also Pollock v. Move4All, Inc.*, No. 619CV130ORL31DCI, 2019 WL 6134566, at *6 (M.D. Fla. Oct. 22, 2019) ("To prevail on

a claim for unpaid minimum wages under the FMWA, a plaintiff must establish the same three elements required under the FLSA[.]"), *report and recommendation adopted*, No. 619CV130ORL31DCI, 2019 WL 6133738 (M.D. Fla. Nov. 19, 2019). Plaintiff's Motion seeks summary judgment on the following matters: (1) that coverage exists under the FLSA and FMWA, (2) that Defendants employed her, (3) that Defendants are not entitled to credits under 29 U.S.C. § 203(m), and (4) that Defendants are liable under the FLSA and FMWA for failing to pay her a full and proper minimum wage. DE 56. The Court will evaluate these contentions in turn.

### A. Whether Coverage Under the FLSA and FMWA Exists

To establish coverage under the FLSA, a plaintiff must demonstrate either "individual" or "enterprise" coverage. *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1286 (S.D. Fla. 2015). For individual coverage to exist under the FLSA, a plaintiff must demonstrate that he or she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Id.* at 1287 (quotation marks omitted). And for enterprise coverage to exist under the FLSA, a plaintiff must demonstrate that the "defendant enterprise (i) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has an annual gross volume of sales made or business done not less than $500,000." *Id.* at 1288 (quotation marks and alteration omitted).

Defendants do not dispute that enterprise coverage exists here. DE 65 ¶¶ 3, 5, 6 (admitting as undisputed Plaintiff's assertions that Defendant SeaWater Pro generated more than $500,000 in gross revenue, was an enterprise engaged in commerce or the production of goods for commerce, and engaged Plaintiff in interstate commerce by manufacturing and selling goods to customers all over the world). Accordingly, Plaintiff is entitled to summary judgment on the issue of coverage under the FLSA and FMWA. *See* Fed. R. Civ. P. 56(a) (permitting a party to move for summary judgment on part of a claim).

3

### B. Whether Plaintiff was an Employee

"Unfortunately, the FLSA does not provide much guidance on who exactly is an 'employee,' defining the term as 'any individual employed by an employer.'" *McKay v. Mia.-Dade Cnty.*, 36 F.4th 1128, 1132 (11th Cir. 2022) (quoting 29 U.S.C. § 203(e)(1)). "'Employer,' meanwhile, is defined as 'any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency.'" *Id.* (quoting 29 U.S.C. § 203(d)). "While these definitions are frustratingly circular," "they are intended to encompass the broadest possible delineations of the employer-employee relationship." *Id.* (quotation marks omitted). "This broad general definition thus strongly suggests that Congress intended an all encompassing definition of the term employee that would include all workers not specifically excepted." *Id.* (quotation marks omitted).

Left without a clear definition of employee under the FLSA, courts evaluate whether an individual is an employee by examining the "economic reality" of "the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). When doing so, courts focus "on whether the work done, in its essence, follows the usual path of an employee." *Id.* (quotation marks omitted). Ultimately, the goal of the economic reality test is to determine whether "an individual is in business for himself or is dependent upon finding employment in the business of others." *Id.* at 1312.

Here, the parties dispute whether Plaintiff was an employee of Defendants. For her part, Plaintiff contends that Defendants employed her. DE 56 at 14–17. Defendants, on the other hand, maintain that Plaintiff was not an employee. They assert that she was Defendant Spanos' romantic partner and potentially a partner of Defendant SeaWater Pro. DE 64 at 4–12. Having reviewed the evidence before it, the Court concludes that genuine issues of material fact exist and preclude either side from obtaining summary judgment on whether Plaintiff was Defendants' employee.

4

While Plaintiff claims that she performed work for Defendants and that Defendant Spanos directed her work on a daily basis, DE 56-1 ¶¶ 3, 10, 43, Defendant Spanos asserts that Plaintiff was not an employee and did not perform any work or tasks for his business. DE 57-2 at 2 ("I did not hire, request, or know of any work or tasks that Ms. Michaels performed for my business."); DE 60 at 92:3–10 (claiming that Plaintiff was a visitor or a volunteer at best and had no duties when she was at Defendants' place of business). Instead, Defendant Spanos claims that Plaintiff would accompany him while he was at work just to spend time with him as his girlfriend. *See* DE 57-2 at 2 ("Ms. Michaels would stay with me while I was at work, not because I had asked or required her to be there, but because she did not have many friends and preferred to spend her time with me."); *id.* ("Besides living with me, Ms. Michaels would visit me at work so she could spend more time with me."). Based on the parties' competing declarations, there is a genuine dispute of material fact as to whether Plaintiff performed any work for Defendants, which prevents Plaintiff from obtaining summary judgment on the issue of whether Defendants employed her.

Even if Plaintiff performed work for Defendants, genuine disputes of material fact preclude summary judgment on whether she did so as an employee or as a partner. Defendants contend that if Plaintiff did any work for them, it was only in the capacity of a business partner, not an employee. DE 64 at 12 ("Once it determines that a partnership existed, as discussed in the cases cited above, the Court must conclude that the Plaintiff was not an employee under the FLSA, was not entitled to recover minimum wages, and that summary judgment is appropriately granted to the Defendants."). As support for their contention, Defendants rely primarily on *Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007), and *Escobar v. GCI Media, Inc.*, No. 08-21956-CIV, 2009 WL 1758712 (S.D. Fla. June 22, 2009), which both held that business partners are not covered employees under the FLSA.[1]

---

[1] The Court agrees with Defendants that the proper economic realities test to evaluate whether Plaintiff was an employee is the partner vs. employee test employed in *Steelman* and *Escobar* and not the independent contractor vs. employee test that Plaintiff applies in her Motion.

In *Steelman*, the Fourth Circuit addressed whether a romantic partner who performed work at her partner's business could be considered an employee under the FLSA. The Fourth Circuit held that she was not an employee,[2] but did so based on facts that are disputed in the case at hand. For example, the Fourth Circuit found that the plaintiff there had "extensive access to company funds" and "took from those assets for her own purposes with a discretion that is fundamentally alien to employer-employee relationships." *Steelman*, 473 F.3d at 130. Here, however, Plaintiff asserts that, while she had access to Defendants' accounts, DE 56-1 ¶¶ 48, 49, she was not permitted to draw funds from those accounts for her own purposes. *Id.* ¶ 51 ("The Defendants prohibited me from issuing myself a paycheck during each period. Defendant Spanos consistently indicated to me that 'you can write out checks, but not to yourself.'"); *id.* ¶ 68 ("Michael Spanos exerted all control over our joint personal banking account. I was not allowed to take or move money for anything whatsoever without Michael Spanos' approval."); DE 59 at 202:2–7 (Plaintiff's testimony denying ever trying to purchase items with funds from Defendants' accounts because she considered that to be "theft").

The Fourth Circuit also noted that the plaintiff there performed "the same duties as the defendant" and "had supervisory authority, including hiring and firing." *Steelman*, 473 F.3d at 131. But, as previously explained, Defendants dispute that Plaintiff had any duties whatsoever. *See, e.g.*, DE 60 at 92:3–10 (Defendant Spanos' testimony that Plaintiff did not perform any work at Defendants' place of business). And Plaintiff also denied having the authority to fire an employee, creating a dispute about the extent of Plaintiff's supervisory authority. DE 59 at 34:5–6 ("I was never allowed to fire an employee, at Mike's directive."). These disputed issues of fact preclude the Court from ruling that Plaintiff was a partner, as the Fourth Circuit did in *Steelman*.

---

[2] The Fourth Circuit acknowledged that its holding was limited: "We certainly do not say that one member of a romantic couple can never be an employee of another." *Steelman*, 473 F.3d at 132.

For similar reasons, disputed factual issues also preclude the Court from ruling that Plaintiff was a partner, as the court did in *Escobar*. As an example, the *Escobar* court found that the plaintiff there had the opportunity to share in the profits of the defendant business and assumed the risks and losses of the defendant business because his salary fluctuated depending on the success or decline of the business. *Escobar*, 2009 WL 1758712, at *4–5. It is undisputed here, however, that Plaintiff was never paid a wage. *See* DE 58 ¶ 8 ("At all times material hereto, Michaels was not paid an hourly rate . . . ."); DE 65 ¶ 8 ("[I]t is undisputed that the Defendants did not pay the Plaintiff a direct hourly wage . . . ."). And Defendants point to no evidence that Plaintiff's wages fluctuated depending on the success of Defendants.

Furthermore, the *Escobar* court found that the plaintiff there had held himself out as a partner and utilized his status as a partner for his advantage. *Escobar*, 2009 WL 1758712, at *5. Defendants, however, do not cite any evidence that Plaintiff held herself out as a partner or utilized status as a partner to her advantage. The *Escobar* court also found it noteworthy that the plaintiff there was not fired after his relationship with his co-partner became strained and instead was simply asked to work from home. *Id.* Defendants do not cite any evidence that Plaintiff continued to hold a position with Defendant SeaWater Pro after her relationship with Defendant Spanos ended. For all of these reasons, genuine issues of material fact preclude summary judgment on whether Plaintiff was Defendants' employee.

### C. Whether Defendants are Entitled to Credits Under 29 U.S.C. § 203(m)

Wages are not considered paid under the FLSA "unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. "The only statutory exception to the requirement that wages be paid free and clear appears in 29 U.S.C. § 203(m)." *Ramos-Barrientos v. Bland*, 661 F.3d 587, 595 (11th Cir. 2011) (quotation marks, alteration, and ellipsis omitted). "Section 203(m) provides that a wage paid to any employee includes the reasonable cost, as determined by the

7

Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." *Id.* (quotation marks and alteration omitted). "Accordingly, the employer lawfully may deduct from an employee's pay the reasonable cost of employer provided housing, and meals, even if the deduction results in the employee's cash pay falling below the statutory minimum." *Id.* (quotation marks and citations omitted).

Here, the parties dispute whether Defendants are entitled to credits under 29 U.S.C. § 203(m). Defendants assert that they are entitled to credits under 29 U.S.C. § 203(m) because they paid for Plaintiff's food, lodging, and other expenses. DE 64 at 13. In total, Defendants claim that they are entitled to a credit of $85,175 for these payments, which they claim far surpasses any wages they could possibly owe Plaintiff. *Id.* at 12–14. The Court disagrees and concludes that Defendants are not entitled to claim credits under 29 U.S.C. § 203(m).

First and foremost, Defendants have not produced any evidence that they regularly paid their employees' food, lodging, or other expenses. Defendants claim that they paid Plaintiff's expenses, but they make no assertion and provide no evidence that they did regularly did the same for their other employees. As such, there is no basis for Defendants to have deducted the costs of Plaintiff's food, lodging, and other expenses from her pay. 29 C.F.R. § 531.31 ("The reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid an employee only where 'customarily' furnished to the employee."); *Davis Bros. v. Donovan*, 700 F.2d 1368, 1370 (11th Cir. 1983) (construing "customarily furnished," as used in 29 U.S.C. § 203(m), to mean "regularly provided").

Furthermore, Defendants have not produced any records evidencing the deduction of Plaintiff's food, lodging, and other expenses from Plaintiff's wages.[3] This failure to maintain records

---

[3] It is unsurprising that Defendants lack such records since it is undisputed that Defendants never paid Plaintiff a wage or issued her a paycheck. DE 65 ¶ 8 ("[I]t is undisputed that the Defendants did not pay the Plaintiff a direct hourly wage . .

8

thus precludes Defendants from claiming a credit for paying Plaintiff's food, lodging, and other expenses. *See* 29 C.F.R. § 516.27(b) ("If additions to or deductions from wages paid [] so affect the total cash wages due in any workweek . . . as to result in the employee receiving less in cash than the applicable minimum hourly wage . . . the employer shall maintain records showing on a workweek basis those additions to or deductions from wages."); *Leonard v. Carmichael Props. & Mgmt. Co.*, 614 F. Supp. 1182, 1187 (S.D. Fla. 1985) ("The regulations promulgated by the Secretary of Labor require employers . . . to maintain, on a work-week basis, records reflecting additions to wages or deductions from wages for board, lodging, or other facilities.").

To the extent Defendants argue that maintaining records is not a prerequisite for them to claim credits, based on *Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315 (11th Cir. 2024), the Court disagrees and concludes that *Spears* is distinguishable. In *Spears*, the parties stipulated to the reasonable costs of the employee's lodging and did not contest the actual value. *See id.* at 1321 ("[T]he parties do not contest the actual value of lodging."). Thus, the stipulation relieved the employer from its "burden to prove at trial the reasonable cost of lodging." *Id.* at 1322. There is no such stipulation here, and Plaintiff disputes the costs Defendants claim as credits, DE 66 at 9–11, so Defendants retain their burden to prove the reasonable costs of Plaintiff's food, lodging, and other expenses. And the only evidence Defendants point to of their costs are their unsubstantiated assertions of how much they spent, which are insufficient. *See Spears*, 105 F.4th at 1322 ("In a typical case in which the parties contest the reasonable cost of lodging, the [employer's] failure to provide the records required by regulation could disqualify them from receiving credit for lodging costs."); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 (11th Cir. 1982) ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and

---

. ."); DE 60 at 94:9–13 (Defendant Spanos' testimony denying ever paying Plaintiff a wage); *id.* at 94:20–24 (Defendant Spanos' testimony denying ever issuing Plaintiff a paycheck).

where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost."). For these reasons, Plaintiff is entitled to summary judgment on whether Defendants can claim credits under 29 U.S.C. § 203(m). Defendants are not entitled to claim credits under 29 U.S.C. § 203(m).

### D. Whether Defendants Are Liable for Failure to Pay Plaintiff a Minimum Wage

Finally, Plaintiff seeks summary judgment on Defendants' liability for failing to pay her a minimum wage. DE 56 at 20.[4] However, given that there is a genuine dispute of material fact as to whether Plaintiff was an employee of Defendants, there is likewise a genuine dispute of material fact as to whether Defendants are liable for failing to pay Plaintiff a minimum wage. *See Scantland*, 721 F.3d at 1311 (explaining that the FLSA's minimum wage protection only extends to employees). Plaintiff is not entitled to summary judgment on Defendants' liability under the FLSA or the FMWA.

### IV. Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment raises a host of issues, and the Court will examine these issues in turn. In the end, there is no merit to any of Defendants' arguments.

### A. Whether Defendants Are Entitled to Summary Judgment Under 29 C.F.R. § 785.23

29 C.F.R. § 785.23 acknowledges the difficulty in determining the number of hours an employee works when that employee resides on his or her employer's premises on a permanent or extended basis. 29 C.F.R. § 785.23 (explaining that, when an employee resides on his or her employer's premises on a permanent basis or for an extended period of time, "[i]t is, of course, difficult to determine the exact hours worked under these circumstances"). As such, the regulation permits employees and employers to enter into a "reasonable agreement" to determine the number of compensable hours due to an employee who resides on his or her employer's premises. *See id.* ("[A]ny

---

[4] Plaintiff actually requests summary judgment on Defendants' liability for the nonpayment of her minimum and overtime wages. DE 56 at 20. The Court presumes this request contains a clerical error since Plaintiff's Amended Complaint only seeks unpaid minimum wages, not overtime wages. *See* DE 28.

10

reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."); *see also Barraza v. Pardo*, No. 12-23868-CIV, 2015 WL 4450069, at *4 (S.D. Fla. July 20, 2015) ("Other circuits . . . have been consistent in allowing the use of a reasonable agreement to determine the number of compensable hours due [to] an employee who works at home or who lives on the employer's premises." (quotation marks omitted)); *Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 199 (4th Cir. 2005) ("Ultimately, an agreement reached pursuant to section 785.23 is binding if it is reasonable in light of all of the pertinent facts of the employment relationship." (quotation marks omitted)); *Rudolph v. Metro. Airports Comm'n*, 103 F.3d 677, 680–81 (8th Cir. 1996) ("Critical to the case at hand is 29 C.F.R. § 785.23, which allows the use of a 'reasonable agreement' to determine the number of compensable hours due [to] an employee who works at home or who lives on the employer's premises.").

      Defendants contend that they are entitled to summary judgment under 29 C.F.R. § 785.23 because they had a "reasonable agreement" with Plaintiff that Defendant Spanos would pay her living and other expenses. DE 57 at 7–8. As an initial matter, Defendants' position here (that Plaintiff was an employee and had an employment agreement) is difficult to square with the conflicting position they have taken in response to Plaintiff's Motion (that Plaintiff was never an employee of Defendants and performed no work for them). DE 64 at 1 (Defendants' response to Plaintiff's Motion wherein they argue that Plaintiff's FLSA and FMWA must fail because "Plaintiff was not an employee"). In any event, Defendants are not entitled to summary judgment under 29 C.F.R. § 785.23 because there is no evidence that Plaintiff and Defendants entered into an employment agreement, let alone a "reasonable agreement." *See Barraza v. Pardo*, No. 15-13660, 2016 WL 4435617, at *1–3 (11th Cir. Mar. 10, 2016) (evaluating whether an employment contract—which provided the number of hours for the employee to work, the type of work to be done, the employee's salary, and the food and housing accommodations for the employee—was reasonable under 29 C.F.R. § 785.23). At most,

11

Defendants claim that Plaintiff accepted that they would pay for all of her living expenses. *See* DE 57-2 at 2 (Defendant Spanos' declaration that "[t]he business paid all of mine and [Plaintiff's] expenses during our relationship" and that Plaintiff "accepted that I or the business would be paying for all of our expenses"). Defendants do not cite any evidence that this purported arrangement was in return for Plaintiff working for them, and Plaintiff disputes that Defendants' payment of her living expenses was a work arrangement. DE 59 at 200:8–20 (Plaintiff's testimony that she had an agreement with Defendant Spanos "as a couple" to divide living expenses). For these reasons, Defendants are not entitled to summary judgment under 29 C.F.R. § 785.23.

### B. Whether Plaintiff Agreed to Limit Her FMWA Claim to Three Years

The FMWA provides a five-year statute of limitations for a willful violation and a four-year statute of limitations for a non-willful violation. § 95.11(2)(d), (3)(p), Fla. Stat. Despite these provisions, Defendants contend that Plaintiff cannot recover minimum wages under the FMWA for more than a three-year period prior to her filing this lawsuit because she purportedly "agreed to limit her claims to seeking minimum wages for no more than three years before filing her lawsuit." DE 57 at 9. As evidence for their contention, Defendants cite Plaintiff's deposition where their counsel questioned Plaintiff about the statute of limitations. *See id.*; *see also* DE 59 at 112–13:4–6. Defendants' argument fails to persuade the Court because they mischaracterize Plaintiff's deposition testimony.

During her deposition, Defendants' counsel asked Plaintiff whether "the law" allows her to only seek minimum wages for three years before she filed her lawsuit, and Plaintiff answered, "Yes." DE 59 at 113:2–6. Rather than being a concession to limit her FMWA claim to three years, Plaintiff, a non-lawyer, merely answered Defendants' counsel's question about what "the law" provides. And when Defendants' counsel pressed her further, Plaintiff expressed confusion about how far back in time she could claim unpaid wages under the law and indicated that she relied on her counsel to make

12

that determination. *See id.* at 114:2–6 ("I told [my counsel] when I worked, they applied the law to what I – to the hours I worked. How that's – how the statutes work and how far you can go back. I struggle with understanding this. I under – I struggle with understanding the Courts."). Defendants' argument that Plaintiff agreed to limit her FMWA claim to a three-year period is meritless.

### C. Whether Plaintiff Can Meet Her Burden of Establishing that She Performed Work and the Amount and Extent of That Work

Under the FLSA, an employee "bears the burden to show she did work for which her employer failed to appropriately compensate her." *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 23-14024, 2025 WL 1483009, at *9 (11th Cir. May 23, 2025). The FLSA also imposes a duty on an employer to "keep proper records of wages, hours and other conditions and practices of employment." *Id.* (quotation marks omitted). Thus, when an employer has not kept proper records, the employee can satisfy her burden if she proves that she "has in fact performed work for which [s]he was improperly compensated and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (quotation marks omitted). Defendants contend that Plaintiff cannot meet this burden and that they are entitled to summary judgment. DE 57 at 9–12. The Court disagrees.

For starters, Defendants do not produce any records evidencing Plaintiff's hours or wages. As such, Plaintiff can satisfy her burden of showing that she did work for which Defendants failed to compensate her through her testimony. *See Keefe*, 2025 WL 1483009, at *10 ("[W]e have been clear that an employee may meet her burden with her own testimony even if she lacks documentation and is unable to state with precision the number of uncompensated hours she worked." (quotation marks and alteration omitted)). And based on her declaration, Plaintiff has produced sufficient evidence to survive summary judgment.

For instance, Plaintiff avers that from September 27, 2019, to February 28, 2021, she worked seven days a week for approximately 91 hours per week and typically began work each day at 8:00

a.m. by "calling and emailing new and existing customers, setting orders to be fulfilled for the day, and spending a considerable amount of time on the phone with UPS." DE 56-1 ¶ 40. Then, at 9:00 a.m., Plaintiff states she would arrive at the office and would stay there until at least 6:00 p.m. *Id.* While at the office, Plaintiff claims that she performed a myriad of duties, such as fulfilling customer orders, gathering parts, stocking, creating shipping labels, speaking with customers, managing Defendants' social media, building products, managing Defendant Spanos' schedule, driving forklifts, consulting on human resources issues, and maintaining the facility. *Id.* ¶¶ 14–15, 24. Plaintiff also asserts that Defendants required her to perform work outside of the office during this time period—such as attending and representing Defendants at trade shows, advertising for the business, calling customers, ordering supplies, and engaging in social media promotions for Defendants. *Id.* ¶¶ 26–27, 45. Plaintiff further avers that from March 1, 2021, to June 28, 2022, she worked nightly from 8:00 p.m. to 2:00 a.m. seven days a week for 37 hours per week. *Id.* ¶ 41. During this time period, Plaintiff claims that Defendants required her to "further facilitate customer orders, calls, emails, engage in all social media, corporate branding, maintaining influencer, YouTuber, and boater business relationships and marketing." *Id.* This evidence is sufficient for Plaintiff to survive summary judgment on the issue of the extent of work for which she was not compensated.

### D. Whether Plaintiff Performed Tasks That Qualify as "Work"

Without citing any legal authority, Defendants maintain that Plaintiff is not entitled to a minimum wage for any time she spent accompanying Defendant Spanos to his doctor's appointments or refilling his prescriptions. DE 57 at 13. Specifically, Defendants argue that "[t]he only way the time the Plaintiff claims to have spent on these activities could be considered compensable work time under the FLSA or FMWA is if the time was spent in furtherance of Defendants' business." *Id.* Having failed to provide any authority to support their assertion, Defendants have failed to demonstrate their entitlement to summary judgment. *See Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2022

14

WL 4446229, at *8 (S.D. Fla. Aug. 17, 2022) (rejecting an argument made without citation to legal authority, stating that "[a] party's failure to cite legal authority in support of its position suggests either that there is no authority to sustain its position or that it expects the court to do its research" (quotation marks omitted)).

Defendants also claim that Plaintiff is not entitled to a minimum wage for any of the personal time she spent with Defendant Spanos. *See* DE 57 at 13. However, as Plaintiff herself admits, she does not seek a minimum wage for all of the time she spent with Defendant Spanos, acknowledging that some time spent together was personal. *See* DE 63 at 13. And Defendants have not pointed to any evidence indicating that the hours for which Plaintiff is seeking compensation were personal time that she spent with Defendant Spanos. *See* DE 56-1 at ¶¶ 14–15, 26–27, 40–41, 45 (listing work Plaintiff claims she performed for Defendants and for which she did not receive any compensation). Furthermore, Plaintiff and Defendant Spanos were in a romantic relationship, and they dispute whether some of the time they spent together was for work purposes or for purely personal reasons. *See, e.g.*, DE 57-2 at 2 (Defendant Spanos' declaration denying that Plaintiff performed any work or tasks for his business); DE 56-1 ¶ 10 (Plaintiff's declaration claiming that Defendant Spanos directed her work on a daily basis); DE 56-1 ¶¶ 40–41 (Plaintiff's assertions regarding the work she performed for Defendants). Therefore, there is a genuine dispute of material fact as to whether the hours for which Plaintiff seeks compensation were work hours or personal time.

### E. Whether Defendants Knew or Could Have Known About Plaintiff's Work

In order to prevail on an FLSA claim, a plaintiff must show that he or she was "suffered or permitted to work without compensation." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked . . . without compensation and (2) the [employer] knew or should have known of the . . . work." *Id.* Here, Defendants claim that they were unaware that Plaintiff performed

15

work for them for the 6 hours per night she claims to have worked from March 2021 to June 28, 2022. DE 57 at 13–15. Specifically, Defendants maintain that they were unaware that Plaintiff was performing work for them on her phone during those hours, as opposed to engaged in purely personal activities on her phone. *Id.* As such, Defendants assert that they are entitled to summary judgment with respect to these hours.

Summary judgment with respect to these hours is inappropriate because there is a genuine dispute of material fact as to whether Defendant Spanos knew or should have known that Plaintiff performed work for Defendants on her phone for the 6 hours per night that she claims. *See* DE 59 at 251:7–10 ("[Defendant Spanos] knew every night that I was searching social media to find things about the business and when I came across a review or something like that, I would send it to him."); *id.* at 253–54:25–1 ("[Defendant Spanos] had – he knew that I was on social media looking out for the company at all times."); *id.* at 255:3–5 ("[Defendant Spanos] would have to testify to what he believed, but he knew I was watching this on social media platforms."); *see also* DE 56-1 ¶ 41 ("For the period of my claim beginning on or about March 1, 2021, through on or about June 28, 2022, I worked nights approximately 8:00 p.m. until 2:00 a.m. each day . . . where I was required by Defendants to . . . engage in all social media, corporate branding, maintaining influencer, YouTuber, and boater business relationships and marketing.").

### F. Whether Plaintiff Can Recover Wages for *De Minimis* Time or Time She Spent Being "Available"

Employers are not required to pay employees for "otherwise compensable activities if the time spent performing those activities is *de minimis*." *Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 833 (11th Cir. 2006). Defendants contend that Plaintiff cannot recover wages for any *de minimis* time she "claims to have spent working while accompanying Mr. Spanos as his companion." DE 57 at 16. However, Defendants have not provided any authority applying the *de minimis* doctrine to claims for unpaid minimum wage. *See id.* (citing *Burton*, which only examined whether a claim for

overtime wages involved *de minimis* time, and *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984), which also only involved a claim for overtime). Defendants also do not point to any evidence that would permit the Court to conclude Plaintiff is claiming compensation for *de minimis* time. *See Burton*, 181 F. App'x at 838 ("When applying the *de minimis* rule to otherwise compensable time, the following considerations are appropriate: (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." (quotation marks omitted)). For these reasons, Defendants have failed to demonstrate an entitlement to summary judgment on the issue of *de minimis* time.

Defendants next maintain that Plaintiff cannot recover a minimum wage for any time she spent "on call." DE 57 at 16–17. "There are several different forms of waiting time: waiting for a late customer, instances in which an employee is 'engaged to wait,' and those in which an employee is 'waiting to be engaged.'" *Powell v. Carey Int'l, Inc.*, 514 F. Supp. 2d 1302, 1322 (S.D. Fla. 2007). "The time spent waiting for a late customer and being 'engaged to wait' are compensable," and "'waiting to be engaged,' that is, essentially being 'on call' may be compensable under certain circumstances." *Id.* Generally, "if the waiting time is spent primarily for the benefit of the employer, it is compensable," and whether "the time is spent for the employer's benefit is dependent upon all the circumstances." *Id.* at 1323. Specifically, courts look to "[t]he degree of restrictions placed on an employee who is 'on call'" to determine whether such time is compensable. *Id.* "Various formulations have been adopted, but generally they are decided on the basis of whether the employee is free to use such 'on call' time for his own personal activities." *Id.*

Here, although Defendants maintain that they did not restrict what Plaintiff could do while "on call," Plaintiff contends that Defendants restricted her activities and that she was not free to use any "on call" time for her personal activities. *See* DE 59 at 115:2–18 (Plaintiff's testimony that she "was at [Defendant Spanos'] disposal the entire time to do any directive that he gave me," that

17

"[Defendant Spanos] had control of every – he had control of what I did at all those times," and that "I didn't just pick up and go out for an evening by myself or have a girl's night out. I was there for him"). Accordingly, Defendants are not entitled to summary judgment on the issue of time Plaintiff spent "on call."

### G. Whether Defendants are Entitled to Credit for Money Paid to Plaintiff

Defendants contend that they are entitled to credits for $7,600 in payments they made to Plaintiff during their relationship. DE 57 at 18. Although Defendants do not state as much in their Motion, the Court presumes that Defendants claim these payments were for Plaintiff's wages and that Defendants now seek a credit for having made those payments. However, Defendants have not pointed to any evidence that these payments were for Plaintiff's wages. *See* DE 57-1 ¶¶ 31–35 (Defendant Spanos' declaration stating that he transferred $7,600 to Plaintiff without any indication what the reason was for those transfers); DE 60 at 94:9–13 (Defendant Spanos' testimony that he never paid Plaintiff any wages); DE 60 at 95:2 (Defendant Spanos' testimony denying ever issuing a check for wages to Plaintiff). Accordingly, Defendants are not entitled to summary judgment on the $7,600 in payments they made to Plaintiff.

### H. Whether Defendants' Purported Violation of the FLSA and FMWA Was Willful

As a final matter, Defendants seek summary judgment on whether they willfully violated the FLSA or FMWA and whether Plaintiff is consequently entitled to an extended statute of limitations under the FLSA and FMWA. DE 57 at 19–20; *see also* 29 U.S.C. § 255(a) (providing a three-year statute of limitation, as opposed to a two-year limitation, for a willful violation of the FLSA); § 95.11(2)(d), Fla. Stat. (providing a five-year statute of limitation for a willful violation of the FMWA). However, because of the factual disputes discussed previously in this Order—such as whether Defendants employed Plaintiff—Defendants are not entitled to summary judgment on whether they willfully violated the FLSA or FMWA and whether Plaintiff is consequently entitled to an extended

statute of limitations under the FLSA and FMWA. *See Morrison v. Quality Transp. Servs., Inc.*, 474 F. Supp. 2d 1303, 1313 (S.D. Fla. 2007) ("The issue of willfulness under [the FLSA] is a question of fact for the jury not appropriate for summary disposition."); *McGuire v. Hillsborough Cnty., FL*, 511 F. Supp. 2d 1211, 1218 (M.D. Fla. 2007) ("[W]hether a defendant committed a willful violation is a jury question."); *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1360 (S.D. Fla. 2010) ("Many district court decisions have likewise found that willfulness under the FLSA is a jury question.").

## V. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment [DE 56]. Specifically, the Court rules that enterprise coverage exists and that Defendants are not entitled to claim credits under 29 U.S.C. § 203(m). Defendants' Motion for Summary Judgment [DE 57] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 26th day of September, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE