**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.

_____/

## JOINT PRETRIAL STIPULATION

Per this Court's Order Amending Trial and Pretrial Schedule (DE 47), the parties respectfully submit the pretrial stipulation in accordance with Local Rule 16.1(e).

**1.      Short, concise statement of the case by each party in the action**

### PLAINTIFF

Plaintiff Melinda Michaels filed her lawsuit after Defendants failed to pay Plaintiff's full and proper minimum wages and knowingly and willfully refused to pay Plaintiff's legally-entitled wages. Defendant Michael Spanos managed the day-to-day operations of Defendants' business during the relevant period. Defendants required Plaintiff to work approximately 91 hours per week from on or about September 27, 2019 through on or about February 26, 2021, and approximately 37 hours per week from on or about February 27, 2021 through on or about June 28, 2022. Plaintiff was never properly compensated for the hours worked and duties performed for Defendants, despite her repeated complaints to Defendant Spanos about not being properly compensated.

Furthermore, Plaintiff objects to Defendants' statement of the case because it is prejudicial. Claims of cyberstalking against Plaintiff were dismissed in June of 2023, after Plaintiff victoriously fought a battle waged against her involving former employees Bailey Frederes, Arya-Jane Mitchell, and Defendant Spanos. Additionally, the case waged by Spanos against Plaintiff is still pending, and Under Federal Rules of Evidence 403 and 609, introduction of these matters are irrelevant to Plaintiff's claims under the FLSA and FMWA, would confuse the issue, and are prejudicial. Defendants assertions that "Defendants  paid nearly, if not all, of her living expenses, including room, board, car expenses, meals, travel, and discretionary spending" and "Plaintiff [did] not complain or have any problems with the arrangement she had with Mr. Spanos" are improper arguments because the Court granted summary judgment ruling that Defendants cannot claim setoffs in this case and the Parties cannot contract in derogation of the requirements of the FLSA; therefore, Defendants' contention that Plaintiff did not complain "or have any problems" is not a valid defense, confuses the issues, and is prejudicial to Plaintiff. This case is about Defendants' failure to pay Plaintiffs' full and proper minimum wages. The FLSA's requirement that Defendants pay the proper minimum wages is not affected by Defendants' allegation that Plaintiff did not complain about Defendants' FLSA violations. Plaintiff does not concede or agree with Defendants' statement of the case.

## DEFENDANTS

The Plaintiff filed this lawsuit as a vindictive measure years after her romantic relationship with Mr. Spanos ended, in response to his pursuit of legal action against her for, *inter alia*, stalking, for which he obtained a restraining order against her on April 14, 2023. As his romantic partner, the Plaintiff and Mr. Spanos lived off the proceeds of his business, SeaWater Pro, LLC. The Defendants paid nearly, if not all, of her living expenses, including room, board, car expenses,

meals, travel, and discretionary spending. Not only did the Plaintiff not complain or have any problems with the arrangement she had with Mr. Spanos, but she also enjoyed unfettered access to the bank accounts used by Mr. Spanos and his business, for which she was able to spend money at will – as if she were a partner in the business. SeaWater Pro. As such, the Plaintiff was adequately compensated based on her arrangement with Mr. Spanos. She was, therefore, not an employee but a romantic partner whose status was akin to a "partner" in the business, who may have occasionally performed some "work" for them, but who is not entitled to any wages under either the FLSA or FMWA. If the jury determines she is owed "wages" as an "employee" for the Defendants, then she was compensated pursuant to the parties' arrangement/agreement. Any work she performed was minimal and sporadic, at best, and any failure to pay such was not intentional, reckless, or willful, such that no extended limitations period applies. Furthermore, the Plaintiff cannot proceed with a claim under the FMWA because she did not comply with the pre-suit requirements imposed by Fla. Stat. §448.110. If she is permitted to pursue such a claim, then the limitations period for any FMWA claim must be calculated based on September 17, 2024 (15 days prior to the filing of the Amended Complaint on October 2, 2025 [ECF No. 28]). *See* Fla. Stat. §448.110(6)(b) ("The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period.") Ultimately, the Defendants maintain that they did not violate the law, and so are not liable to the Plaintiff for any unpaid or underpaid minimum wages or liquidated damages and are entitled to the entry of a judgment in their favor.[1]

**2.      Basis of federal jurisdiction**

This Court has federal question jurisdiction under 28 U.S.C § 1331.

---

[1]      The Defendants do not concede or agree with the Plaintiff's statement of the case.

3. **Pleadings raising the issues**

    A.    Amended complaint (DE 28), and

    B.    Defendants' Answer and Affirmative Defenses to the Amended Complaint (DE 29).

4. **List of all undisposed of motions or other matters requiring action by the Court (as of the date of filing)**

    A.    The Plaintiff's Motion *in Limine* (DE 72); and

    B.    The Defendants' Motion in Limine (DE 73).

5. **Statement of uncontested facts which will require no proof at trial, with reservations[2]**

    A.    SeaWater Pro was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.[3]

    B.    Michael Spanos is the sole owner of SeaWater Pro LLC and was responsible for hiring and firing personnel at all times material hereto.[4]

    C.    SeaWater Pro operates a business engaged in manufacture and sale of watermakers for boats.[5]

    D.    The Parties were involved in a romantic relationship from 2016 through the end of June 2022.

---

[2] The parties did not identify any of the factual or legal issues the Court decided in its recent Order [ECF No. 81], as they are not disputed or agreed-upon factual or legal issues to be considered for trial.

[3] Defendants' Answer [DE 29 ¶ 6]

[4] Defendnats' Answer [DE 29 ¶ 9], Plaintiff's Response to Defendants' Statement of Material Facts [DE 63-1 ¶ 2, 4]

[5] Defendants' Answer [DE 29 ¶ 10]

E.        The Parties lived together as a couple from 2016 through the end of June 2022.

F.        Defendant Spanos could not lift any objects over 20 lbs.[6]

**6.        Statement in reasonable detail of issues of fact which remain to be litigated at trial**

Plaintiff's Position

A.        Whether any of Defendants' alleged violations of the FLSA, if proven, were "willful".

B.        Whether Plaintiff is entitled to an award of liquidated damages.

C.        Whether Defendants failed to pay Plaintiff's full and proper minimum wages as required by the FLSA and FMWA.

D.        If successful, the extent of damages (as to minimum wages) to which Plaintiff might be entitled.

E.        If successful, the extent of liquidated damages to which Plaintiff might be entitled.

Defendants' Position

A.        Whether the Plaintiff was an employee or not.

B.        If the Plaintiff is found to have been an employee of the Defendants

        i.   the hours Plaintiff worked, if any.

        ii.  the hours Plaintiff worked but for which she was not paid, if any.

        iii. The amount of federal minimum wages to which the Plaintiff can recover, if any.

---

[6] Defendants' Response to Plaintiff's Statement of Material Facts [DE 65 ¶ 16]

      iv. The amount of Florida minimum wages to which the Plaintiff can recover, if any.

      v. Whether Defendants violated the FLSA's requirement to pay minimum wages to Plaintiff

      vi. Whether Defendants violated the FMWA's requirement to pay minimum wages to Plaintiff

C.     Whether Defendants knew or reasonably should have known that Plaintiff was performing work.

D.     Whether Defendants knew or reasonably should have known of any hours the Plaintiff claims to have worked.

E.     Whether the parties had an agreement to compensate the Plaintiff for work performed, and the nature of that agreement.

F.     The reasons why the Defendants did not pay the Plaintiff an hourly wage.

G.     Whether the Plaintiff can meet her burden to provide admissible evidence of the hours she claims to have worked.

H.     The limitations period applicable to the Plaintiff's claims.

**7.     Concise statement of issues of law on which there is agreement.**

A.     Jurisdiction is proper under 28 U.S.C. §§1331, 1337, 1367, and by 29 U.S.C. §216(b).

B.     That there will be no evidence, argument, or inferences trial on the following issues:

    i. attorneys' fees and costs;

    ii. liquidated damages;

    iii. SeaWater Pro's weekly, monthly, or annual income or its finances

iv. any DUI by witness, Bailey Freederes;

v. any "Golden Rule" commentary (putting yourself in the position of Ms.

Michaels or Mr. Spanos)

    C.      Defendants are jointly and severally liable for any minimum wages awarded to Plaintiff, if any.

    D.      Defendants are jointly and severally liable for any liquidated damages awarded to Plaintiff, if any.

**8.**     **Concise statement of issues of law which remain for determination by the Court.**

    A.      The disputed issues that are identified in Plaintiff's Motion in Limine (DE 72).

    B.      The disputed issues that are identified in Defendants' Motion In Limine (DE 73)

    C.      Whether Plaintiff complied with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages under the FMWA.

    D.      Whether a failure by Plaintiff to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents her from pursuing a claim against the Defendants under the Florida Minimum Wage Act.

    E.      The dates at issue in the Plaintiff's FMWA claim, including the date from which the statute(s) of limitations for any claim thereon should be calculated if other than September 17, 2024 (as 15 days prior to the filing of the Amended Complaint filed on October 2, 2025 [ECF No. 28]). *See* Fla. Stat. §448.110(6)(b) ("The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period.")

7

F.      Whether liquidated damages apply to any FMWA and/or FLSA violation(s) established by Plaintiff, if any.

G.      If the Plaintiff prevails at trial, should the Court award her liquidated damages and, if so, in what amount?

H.      The applicable statute of limitations.

**9.      Numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit**

A.      Plaintiff's Trial Exhibit List will be filed on or before the October 7, 2025, deadline established in the Court's Order DE 47.

B.      Defendants' Trial Exhibit List will be filed on or before the October 7, 2025, deadline established in the Court's Order DE 47

**10.      Numbered list of trial witnesses, with address, separately identifying those whom the party expects to present and those whom the party may call if the need arises**

Plaintiff's Trial Witness List will be filed on or before the October 7, 2025, deadline established in the Court's Order DE 47.

Defendants' Trial Witness List will be filed on or before the October 7, 2025, deadline established in the Court's Order DE 47

**11.      Estimated trial time**

A.      Plaintiff estimates 4-5 days of trial time is necessary. Trial will be to a jury.

B.      Defendants estimate 3-4 days of trial time is necessary. Trial will be to a jury.

**12.      Estimate of attorney's fees, if allowable**

8

A.      Plaintiff's estimate of the maximum amount of attorney's fees properly allowable

pursuant to S. D. Fla. L. R. 16.1(e)(12) is $150,000.

B.      The Defendants do not have a means of recovering their attorney's fees under the

FLSA or FMWA.

Respectfully Submitted,

Dated: October 1, 2025.

| | |
|---|---|
| */s/ Dillon S. Cuthbertson* | */s/ Brian H. Pollock* |
| Dillon S. Cuthbertson, Esq. | Brian H. Pollock, Esq |
| Florida Bar No. 1056382 | Florida Bar No. 174742 |
| Elliot A. Kozolchyk, Esq. | |
| Florida Bar No. 74791 | |
| | |
| **KOZ LAW, P.A.** | **FAIRLAW FIRM** |
| 800 East Cypress Creek Road, Suite 421 | 135 San Lorenzo Avenue, Suite 770 |
| Fort Lauderdale, FL 33334 | Coral Gables, FL 33146 |
| Tel:     (786) 924-9929 | Tel:     (305) 230-4884 |
| Email: dc@kozlawfirm.com | Email:  brian@fairlawattorney.com |
| Email: ekoz@kozlawfirm.com | *Attorney for Defendants* |
| *Attorneys for Plaintiff* | |