UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60984-AUGUSTIN-BIRCH

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC and
MICHAEL SPANOS,

    Defendants.
_____/

## ORDER ON NOTICE OF SETTLEMENT

This cause comes before the Court on the parties' Notice of Settlement. DE 83. A settlement resolving a claim under the Fair Labor Standards Act ("FLSA") must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355.

Accordingly, it is **ORDERED and ADJUDGED** that the parties must file a motion for approval of their settlement agreement within **14 days** of the date of this Order. The motion must comply with the Court's requirements detailed below. Failure to comply with this Order may result in the Court denying the parties' motion. All deadlines in this case are **stayed** pending the Court's review of the parties' settlement agreement. The calendar call scheduled for October 14, 2025, and the trial scheduled to begin on October 28, 2025, are **canceled**.

The parties' motion must include a copy of the fully executed settlement agreement for the Court's review. The Court will not approve an FLSA settlement agreement filed under seal unless "truly extraordinary circumstances justify keeping [the] settlement agreement[] out of the public record." *Palacios v. MetroPCS Fla., LLC*, No. 13-61159-CIV, 2013 WL 12152418, at *1 (S.D. Fla. Aug. 12, 2013) (explaining that a confidentiality clause is an insufficient justification to keep an FLSA settlement agreement out of the public record); *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) (stating that sealing an FLSA settlement agreement "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace"). If the parties believe that there is a justification to keep their settlement agreement out of the public record, they must describe that justification in their motion and file a copy of the fully executed settlement agreement under seal.

A court reviewing the fairness of an FLSA settlement considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)). In their motion, the parties must address each *Leverso* factor and how the factor applies to this case, as well as provide any additional information that the parties believe is relevant to the Court's evaluation of the fairness and reasonableness of their settlement agreement.

Courts "routinely" decline to approve FLSA settlement agreements that contain general releases. *Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *see Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). If the parties' settlement agreement contains a general release, the parties must explain in their motion why the general release is fair and reasonable and provide any information specific to the general release that the parties believe is relevant to the Court's evaluation of its fairness and reasonableness.

Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *See Dees*, 706 F. Supp. 2d at 1242 (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"); *see also King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)). Some courts approve confidentiality clauses in FLSA settlement agreements "upon a showing of a compelling reason." *Moutrey v. Fort Lauderdale Transp., Inc.*, No. 0:17-CV-60211, 2017 WL 7805573, at *2 (S.D. Fla. May 5, 2017) (quotation marks omitted). If the parties' settlement agreement contains a confidentiality clause, the parties must explain in their motion why the confidentiality clause is fair and reasonable.

A court must evaluate the reasonableness of any attorneys' fees included as part of an FLSA settlement "to assure both that counsel is compensated adequately and that no conflict of

3

interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  A court cannot scrutinize the reasonableness of attorneys' fees absent information about the number of hours counsel worked on the case, the work done during those hours, and counsel's hourly billing rate.  *Arevalo v. Latin Grp., Inc.*, No. 17-24257-CIV, 2018 WL 4957292, at *1-2 (S.D. Fla. Mar. 20, 2018) (denying without prejudice a joint motion for approval of an FLSA settlement when the motion and settlement agreement "fail[ed] to adequately explain Plaintiffs' attorneys' fees and costs" and requiring the filing of "affidavits or exhibits regarding attorneys' fees and costs").  If the parties' settlement agreement provides for a payment of attorneys' fees and/or costs, the parties must in their motion (1) explain how the amount of the payment was calculated and why the amount is reasonable; (2) state the number of hours counsel worked on this case, the work done during those hours, and counsel's hourly billing rate; (3) provide the amount of costs expended for this case and the nature of those costs; and (4) substantiate the claimed fees and/or costs with exhibits such as billing records and receipts.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of October, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE