UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984-Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

   Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

   Defendants.
_____/

**JOINT MOTION TO REOPEN CASE AND PROCEED TO TRIAL**

Plaintiff Melinda Michaels, and Defendants SeaWater Pro LLC and Michael Spanos A/K/A Mike Spanos, (collectively the "Parties") through the undersigned counsel, respectfully requests this honorable Court reopen the case, and proceed to trial, and in support states the following:

**STATEMENT OF FACTS**

1. On June 7, 2024, Plaintiff filed her Complaint (DE 1), alleging violations of the Fair Labor Standards Act "FLSA", with a jury demand, against Defendants.

2. On July 5, 2024, Defendants filed their Answer and Affirmative Defenses (DE 7).

3. On October 2, 2024, Plaintiff filed her Amended Complaint (DE 28), and Defendants answered on October 10, 2024 (DE 29).

4. On October 30, 2024, Defendants properly substituted counsel (DE 32).

1

5. On December 5, 2024, the Parties filed their Joint Consent to Magistrate Jurisdiction (DE 41), and the Court vested Jurisdiction with the Magistrate Judge on December 5, 2025 (DE 42).

6. On December 20, 2024, the Court issues its Order Amending Trial and Pretrial Schedule scheduling trial to commence on October 28, 2025.

7. Plaintiff and Defendants completed formal discovery including depositions and mediation.

8. On June 27, 2025, the Parties each filed their respective Motions for Summary Judgment (DE 56 and 57).

9. On August 6, 2025, the Parties conferred in good faith and filed their respective Motions in Limine (DE 72 and 73).

10. On September 25, 2025, Plaintiff properly filed her Deposition Designations (DE 80).

11. On September 26, 2025, the Court issued its Order on Motions for Partial Summary Judgment, Granting in Part and Denying in Part Plaintiff's Motion, and Denying Defendants Motion (DE 81).

12. On October 1, 2025, the Parties conferred in good faith and filed their Joint Pretrial Stipulation (DE 82).

13. On October 7, 2025, Plaintiff filed a Notice of Settlement indicating "the parties have settled in principle subject to their agreement on the terms of a written settlement agreement" (DE 83).

14. On October 9, 2025, the Court issued it's Order on Notice of Settlement, requiring the parties to file a motion for approval of their settlement agreement within 14 days of the date of the Order (DE 84).

15. The parties worked diligently throughout the fourteen day period in order to reduce the agreed settlement to writing, but were unable to do so, and on October 23, 2025, the Parties filed their first request for additional time through November 6, 2025 to file the dismissal documents (DE 85).

16. The parties worked diligently throughout the extension period, however, the endeavor was more complicated than anticipated due to pending outside litigation beyond the control of the parties and counsel who represent them in this litigation, and on November 6, 2025, the parties were required to seek a second extension of time through November 13, 2025, in order to attempt to finalize the agreement (DE 87).

17. On November 12, 2025, the Court granted the parties request for a second extension of time, but provided that should the parties fail to comply with the Court's Order (DE 84), the Court would dismiss the action with prejudice (DE 88).

18. Unfortunately, the Parties, after many hours and diligent efforts, including approximately twelve versions of a drafted Settlement Agreements, were unable to reach an agreement in writing.

19. The Parties, therefore, request the Court reopen the case and proceed to commence trial.

## **MEMORANDUM OF LAW**

Courts in the Southern District customarily reopen cases when the parties have been unable to reach a settlement. *Payer, P.A. v. Truist Bank,* No. 24-CIV-20784-WILLIAMS, 2025 LX 542022 (S.D. Fla. Jan. 31, 2025)("Court's regularly reopen cases to resume litigation after settlement negotiations break down." *See, e.g., Sandler, Travis & Rosenberg, P.A. v. Logitech, Inc.,* No. 23-22028-CIV-ALTONAGA, at *1-2 (S.D. Fla. Spt. 27, 2023)(granting Plaintiff's

motion to reopen case after unsuccessful settlement negotiations, despite Defendant's objections); *Socas v. Nw. Mut. Life Ins. Co.,* No. 07-CIV-20336, 2009 WL 3208302, at *1 (S.D. Fla. Oct. 1, 2009)(granting motion to reopen case and reactivate motions ***after*** parties reached an impasse in settlement negotiations).

The failure to consummate a settlement agreement is good cause to reopen an action. *Custom Cutlery, LLC v. Churnick*, 2017 U.S. Dist. LX 181929 (S. D. Fla. Oct. 31, 2017)(*See, e.g. United States v. Persaud,* 2005 U.S. Dist. LX 50663 (M.D. Fla. Mar. 1, 2005); *Hitchock v. Orange Cty., Fla.,* 2006 U.S. Dist. LX 102633 (M.D. Fla. Jun. 21, 2006)(granting motion to reopen after case was dismissed in light of a settlement and where settlement agreement was not consummated).

Dismissal with prejudice is considered a "sanction of last resort" and should only be applied in "extreme circumstances". *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *see also World Thrust Films,* 41 F.3d at 1456 (stating that dismissal is a "drastic sanction"); *Dynasty Mgmt., LLC v. Umg Recordings, Inc.,* 759 F. App'x 784, 788 (11th Cir. 2018)(quoting *Morewitz v. West of Eng. Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995)("A district court cannot impose a dismissal with prejudice unless there is 'clear record of delay or contumacious conduct by the [parties]."). A dismissal with prejudice may only been imposed when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films,* 41 F.3d at 1456. Mere negligence is insufficient to justify a finding of delay or willful misconduct. *See McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986).

## ANALYSIS

The Parties spent many hours, diligently working together in attempting to fairly resolve their issues in a written agreement, however due to the matters outside this litigation, were unable to do so. From the original filing of the Complaint on June 7, 2024, the parties met all timely deadlines, with only two brief joint and mutual extensions to fully complete discovery including all depositions as well as Summary Judgment. The parties fully cooperated in good faith with their filing of a Joint Scheduling Report, attending mediation, and conferring to file the Joint Pretrial Stipulation, and were ready to commence trial, having prepared witness and exhibit lists, jury instructions, and voir dire questions.

On the eve of trial, the parties engaged in further settlement discussions and reached a proposed settlement contingent upon the parties being able to reduce the agreement to writing. As stated above, the parties were unable to do so because of the powers outside of their and their counsel's control and instead wish to proceed to trial.

Consistent with *Goforth*, dismissal with prejudice is a sanction of last resort, and should only be applied in extreme circumstances. 766 F.2d 1533, 1535 (11th Cir. 1985). The parties have not engaged in any willful or intentional delays in the filing of dismissal documents and settlement agreement, but actually did the oppose. The parties worked hard over many hours and were unable to finalize a written resolution to Plaintiff's claims and Defendants' defenses, and as indicated by the joint nature of this motion, wish to reopen the case and proceed to trial.

Consistent with *Custom Cutlery, LLC,* the failure to consummate a settlement agreement is good cause to reopen an action. 2017 U.S. Dist. LX 181929. And under *Hitchock,* a motion to reopen the case, after the case was dismissed in light of a settlement and where settlement agreement was not consummated, is proper. 2006 U.S. Dist. LX 102633. Under *Socas*, where the

parties have reached an impasse in settlement negotiations and in reducing any agreement to a final writing, the Court has the ability to reopen the case and reactivate pending motions. In this case, the Parties are ready for trial, and the only pending Motions to be reactivated are Plaintiff and Defendants' respective Motions in Limine (DE 72 and 73). Where the case is ready for trial, and the time, energy, resources of the Court and the Parties, have been spent in getting to trial, a dismissal with prejudice would provide no resolution whatsoever to the Parties' claims and defenses, and it is unwarranted where there has been no intentional or willful delays by the parties. Similarly, should the court dismiss the case without prejudice, the Court and Parties time and expense of relitigating the case from filing to trial would be a waste of judicial time and resources.

The Parties have shown good cause, through their continued cooperative efforts, to reopen their case, and proceed to trial.

WHEREFORE, the Parties respectfully request the Court GRANT their Joint Motion to Reopen the Case and Proceed to Trial.

Respectfully Submitted,

| | |
|---|---|
| */s/Dillon S. Cuthbertson* | */s/ Brian H. Pollock* |
| Dillon S. Cuthbertson, Esq. | Brian H. Pollock, Esq |
| Florida Bar No. 1056382 | Florida Bar No. 174742 |
| Koz Law, P.A. | FAIRLAW FIRM |
| 800 East Cypress Creek Road, Suite 421 | 135 San Lorenzo Avenue, Suite 770 |
| Fort Lauderdale, FL 33334 | Coral Gables, FL 33146 |
| Tel:    (786) 924-9929 | Tel:    (305) 230-4884 |
| Email: dc@kozlawfirm.com | Email: brian@fairlawattorney.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |