UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984- Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.
_____/

## MOTION FOR SANCTIONS AGAINST DEFENDANT MICHAEL SPANOS AND REQUEST FOR PROTECTIVE ORDER

Plaintiff Melinda Michaels ("Michaels"), by and through HER undersigned counsel, and following the Court's Status Conference held on December 3, 2025, respectfully request the Court enter Sanctions against Defendant Michael Spanos ("Spanos"), and grant Plaintiff and her Counsel protective order, and in support states the following:

### STATEMENT OF FACTS

1. On January 22, 2025, Michaels through her Counsel, Dillon Cuthbertson, Esq. ("Cuthbertson") took the Deposition of Defendant Michael Spanos. [DE 60]. Before that deposition went on the record, after Michaels and Cuthbertson came into the conference room where Spanos was sitting, and Mr. Spanos asked Michaels directly whether she had "fucked [Cuthbertson] yet because she had already fucked all of her other attorneys". [DE 60 p. 5 ln. 12-15; *See also EXHIBIT A - Cuthbertson Declaration* ("CD") ¶ 5-6].

1

2. Immediately following the deposition, Mr. Spanos announced to Cuthbertson, "where is Koz", "I want to see that fat fuck", "I will kick the shit out of him". [CD ¶ 7].

3. On October 1, 2025, Cuthbertson and Kozolchyk received an email from Pollock indicating that Spanos would like to speak directly to them to negotiate a resolution; and that Spanos would like to meet with Cuthbertson and Kozolchyk in their office. [CD ¶ 8].

4. Same day, Cuthbertson responded that it was not in their best interest: health welfare and safety given Spanos' threats made against them but would be happy to schedule a call with Spanos to discuss resolution. [CD ¶ 8].

5. Following that email, Pollock emailed Spanos cc'ing Cuthbertson and Kozolchyk indicating to Spanos, "Mike, they don't want to meet with you in person". [CD ¶ 9].

6. Shortly thereafter on October 1, 2025, Spanos called Kozolchyk and Cuthbertson to discuss settlement, and also threated Kozolchyk that "*whatever door you open, someone will be on the other side*", then sent an email to Kozolchyk indicating, "I think Mr. Koz enjoys a good fight so do I. My good friend Elliot [Kozolchyk] is about to make it personal, lets see who has more to lose." [CD ¶ 9].

7. The following day, on October 2, 2025, Kozolchyk sent Spanos an email offer to settle the case. Spanos replied to the email accepting the offer under two conditions. 1. "You are present with your *flaming Democrat skinny boyfriend at the signing* so you can look me in the eye as I'm signing the extortion agreement. 2. I will wait until after Court on the 17th of this month to see what happens". [CD ¶ 10].

8. Same day, Plaintiff rejected Spanos counter, indicating Plaintiff's offer was still open. Spanos then replied indicating "I'm sorry about calling him a *flaming homosexual*, I didn't meant to call him a *flaming homosexual*, my sincere apologies for calling him a *flaming*

2

*homosexual*. I honestly couldn't remember his name. ***When I come visit your office*** please introduce your ***bisexual homosexual partner*** to me, whatever his name is, ***I think he's very cute***, I like your taste" [emphasized with three heart and love emojis] "what about the word legalized extortion, did you find that obscene? ***I'm going to dedicate the rest of my life to make sure this extortion doesn't happen to anyone else***." [CD ¶ 11].

9. On November 12, 2025, Spanos emailed Kozolchyk indicating "Tell that fat ugly fuckhead that we're going to court". [CD ¶ 12].

10. On December 3, 2025, before the Status Conference began, while inside the Courtroom, in the presence of the Clerk, United States Marshall, Cuthbertson and Pollock, Spanos called Kozolchyk a "fat fuck" and "ass hole". Following the hearing in the presence of the same individuals, Spanos again went after Kozolchyk indicating "Koz, what are you going to do Koz", and was told by the Marshall to leave the courtroom in that instant. [CD ¶ 13].

11. Trial is scheduled for January 23, 2026, pursuant to the Court's Order Granting Joint Motion to Reopen Case and Proceed to Trial, Amending Trial and Pretrial Schedule, and Referring Case for Settlement Conference. [DE 94].

12. The Case has been referred to United States Magistrate Judge Patrick M. Hunt for Settlement Conference prior to trial.

## **MEMORANDUM OF LAW**

Although pro se litigants may be entitled to leeway from the Court when construing court filings, they must nevertheless follow basic rules of ethics and civility. *Flannery v. USAA Gen. Indem., Co.,* 2025 U.S. Dist. LEXIS 57969 at *2 (S.D. Fla. 2025)(holding that harassing, coercive, argumentative, threatening, or similar statements to opposing counsel will not be permitted, following an email sent from Plaintiff to Defendant's counsel which read: "Your firm is shady,

deceitful, scandalous and downright evil. Please tell Scott Kantor [the attorney] again, I pray every night before bed he gets in a fatal car wreck. My prayers have a strange way of becoming reality. From a non Jew, Martin Flannery"); *See also Nelson v. Eaves,* 140 F.Supp.2d 319, 322 (S.D.N.Y. 2009)(dimissing pro se litigant's complaint with prejudice after he wrote threatening letter to opposing counsel).

"Courts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017)(citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 1154 L.Ed. 2d 27 (1991). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers,* 501 U.S. at 43. The Court's inherent power "must be exercised with restraint and discretion and used to fashion an appropriate sanction for conduct which abuses the judicial process." *Purchasing Power, LLC,* 851 F.3d at 122. "A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.,* at 1223. The purpose of this power is to "vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole." *Id.*

"A sanctions motion under…a court's inherent powers… requires a showing that the party acted in bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). "This standard can be met…with evidence of conduct so egregious that it could only be committed in bad faith. Evidence of recklessness alone won't suffice." *Id.,* at 1310. "When imposing sanctions pursuant to their inherent authority, courts require that the conduct or fraud be proven by clear and convincing evidence." *Kleiman v. Wright,* 2020 U.S. Dist. LEXIS 110987 at *17 (S.D. Fla. 2020).

Rule 26(c) allows the issuance of a protective order if 'good cause' is shown. Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co., Litig.,* 820 F.2d 352, 356 (11th Cir. 1985). The Eleventh Circuit has identified four factors to consider in determining the existence of good cause: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1205 (11th Cir. 1985). Rule 26(c) further provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Inc. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429-30 (M.D. Fla. 2005); *See also McCarthy v. Barnett Bank of Polk Cty.,* 876 F.2d 89, 91 (11th Cir. 1989).

## **ANALYSIS**

Threats of violence, onslaughts of harassing statements, and homophobic slurs have been placed in writing, been made over the phone, and spoken in open court by Defendant Spanos beginning in January 2025 and carrying through December 2025. With trial quickly approaching February 23, 2025, and an impending Settlement Conference with United States Magistrate Judge Patrick M. Hunt imminent, Plaintiff, Cuthbertson and Kozolchyk now respectfully request this Honorable Court for protective measures against Spanos and for sanctions.

Good cause has been shown in Cuthbertson's Declaration, including all receipts of communications exposing Spanos' threats of violence, and use of derogatory terms to counsel, to

warrant sanctions through the Court's inherent powers under *Purchasing Power, Chambers* and *Hyde.* The court has the power to … sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power,* at 1223. Here, there is no doubt that Spanos repeated violative behavior is in bad faith, vexatious, wanton and oppressive.

Similarly, under *Alexander, Kleiner* and *Auto,* Plaintiff has carried her burden to show that justice requires protection from Spanos to prevent additional annoyance, embarrassment, oppression and burden, and to stop unnecessary expense. *Auto*, 231 F.R.D. 429. Furthermore, the need for protection is justified by the threats of violence made by Spanos.

Plaintiff therefore respectfully requests the court enter a protective order where (1) Plaintiff and Plaintiff's counsel are to arrive in the Federal Courthouse, located at 299 Broward Boulevard, Ft. Lauderdale, FL, 40 minutes before the Court's call-time, each day of trial. And that Defendant and Defendants' counsel arrive no earlier than 20 minutes before the Court's call-time, each day of trial. (2) Plaintiff and Plaintiff's counsel be dismissed each day of trial with Plaintiff and Plaintiff's counsel leaving the Court first, and Defendants' and Defendants' counsel leaving 20 minutes after. (3) That Defendant Spanos is to have no further direct contact with Plaintiff or Plaintiff's counsel outside of any proceeding, without leave from the Court. (4) Defendants Spanos is to act in a civil manner at all times with regard to this case moving forward. (5) The Court suspends the application of Local Rule 7.1(a)(3) meet-and-confer negotiations prior to filing motions for the remainder of the case.[1] (6) The Parties are permitted to attend Setttlement Conference with United States Judge Patrick M. Hunt via Zoom, or if the Court requires in-person, stagger the entry and exits of Plaintiff, Defendants' and counsel pursuant to protective measures (1) and (2) above.

---

[1] *See Flannery* at 3.

The undersigned has expended 4.1 hours on this motion including legal research, preparation of his Declaration, conferring on, and drafting the motion, incurring $1,537.50 in fees.

WHEREFORE, Plaintiff respectfully requests the Court GRANT her Motion for Sanctions against Michael Spanos, enter a Protective Order ensuring protective measures are in place guarding against her and counsel's health, welfare and safety, and grant any other relief deemed just a proper.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, FL 33334
Phone: (786) 924-9929
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for the movant conferred with Defendants' counsel in good faith via email on Thursday, December 11, 2025, and defendants OPPOSE the relief sought herein.

_____
Dillon S. Cuthbertson, Esq.