UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984- Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.
_____/

### DECLARATION OF DILLON S. CUTHBERTSON, ESQ.

**I, DILLON S. CUTHBERTSON, ESQ., declare:**

**1.** I am over eighteen years of age; I live in the United States, and I personally know of the matter set forth herein. I understand the English language and completely understand the contents of this Declaration.

**2.** I am Plaintiff's Counsel in the case of *Michaels v. SeaWater Pro LLC, et al.,* Case No. 24-cv-60984-Augustin-Birch, in the United States District Court, for the Southern District of Florida ("Lawsuit").

**3.** The hours set forth in the Motion for Sanctions Against Michael Spanos and Request for Protective Order are an accurate indicium of the work I performed, and hours I spent working on the Motion.

**4.** From the outset of the litigation, I participated in genuine conferral efforts and good faith exchanges with counsel in order to limit the Court's intervention and reduce fees and costs.

**5.** Unfortunately, beginning January 22, 2025, in taking Defendant Michael Spanos' ("Spanos") deposition, I was met with direct hostility, threats of violence, and enduring Spanos' homophobic slurs against me.

[*Continued to Next Page*]

**6.** This is directly from the deposition transcript of Spanos, where he asked Plaintiff whether she had engaged in sexual intercourse with me because "she had already fucked all of her other Attorneys", and Mr. Spanos replied, "So what is the answer?".

```
Case 0:24-cv-60984-PAB   Document 60   Entered on FLSD Docket 06/27/2025   Page 5 of 120
MICHAEL SPANOS                                              January 22, 2025
MICHAELS V. SEAWATER PRO LLC                                              5

 1   swear in the witness.
 2           Mr. Spanos, please raise your right hand.
 3                   MICHAEL SPANOS,
 4     having first been duly sworn, testified as follows:
 5           THE REPORTER:  Thank you.
 6           And, Counsel, you may begin.
 7           MR. CUTHBERTSON:  As a preliminary matter, I'd
 8   like to address something that happened that occurred
 9   before the deposition took place this morning at
10   approximately 10:05 a.m.  In the room was Court Reporter
11   Chelsie, Court Reporter Tatiana (phonetic), myself, and
12   the plaintiff, Melinda Michaels.  The defendant, Mr.
13   Spanos, asked Ms. Michaels directly whether she had
14   fucked me yet because she had already fucked all of her
15   other attorneys.
16           THE WITNESS:  So what is the answer?
17           MR. CUTHBERTSON:  I didn't ask you a question,
18   Mr. Spanos.
```

**7.** Immediately following the deposition, Mr. Spanos announced to Cuthbertson, "where is Koz", "I want to see that fat fuck", and indicated he wanted to kick the "shit out of him".

**8.** On October 1, 2025, I received the following email from Brian Pollock, Spanos' counsel ("Pollock"), indicating that Spanos would like to speak directly to myself and Kozolchyk in person to reach a resolution of Plaintiff's claims. Here's a copy of the email below:

> From: Brian H. Pollock <brian@fairlawattorney.com>
> Sent: Wednesday, October 1, 2025 11:28 AM
> To: Elliot Kozolchyk <ekoz@kozlawfirm.com>; Dillon Cuthbertson <dc@kozlawfirm.com>
> Cc: Phoebe Dauz <pk@kozlawfirm.com>; Juan Aragon <juan@fairlawattorney.com>; Katie Schickman <katie@fairlawattorney.com>
> Subject: Michaels vs. SeaWater Pro and Spanos - Authorization to Meet/Speak with Mr. Spanos (Directly - and w/o me)
>
> Good Morning, Elliot and Dillon,
>
> My client, Mike Spanos, has asked me to allow you to speak directly with him to discuss and negotiate a potential resolution of this case.
>
> Please consider this email as my authorization to meet and/or speak with Mr. Spanos directly (even without me participating) to this end.
>
> Mr. Spanos would like to meet with you in your office. I have copied him on this email so you can go ahead and coordinate with him.
>
> Best regards,
>
> Brian H. Pollock, Esq. | Managing Attorney
> FairLaw Firm
> Dir: 305.230.4822
> Ofc: 305.230.4884
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> brian@fairlawattorney.com

**9.** I responded with the following email indicating we did not want to meet with Spanos in person given our health, welfare and safety could be compromised; Pollock then informed Spanos we refused to meet in person. Spanos then called Kozolchyk and myself to discuss settlement, and made additional threats against Kozolchyk including "whatever door you open, someone will be on the other side". Spanos then wrote back (*see below*) with additional indirect threats, hinting that "it's a matter of time before our paths cross" and "let's see who has more to lose".

[*Continued to Next Page*]

3

**Re: Michaels vs. SeaWater Pro and Spanos - Authorization to Meet/Speak with Mr. Spanos (Directly - and w/o me)**

Mike Spanos <mike85233@gmail.com>
To: Brian Pollock; Dillon Cuthbertson
Wed 10/1/2025 7:23 PM

You forwarded this message on 10/1/2025 7:28 PM.
If there are problems with how this message is displayed, click here to view it in a web browser.

We are neighbors, I am less than 3 mi away, it's a matter of time before our paths cross. I made them my final offer which is $100,000 over 18 months.

At this time I don't give a shit if they take the offer or not.
I think Mr.Koz enjoys a good fight and so do I.

My good friend Elliot is about to make it personal, let's see who has more to lose.


Regards
Mike Spanos


On Wed, Oct 1, 2025, 6:50 PM Brian Pollock <brian@fairlawattorney.com> wrote:
> Mike
>
> They don't want to meet with you in person,
>
> Brian H. Pollock, Esq. | Managing Attorney
> FairLaw Firm
> Dir: 305.230.4822
> Ofc: 305.230.4884
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> brian@fairlawattorney.com
>
>> Begin forwarded message:
>>
>> **From:** Dillon Cuthbertson <dc@kozlawfirm.com>
>> **Subject: RE: Michaels vs. SeaWater Pro and Spanos - Authorization to Meet/Speak with Mr. Spanos (Directly - and w/o me)**
>> **Date:** October 1, 2025 at 1:02:04 PM EDT
>> **To:** "Brian H. Pollock" <brian@fairlawattorney.com>
>> **Cc:** Phoebe Dauz <pk@kozlawfirm.com>, Juan Aragon <juan@fairlawattorney.com>, Katie Schickman <katie@fairlawattorney.com>, Elliot Kozolchyk <ekoz@kozlawfirm.com>
>>
>> Hi Brian,
>>
>> I don't see that you CC'd Mr. Spanos in the email to us, so I will just respond to you.
>> We do not believe it's in our best interest – that being our health, welfare and safety, given the threats made by Mr. Spanos against us – to meet with him in person, understandably. Instead, I would be happy to schedule a call with him (with you or without you, that's ya'll's call) this coming Friday.
>>
>> Regardless, we still have the Stip due today. Please let me know whether you have additional changes.
>>
>> Thank You,
>>
>> **KOZLAW**
>> LABOR AND EMPLOYMENT LITIGATION
>> Dillon Cuthbertson / Attorney
>> e: dc@kozlawfirm.com  t: 786.924.9929  f: 786.358.6071
>> a: 800 East Cypress Creek Road Suite 421, Fort Lauderdale, FL 33334

4

10.     The following day, on October 2, 2025, Kozolchyk emailed Spanos a rejection of Spanos' offer, and giving him Michaels' offer. Spanos wrote back about an hour later indicating he accepted if "1. You will be present with your flaming Democrat skinny boyfriend at the signing so you can look me in the eye as I'm signing the extortion agreement. [and] 2. I will wait until after the court on the 17th of this month to see what happens."



[*Continued to Next Page*]

5

**11.** The same day, Plaintiff rejected Spanos' counter, and Spanos replied with a litany of homophobic slurs, wrapped in sarcasm and condescension.



*[Continued to Next Page]*

6

12. On November 12, 2025, following final negotiations of a written agreement, Spanos emailed indicating the following:



13. On December 3, 2025, before the Status conference began, while inside Judge Augustin-Birch's courtroom, and in the presence of the Clerk, United States Marshall, myself, Kozolchyk and Pollock, Spanos verbally called across the courtroom to Kozolchyk that he was a "fat fuck" and "ass hole". Following the hearing in the presence of the same individuals, Spanos again went after Kozolchyk from across the courtroom indicating "Koz, what are you going to do Koz", and was told by the Marshall to leave the courtroom in that instant.

14. Needless to say, I have reservations about my own, as well as Michaels and Kozolchyk health, welfare and safety attending trial scheduled for February 23, 2025, without some protective order in place from the Court, based on Spanos' behavior.

15. My current hourly rate is $375.00.

16. In the Southern District of Florida, I have been previously awarded:
    A. $400 per hour; *See Alicia, et al. v. Peter's Plumbing, Inc., et al.* Case No. 23-cv-60184-REID; and
    B. Before this Court, $250 per hour; *See Leon, et al. v. Grass Roots Complete LLC, et al.,* Case No. 24-cv-60474-AUGUSTIN-BIRCH[1].

17. I have significant experience in FLSA cases, having been:
    A. Lead Trial Counsel in the jury trial in the Southern District of Florida of *Oliver v. Community Comfort Care Incorporated et al.,* Case No. 24-cv-60812-HUNT;
    B. Co-Counsel in the jury trials in the Southern District of Florida of *Forbes v. Britts Bow Boutique, Inc. et al.,* Case No. 23-cv-23216-BLOOM, and *Lipscomb v. Rocky's Roofing Co., Inc. et al.,* Case No. 24-cv-62072-COHN;
    C. Co-Counsel in the bench trial in the Southern District of Florida of *Caron v. Unlimited Health Care Services, Inc., et al.,* Case No. 24-cv-60506-DIMITROULEAS;

---

[1] February 25, 2025; DE 89, p. 5 ¶ 1 "Attorney Cuthbertson has provided no information to assist this Court in determining his reasonable hourly rate. For the purpose of ruling on the Motion for Sanctions, the Court will utilize $250 as a reasonable hourly rate for Attorney Cuthbertson".

  D.  Lead Appellate Counsel in the Eleventh Circuit appeal of *Byrne v. Goodwill South Florida TEP, LLC,* Case No. 25-12995-CC;

  E.  Appellate Co-Counsel in the Eleventh Circuit appeals of: *Hearns v. MEJ Plumbing, LLC, et al,* Case No. 24-12551-JJ; *Keefe v. Britt's Bow Wow Boutique, Inc., et al.,* Case No. 23-14024-CC and related Case No. 24-11252-CC; and

  F.  Lead Trial Counsel in the Adversary Proceeding in the Southern District of Florida Bankruptcy Court involving a thoroughly litigated FLSA action: *In Re Restaurant Life LLC,* Case No. 24-20485-RUSSIN and Adversary Case No. 24-01423.

  G.  Co-Counsel in FLSA cases in Arbitration before the American Arbitration Association, Final Hearings including: *Gad v. Health Insurance Alliance, LLC, et al.* AAA No. 01-24-0002-5241 and *Guerin v. Health Insurance Alliance, LLC, et al.* AAA No. 01-24-0002-5245.

**18.** I joined Koz Law, P.A., on August 5, 2024, with over a decade of wisdom, experience and mastery negotiation working for the oldest and most prestigious firms on Wall Street including Merrill Lynch and Northwestern Mutual as a Financial Advisor, licensed through the Financial Industry Regulatory Authority (FINRA) and the Securities and Exchange Commission (SEC). During my time at Merrill Lynch, I conducted complex financial analysis for individuals, corporations and charitable organizations while collaborating with Merrill Lynch Trust Co. and U.S. Trust to facilitate collateralized lending and funding. At Northwestern Mutual, I was one of three individuals who lead a groundbreaking national pilot program, which offered life insurance to individuals living with HIV. This initiative overcame substantial underwriting barriers related to pre-existing conditions, significantly advancing the development and rocketing the progress of the highly regulated insurance industry. My extensive background in finance is directly relevant to FLSA cases, where in this case particularly, the extremely complicated non-compensation structure of Ms. Michaels required a complete and extensive forensic examination of day-by-day hours worked, hours underreported, and the largely variable and unreliable accounting practices the Defendants. Without my experience in deep and thorough forensic finance, Ms. Michaels' claim would have been significantly difficult to calculate based on the Defendants' business practices.

**19**. Before my tenure at Merrill Lynch and Northwestern Mutual, I graduated Cum Laude from Florida State University with a Bachelor of Arts in International Affairs in 2006. I went on to earn my Juris Doctor from New England School of Law, where I made Dean's List in 2008-2009. During my time in Boston, I worked with Insight Partners and Insight Collaborative, while completing an intensive program in Negotiation with instructors from Harvard Law School. I left Boston in 2010 for South Florida, after co-authoring fact-intensive case studies to train the newly formed mediation courts in Cambodia. My deep and through training, connection, and experience with negotiation, have all been present in Michaels' case, however unfortunate given the Defendant's own improper and discourteous behavior.

**20.** Given the foregoing, my hourly rate of $375 is proper. The Court's award of $250 was approximately 9 months ago, when no information was provided to assist the Court in making a determination of my hourly rate, and well before the trials in *Oliver, Lipscomb* and *Caron*, the Eleventh Circuit appeals of *Byrne, and Hearns*, the Adversary Proceeding of FLSA action in

Bankruptcy *In Re Restaurant Life*, and the arbitrations of *Gad* and *Guerin* referenced in ¶ 14 above.

      I declare under the penalty of perjury under 28 U.S. Code § 1746 the foregoing is true and correct to the best of my knowledge and belief.

_____
DILLON S. CUTHBERTSON

Dated this 10th day of December, 2025.