UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60984-AUGUSTIN-BIRCH [*CONSENT CASE*]

MELINDA MICHAELS,

    Plaintiff,
v.

SEAWATER PRO LLC AND
MICHAEL SPANOS,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTION FOR SANCTIONS
AGAINST MICHAEL SPANOS AND REQUEST FOR PROTECTIVE ORDER**

Defendants, Seawater Pro LLC and Michael Spanos, through their undersigned counsel and pursuant to Fed. R. Civ. P. 12, Local Rule 7.1, and other applicable Rules and laws, request the Court to extend the deadline to respond to the Motion for Sanctions Against Michael Spanos and Request for protective Order [ECF No. 95] ("the Motion") based on the following good cause:

1. The Plaintiff filed the Motion seeking sanctions against Mr. Spanos for name-calling and requesting a protective order to separate the parties during entry and exit to the courthouse.

2. The deadline to respond to the Motion is December 26, 2025.

*3.* Due to the press of business, commitments in other matters, a pre-planned vacation (where the undersigned has be out of the jurisdiction from December 19-26, 2025), and commitments in other matters requiring extended briefing over the last two weeks (*i.e.*, responding to three of the five motions for summary judgment filed in *B.F., et al. vs. Santa Rosa School Bd., et al.*, N.D. Fla. Case No. 3:23-CV-03903-MW-ZCB which were due December 24, 2025), the

undersigned counsel for the Defendants has been unable to conduct the legal research necessary and to draft the Response in opposition by the deadline established by the Rules.

4. Defendants thus request that the Court enter an Order extending the deadline to respond by two weeks, so <u>the new deadline will be January 9, 2026</u>.

5. Granting two-week extension of time to respond will not impact the trial of this case, the parties' preparations, nor any other deadlines or procedural matters in this case.

6. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

7. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

8. The undersigned counsel for the Defendants requested the Plaintiff's position on the extension in an email sent on December 25, 2025, but to date no response has been received.

9. Accordingly, Defendants respectfully request the Court grant the extension requested above.

WHEREFORE Defendants, Seawater Pro LLC and Michael Spanos, respectfully request the Court to grant the relief requested herein by extending the deadline respond to the Motion [ECF No. 95] by two weeks from December 26, 2025, so the new deadline to respond will be January 9, 2026, based on the good cause shown.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant attempted to confer with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion by sending an email to Plaintiff's counsel on December 25, 2025, but did not receive a response to it as of the filing of this Motio for Extension. Therefore, the Plaintiff has neither agreed to nor refused to agree to the relief requested above.

        FAIRLAW FIRM
        *Defense Counsel*

        *s/*Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.

Respectfully submitted this 26th day of December 2025,

        Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:   305.230.4884
        *Defense Counsel*