**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ADMINISTRATIVE ORDER 2024-40**
**CASE NO. 20-MC-21879**

IN RE:  ELLIOT ARI KOZOLCHYK
       FLORIDA BAR # 74791

_____/

FILED BY ____tah____ D.C.
Jun 4, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER ON FINAL SUPPLEMENTAL REPORT AND RECOMMENDATION

On October 28, 2022, following a regularly scheduled Judges' Meeting, the Court adopted the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance's Final Report and Recommendation of attorney Elliot Ari Kozolchyk, initiated by a letter of referral to the Committee from then-Chief Judge Moore.  (*See* Administrative Order 2022-94 [ECF No. 12]). The Order imposed certain obligations upon Mr. Kozolchyk, one which required a lengthy reporting requirement to the Committee:

> For a period of 12 months from entry of this Order, Mr. Kozolchyk must self-report to the Committee within 72 business hours of the entry of any order or court filing by opposing counsel alleging, describing, or relating to any problematic or unprofessional conduct by Mr. Kozolchyk.

(*Id.* ¶ 2).

In a Committee Report [ECF No. 13] filed on March 1, 2023, the Committee informed the Court that Mr. Kozolchyk had complied with the Order.  Following that Report, the Committee was made aware that Mr. Kozolchyk failed to properly and timely self-report, and it required Mr. Kozolchyk to appear for a hearing before the Committee on November 20, 2023.  After the hearing, on December 15, 2023, the Committee issued a Proposed Supplemental Report and

Recommendation [ECF No. 15] giving Mr. Kozolchyk 14 days to respond in accordance with Rule 6(c)(2)(B)(ii) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Local Rules of the United States District Court for the Southern District of Florida. Mr. Kozolchyk filed a Response [ECF No. 16], and the Committee submitted a Final Supplemental Report and Recommendation [ECF No. 17] on January 25, 2024.

An Order to Show Cause [ECF No. 18] was issued on January 25, 2024, giving Mr. Kozolchyk an opportunity to respond to the Final Supplemental Report and Recommendation. Mr. Kozolchyk filed a Response [ECF No. 19] on February 12, 2024, accepting the Committee's findings and recommendations.

In accordance with Rule 6(c)(2)(B)(v), the undersigned submitted this matter to the Court for its consideration at a regularly scheduled Judges' Meeting held on May 16, 2024. Upon review of the Final Supplemental Report and Recommendation, by unanimous vote of all District Judges and Senior Judges eligible to vote in attendance at the meeting, the Court approved and adopted the Committee's Final Supplemental Report and Recommendation in full.

Given this background, in accordance with Rule 6(c)(2)(B)(v) and the Court's inherent power to regulate membership in its bar for the protection of the public interest, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it." (alteration added)),

**IT IS ORDERED** that the Committee's Final Supplemental Report and Recommendation is **ADOPTED**, and the matter is **CLOSED**.

**IT IS FURTHER ORDERED**, consistent with the Final Supplemental Report and Recommendation, as follows:

1. Mr. Kozolchyk is to be publicly reprimanded for his repeated failures to comply with the Court's October 28, 2022 Order. Mr. Kozolchyk shall appear before the Chief Judge on a date and time set by the Court to receive the reprimand.

2. For a period of 24 months, *nunc pro tunc* to October 29, 2023, Mr. Kozolchyk must self-report to the Committee within 3 business days of the entry of any order describing or relating to any problematic or unprofessional conduct by Mr. Kozolchyk. A monthly report should also be provided to the Committee to ensure that no disclosures have been missed and if so, an explanation should be provided concerning why the deadline was missed. When Mr. Kozolchyk is traveling or on vacation, such that he cannot fulfill the notification requirements of this section, he is required to so inform the Committee in advance by requesting that the time frame for reporting commence upon his return. At the request of the Committee, Mr. Kozolchyk shall appear before the Committee to answer questions regarding his compliance with this section. At the end of 12 months, the Committee may recommend that the reporting requirements be modified, be discontinued, or be extended.

3. Within 45 days of this Order, Mr. Kozolchyk shall, at his cost, sign up and take part in The Florida Bar's Diversion/Discipline Consultation Service ("DDCS"), which conducts administrative management reviews of law office processes and procedures as directed by a grievance committee. Once retained, DDCS should communicate with the Committee so DDCS can fully understand the concerns of the Committee. The DDCS report shall be submitted to the Committee upon completion, and the Committee may make such other recommendations to the Court as it may determine to be necessary and beneficial to Mr.

Kozolchyk's practice in this District.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of June, 2024.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

Copies furnished as follows:
c: All South Florida Eleventh Circuit Court of Appeals Judges
All Southern District of Florida District Judges, Bankruptcy Judges, and Magistrate Judges
United States Attorney
Circuit Executive
Federal Public Defender
Clerks of Court – District, Bankruptcy, and 11th Circuit
Florida Bar and National Lawyer Regulatory Data Bank
Library
William C. Hearon, Chair, Ad Hoc Committee on Attorney Admissions, Peer Review,
    and Attorney Grievance
David B. Rothman, Counsel for Elliot Ari Kozolchyk
Elliot Ari Kozolchyk