# Supreme Court of Florida

THURSDAY, JULY 10, 2025

| | |
|---|---|
| The Florida Bar, | **SC2024-1691** |
| Complainant(s) | Lower Tribunal No(s).: |
| v. | 2023-50,298(17J) |
| Elliot Ari Kozolchyk, | |
| Respondent(s) | |

The Court hereby approves the conditional guilty plea and consent judgment for discipline under the stipulated terms below.

### Stipulation

Respondent is directed to receive a public reprimand to be administered by appearance before the Referee, following the Court's order approving this consent judgment;

Respondent must attend the Professionalism Workshop, in person where scheduled by the bar, within 6 months of the order approving this consent judgment and pay associated fees totaling $750.00 before attendance.

Payment of the disciplinary costs in this matter.

The respondent will be placed on probation for one (1) year and must comply with the following conditions of probation:

  a. Respondent will be placed on probation for one (1) year and must comply with the following conditions of probation:
     i. Respondent must continue to fully comply with the conditions of his agreement with the Ad Hoc Committee of the SDFL (hereafter referred to as Committee) as set forth in its March 4, 2025

**CASE NO.: SC2024-1691**
Page Two

      directive (hereafter referred to as Ad Hoc Agreement).
  ii. During the probation period, respondent will continue to have his work supervised by his attorney, David Rothman, under the terms set forth in the Ad Hoc Agreement.
  iii. Respondent must submit quarterly reports to The Florida Bar's headquarters office, with documentation of his compliance, within fifteen (15) days of the end of each quarter (March 31, June 30, September 30, and December 31).
  iv. Respondent's documentation will include his affidavit and that of his supervising attorney
  v. Respondent will pay a quarterly monitoring fee of $100.00 to The Florida Bar at its headquarters office in Tallahassee no later than the end of each respective quarter in which the monitoring fee is due.
  vi. Respondent must timely notify the bar of any noncompliance with Ad Hoc Agreement, the terms of which follow below:
   1. Mr. Kozolchyk must continue to comply with all provisions of Paragraph 2 of SDFL Administrative Order 2024-40 through the period outlined therein. This specifically includes, but is not limited to, the provision regarding the sending of "monthly" reports to the Committee, which it does appear that he has done every month in the past.
   2. Within 45 days of acceptance of the Ad Hoc Agreement, Mr. Kozolchyk was required to take two CLE courses on ethics in billing and he was required to have the one attorney employed in his office take one course on ethics in billing within the same time period.

**CASE NO.: SC2024-1691**
Page Three

    a. Mr. Kozolchyk has taken two courses, one of which has been approved by the Committee as required and the other is pending approval by the Committee but has been approved by The Florida Bar.

    b. His associate attorney has taken the one course and proof was submitted to the Committee.

3. Within 15 days of acceptance, respondent was required to, and he did provide copies of Administrative Orders 2024-40 and 2022-94 to the one counsel employed in his office, and an acknowledgement by that attorney that he has been provided with copies of the orders and read them, have been submitted to the Committee.

4. Before submitting any motions for fees to any Court in any cases for which there is not an agreement with opposing counsel as to the amount of the fees sought, respondent shall follow the following procedure:

    a. On a monthly (or if at least 10 bills have been prepared for filing, bi-weekly basis), respondent shall provide his counsel, David Rothman, with each original bill prepared, which bill reflects all of his firm's recorded time on that case for the time period indicated, as well as a modified second bill for that case and time period, which second bill shall reflect the reduction that respondent has made to his firm's time, with the intention of submitting the second version as the basis for his motion for fees. Respondent shall discuss with Mr. Rothman the nature of the tasks

CASE NO.: SC2024-1691
Page Four

    performed and the number of hours billed. Mr. Rothman shall select five (5) bills from those submitted, shall provide guidance on the reasonableness of the hours billed and fees sought, and shall approve or disapprove of the number of hours to be billed (in the modified second bills) given the tasks performed. No motion for fees, based upon Mr. Rothman's review of the selected five (5) bills, shall be submitted without Mr. Rothman's approval. In the event Mr. Rothman determines that one or more of the bills reviewed requires more than minimal reductions, Mr. Rothman shall review the remainder of the bills for that month. In that event, no motion for fees, based on Mr. Rothman's review of the selected bills, shall be submitted that month without Mr. Rothman's approval.

b. Each month respondent shall provide to the Committee a list of bills submitted to Mr. Rothman for his review, and which bills were reviewed by Mr. Rothman. Should Mr. Rothman not want to serve in the capacity described above, respondent shall submit to the Committee the name(s) of alternative counsel who would be proposed to serve in that capacity. Alternative counsel shall be subject to Committee approval. Submitting any motion for fees based on bills that have been rejected or questioned (without resolution) by Mr. Rothman or the alternate approved counsel shall be considered a violation of this agreement.

**CASE NO.: SC2024-1691**
Page Five

    c. Respondent shall provide copies of time records to support his claim for fees to opposing counsel within a reasonable amount of time prior to any hearing on any and all motions for fees he may file.

    d. Respondent agrees to voluntarily limit the number of monthly billable hours for which his firm seeks to recover and submits to the court for approval (regardless of whether the amount is contested or not) to no more than 240 hours for respondent's time, and no more than 200 hours for each other attorney working in his office. On a monthly basis, beginning with all bills submitted on or after January 1, 2025, respondent shall provide the Committee with the number of billed hours attributable to each month for him and each counsel for which he has sought to recover and has submitted to the court for approval a request for fees (including settlements which include fees, regardless of whether the amount is contested by opposing counsel or not) for each case. The aggregate number of billed hours attributable to each month shall be updated monthly as more cases, and thus the total amount of fees sought, are submitted to the court for approval. By way of example, if ten bills are submitted for approval in the month of January 2025, and in the aggregate they had 30 hours among them for work performed and billed for November 2024, that amount would be added in subsequent

**CASE NO.: SC2024-1691**
Page Six

      months to the number of hours for work performed and billed for November 2024 in the newly tendered bills in order to arrive at a running, aggregate total. The Committee reserves the right to request a list from respondent showing the amounts of and percentage reductions in the bills reviewed by Mr. Rothman set forth in Paragraph 5 and reserves the right to request an affidavit from respondent attesting to the accuracy of the disclosed hours in Paragraph 5 and Paragraph 7.
   e. Respondent has agreed to not bill any time nor seek fees for any deposition preparation until after the deposition for which fees are sought has been set and noticed.

5. Respondent has agreed and consented to a motion filed by the Committee to have until January 31, 2026, to file its Final Supplemental Report to the Court.
6. Respondent has acknowledged that he understands a violation of this agreement will result in the Committee filing a Proposed Report and Recommendation that may recommend Court discipline/sanctions.
7. Respondent acknowledges that nothing in the agreement shall impair the Committee's authorizations as set forth in Administrative Order 2024-40, including but not limited to the Committee's authorization to make other recommendations to the Court based upon or

**CASE NO.: SC2024-1691**
Page Seven

arising out of new disclosures or court orders, and in no way limits the Committee's responsibilities to investigate any new referrals concerning respondent that the Committee may receive.

The respondent's noncompliance with any requirement is cause for contempt and additional disciplinary measures.

Respondent is further directed to comply with all other terms and conditions set forth in the consent judgment.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Elliot Ari Kozolchyk in the amount of $1,539.75, for which sum let execution issue. These disciplinary costs are not dischargeable in any future proceedings, including, but not limited to, a petition for bankruptcy. Respondent will be delinquent and ineligible to practice law if respondent does not satisfy the cost judgment within 30 days of this order, unless The Florida Bar Board of Governors defers payment.

Not final until time expires to file motion for rehearing and, if filed, determined.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

A True Copy
Test:

SC2024-1691 7/10/2025

John A. Tomasino
Clerk, Supreme Court
SC2024-1691 7/10/2025



**CASE NO.: SC2024-1691**
Page Eight


AS

Served:

HON. M. KATHERINE MULLINAX
DAVID BILL ROTHMAN
PATRICIA ANN TORO SAVITZ
TRACY LEE SORCEK