UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984- Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

   Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

   Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
*NUNC PRO TUNC*,
TO FILE REPLY IN SUPPORT OF MOTION TO FOR SANCTIONS
AGAINST DEFENDANT MICHAEL SPANOS,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff MELINDA MICHAELS, through the undersigned counsel respectfully requests the Court Grant Plaintiff a two week extension *nunc pro tunc* through Friday, January 30, 2026, to file her Reply in Support of her Motion for Sanctions against Defendant Michael Spanos (ECF No. 95), and in support Plaintiff states the following:

1. On Friday, January 9, 2026 at 9:22 p.m., Defendants filed their Response to Plaintiff's Motion for Sanctions (ECF No. 101).

2. Beginning on Monday, January 12, 2026 through Thursday, January 15, 2026, the undersigned was in trial the Honorable Edwin Torres in Miami in the case of *Reyes v. Re & FA, LLC et al.,* Case No. 24-cv-20043.

3. Plaintiff's Reply was due on January 16, 2026, however on January 16, 2026, the undersigned counsel discovered that his father had suffered a cardiac event, was in a coma and on

1

life support in Asheville, NC, rendering counsel unavailable to respond to the motion, and requiring him to travel to NC, where he is currently.

8. The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting Pioneer Inv. Servs. Co.) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.[Emphasis added]. *Maixner v. United States*, 2007 U.S. Dist. LEXIS 91983, 6-7 (M.D. Fla. Dec. 14, 2007).

9. The Eleventh Circuit has a "strong policy of resolving issues on the merits, rather than on procedural technicalities." Vargas v. Colvin, No. 14-20133-CR, 2014 WL 6384150, at *6 (S.D. Fla. Oct. 28, 2014)(citing Whitehead v. School Board for Hillsborough County, 932 F.Supp. 1396, 1397 (M.D.Fla.1996)), report and recommendation adopted sub nom. Vargas ex rel. Acosta v. Colvin, No. 14-CIV-20133, 2014 WL 6455366 (S.D. Fla. Nov. 13, 2014).

10. "A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case." *Mitchell v. Overman*, 103 U.S. 62, 65, 26 L. Ed. 369 (1880).

11. Plaintiff will be severely prejudiced should Plaintiff's reply to Defendants' response not be allowed out of time, as there remain outstanding issues to be addressed that were raised by Defendants.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff two weeks through Friday, January 30, 2026, to file her Reply *nunc pro tunc*.

        Respectfully submitted,

        Koz Law, P.A.
        800 East Cypress Creek Road Suite 421
        Fort Lauderdale, Florida 33334
        Tel:   (786) 924-9929
        Fax:  (786) 358-6071
        Email: dc@kozlawfirm.com

        */s/ Dillon S. Cuthbertson*
        Dillon S. Cuthbertson
        Florida Bar No. 1056382

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant conferred with Defendants' counsel on January 19, 2026, and Defendants DO NOT OPPOSE the relief sought herein.

        */s/ Dillon S. Cuthbertson*
        Dillon S. Cuthbertson