UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60984- Augustin-Birch

[*Consent Case*]

MELINDA MICHAELS,

    Plaintiff,

v.

SEAWATER PRO LLC, and
MICHAEL SPANOS A/K/A MIKE SPANOS,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT
MICHAEL SPANOS AND REQUEST FOR PROTECTIVE ORDER**

    Plaintiff Melinda Michaels ("Michaels"), by and through HER undersigned counsel, replies in support of her Motion for Sanctions against Defendant Michael Spanos (DE 95)(the "Motion"), respectfully request the Court grant Plaintiff and her Counsel protective order, and in support states the following:

    Defendants' response to Plaintiff's Motion is the ultimate exercise in deflection, pivoting, and crafted attempts to validate the egregious behavior of Mr. Spanos throughout the present litigation. Even more troubling, Defendants' counsel Brian Pollock personally witnessed at least three of Mr. Spanos's episodes including the deposition, in-court harassment, and email assaults. Nevertheless, the response was authored by counsel Brooks LaRou, who parted ways with Defendants' counsel's firm during the bulk of the litigation, and only reappeared on the date Defendants' response was filed (DE 100). As a result, Defendants, through counsel LaRou, now characterize these events as merely "alleged" (DE 101 p.1 ¶ 1), despite the fact that they were

1

directly observed by counsel Pollock and could not be disputed had counsel Pollock authored the response himself.

Defendants devote substantial portions of their response to deflecting from the real issues raised in the Motion, instead engaging in an ineffective smear campaign directed broadly at "Plaintiff's counsel," (*Id.* p. 4 ¶ 1) without identifying Plaintiff's attorney, Elliot Kozolchyk, by name, and attempting to portray Mr. Spanos's purportedly "reactive" conduct as justifiable. Defendants intentionally omit any reference to counsel Cuthbertson because there was no interaction between counsel Cuthbertson and Mr. Spanos that could plausibly justify Mr. Spanos's misconduct. Defendants remain conspicuously silent as to the following: (1) counsel Cuthbertson conducted Mr. Spanos's deposition in the absence of attorney Kozolchyk, during which Mr. Spanos issued threats of bodily harm (DE 95-1 ¶ 6); (2) Mr. Spanos directed a litany of hate slurs at counsel Cuthbertson via phone and email (*Id.* ¶ 9-11); and meanwhile, (3) counsel Cuthbertson has never been sanctioned by this Court. Defendants instead deploy counsel Kozolchyk as a convenient pawn to manufacture a post hoc justification for Mr. Spanos's misconduct. In reality, it was counsel Cuthbertson, whose conduct has been consistently professional and never sanctioned by this Court, who was present for the majority of Defendants' unacceptable, threatening, and fear-inducing episodes, further cementing that Mr. Spanos's assaultive behavior cannot be excused by a general reference to "Plaintiff's counsel". Even worse, Defendants ask the Court to "carefully assess the weight and reliability of the evidence offered in support of the requested protective relief," citing the "declarations" submitted by "Plaintiff's counsel" (DE 101 ¶ 2). In doing so, Defendants again willfully misrepresent that counsel Cuthbertson has a history of professional discipline, an assertion that is wholly untrue, and invite the Court to falsely conflate another attorney's disciplinary record with counsel Cuthbertson's credibility. This implication is

particularly improper given that counsel Cuthbertson was not even practicing law in Florida during the time period referenced by Defendants. Rather than acknowledging their own misconduct, Defendants instead resort to this transparent and patently contrived defense seeking to manipulate the court into excusing their improper, threatening, and fear-inducing behavior. Their calculated maneuvering exposes an unmistakable and truly profound disregard for the integrity of these proceedings.

### A. SANCTIONS

Defendants misguide the Court through their improper interpretations of caselaw. In *Chambers*, the court properly highlighted it has the power to manage its own affairs to achieve the **orderly** and expedition disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. at 43 (1991). Defendants micharacterize what *Chambers* actually stands for, as fraud is only one example of abuses of process occurring beyond the courtroom, not the exclusive category. Here, the Court need not infer on the intent of the Defendant, as Mr. Spanos states it himself. Additionally, the abuse here is not delay, it is the attempt of Defendant Spanos to intimidate and influence the litigation in his favor, through his threats and assaultive language. In *Chambers*, the court found that the party may be sanctioned for abuses of process occurring beyond the courtroom, and sanctions were upheld because the actions were intentional, not negligent, had no legitimate purpose, and were designed to obstruct and harass. *Id* at 57. Threats of violence, onslaughts of harassing statements, and homophobic hate slurs have been placed in writing, been made over the phone, and spoken in open court by Defendant Spanos beginning in January 2025 and carrying through December 2025. In *Purchasing Power*, the Court held that negligent conduct by **counsel**, by itself, does not warrant sanctions under a court's inherent powers. *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218 (11th Cir. 2017). However, Plaintiff is not arguing that

3

Defendants' counsel was negligent in their own conduct, but rather the **Defendant** himself acted in a deliberate manner to intimidate and threaten Plaintiff's counsel. In *Byrne*, the Eleventh Circuit overturned the court's previous imposition of sanctions on Plaintiff for knowing her claim was frivolous because she was unaware of the actual meaning of the word racketeering. *Byrne v. Nezhhat*, 261 F. 3d 1124 (11th Cir. 2001). While the court found that Plaintiff did not act in bad faith, they found Plaintiff's counsel acted in bad faith in part because their conduct was "unethical" and "malicious and harassing." *Id.* at 1116.(holding that Plaintiffs filings were in bad faith because they were done knowingly and intentionally and only served the purpose of harassment). Here, Defendant Spanos cannot argue that he was unaware of the serious nature of his comments and episodes, and that his behavior would undoubtably be considered unethical, malicious, and harassing. On the contrary, Mr. Spanos' behavior indicates an explicit intention to harass and intimidate. Most importantly in *Chambers, Purchasing Power,* and *Byrne*, none say that **only** fraud or pleading abuse qualifies as acting in bad faith. The question is whether the conduct is so **egregious** it could only be committed in bad faith and whether it abuses the judicial process, including the safety of all parties and orderly proceedings.

In *Hyde v. Irish*, the dispute involved whether attorneys' litigation positions justified inherent-power sanctions. 962 F.3d 1308 (11th Cir. 2020). Defendants mischaracterize the holding as limited to sanctioning attorneys for conflating recklessness with bad faith, however, the subjective bad faith required by *Hyde* is shown here throughout the language of the defendant himself, "I will kick the shit out of him," "whatever door you open, someone will be on the other side" (DE 95-1 ¶ 6, 9-11), repeated slurs and harassment, and courtroom outbursts requiring the Marshal's intervention, done for the express purpose of intimidation, coercion and deterrence of Plaintiff's counsel's advocacy through invoking fear.

4

Defendants cite to *Barnes v. Dalton*, downplaying Mr. Spanos' behavior as simply "ill-tempered", not "egregious misconduct such as delaying or disrupting the litigation or hampering enforcement of a court order" (DE 101 ¶ 2). 158 F.3d 1214 (11th Cir. 1998). Defendants would have the Court believe that threats of physical violence, hate speech, and Marshal intervention is not egregious. Similarly, Defendants cite *Pendlebury* where the court declined sanctions as counsel's deposition remarks were "regrettable" but did not prevent completion or frustrate an examination. *Pendlebury v. Starbucks Coffee Co.,* 2006 U.S. Dist. LEXIS 112210, at 1 (S.D. Fla. Dec. 27 2006). In *Pendlebury*, the exact language used was asking the deponent to "make one up" and stated that "I don't believe you" with an aggressive tone. *Id* at 3-4. Here, Mr. Spanos conduct is not merely rude deposition commentary, it includes sexual harassment of the party, explicit threats of violence, intimidation tied to the litigation, and courtroom outbursts requiring Marshal intervention. This is beyond *Pendlebury's* scope. In *Germany v. City of Huntsville*, the pro se plaintiff left a voicemail threating to defame opposing counsel's law firm, and the court found that the District Court acted within its authority to manage the proceedings, **not** that it would have been improper to issue sanctions. 2024 U.S. App. LEXIS 772, at 12-13 (11th Cir. 2024). In contrast to the **one** threat made by plaintiff in *Germany*, Defendant Spanos has engaged in an escalating pattern of threats, intimidation, and harassment, including threats witnessed by the court.

### B. PROTECTIVE ORDER

Defendants argue that Plaintiff's request for protective order is meritless citing the factors from *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). Plaintiff can easily satisfy each factor given Defendant Spanos' behavior:

(1) *the severity and likelihood of the perceived harm:* Plaintiff's counsel Cuthbertson has been in immediate apprehension of harm, and has subsequently been carrying a firearm to/from

5

work and home, since the threats made against him by Defendant Spanos of imminent bodily harm where Spanos indicated "it's a matter of time until our paths cross" and "whatever door you open, someone will be on the other side" and "lets see who has more to lose" (DE 95 ¶ 7, 9-13). Counsel Cuthbertson even made his apprehension apparent to Defense counsel in an email on October 1, 2025, indicating "we do not believe it's in our best interest – that being our health, welfare and safety, given the threats made by Mr. Spanos against us – to meet with him in person, understandably" (*Id.* ¶ 9).

(2) *the precision with which the proposed order is drawn:* Plaintiff's requests are precise and specific based on the in-person risks of encountering Mr. Spanos outside of the protections of open-court, who's behavior has escalated from verbal assault and harassment, into threats of physical violence.

(3) *the availability of less onerous alternatives, and the duration of the requested measures:* there is no less onerous alternative other than to shield Plaintiff and her counsel from additional harassment, intimidation, and threats from Mr. Spanos, by preventing direct communication from Mr. Spanos, and limiting his in-person exposure to/from the courthouse. Similarly, the duration of the protective order should be through the pendency of litigation and trial, where trial is imminent in one month.

Defendants quote *Cipollone* for the proposition that "broad allegations of harm" without specifics do not establish cause, which is generally true, but here where Mr. Spanos specifically made threats of harm, which have been documented, is different in this case. Defendants further mischaracterize Plaintiff's evidence by framing it as their own construct of "subjective fear." Plaintiff has submitted a particularized factual record, which includes specific statements, dates, and sworn testimony demonstrating threats, intimidation, and harassment, including misconduct

6

in the courtroom witnesses by court personnel. *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d at 1121 (3d Cir. 1986). Defendants further improperly mischaracterize Plaintiff's request as sweeping, where Plaintiff has plainly shown the demonstrated harm, consistent with the Eleventh Circuit's factors in *Kleiner* and *In re Alexander Grant*, 820 F.2d at 357. Plaintiff has carried her burden to show that justice requires protection from Spanos to prevent additional annoyance, embarrassment, oppression and burden, and to stop unnecessary expense. Furthermore, the need for protection is justified by the threats of violence made by Mr. Spanos.

Perhaps the most troubling and perplexing assertion in Defendants' response is their claim that court intervention is unnecessary now, but could be necessary later, prompting Plaintiff and her counsel to ask: "What will it take?" Defendants contend that "[e]xisting statutes, rules, and the Court's inherent authority are more than sufficient to address any legitimate concerns about decorum or safety *if they arise*" (DE 101 ¶ 1). Yet the need has already arisen, safety is unquestionably at risk, and Defendants' disregard for basic decorum has been completely tossed aside.

Plaintiff therefore respectfully requests the court enter a protective order where (1) Plaintiff and Plaintiff's counsel are to arrive in the Federal Courthouse, located at 299 Broward Boulevard, Ft. Lauderdale, FL, 40 minutes before the Court's call-time, each day of trial. And that Defendant and Defendants' counsel arrive no earlier than 20 minutes before the Court's call-time, each day of trial. (2) Plaintiff and Plaintiff's counsel be dismissed each day of trial with Plaintiff and Plaintiff's counsel leaving the Court first, and Defendants' and Defendants' counsel leaving 20 minutes after. (3) That Defendant Spanos is to have no further direct contact with Plaintiff or Plaintiff's counsel outside of any proceeding, without leave from the Court. (4) Defendants Spanos is to act in a civil manner at all times with regard to this case moving forward. (5) The Court

suspends the application of Local Rule 7.1(a)(3) meet-and-confer negotiations prior to filing motions for the remainder of the case.

The undersigned has expended 1.8 hours on this reply in addition to the already expended 4.1 hours on the motion which has included legal research, preparation of his Declaration, conferring on, and drafting the motion and reply, incurring $2,212.50 in fees.

WHEREFORE, Plaintiff respectfully requests the Court GRANT her Motion for Sanctions against Michael Spanos, enter a Protective Order ensuring protective measures are in place guarding against her and counsel's health, welfare and safety, and grant any other relief deemed just a proper.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, FL 33334
Phone: (786) 924-9929
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382